# **EXHIBIT D**



J. Alex Little  
Zachary C. Lawson  
615.985.8189  
alex@litson.co  
zack@litson.co

May 28, 2024

**VIA EMAIL**

The Honorable Philip Kopczynski
Assistant United States Attorney
Office of the U.S. Attorney
  for the Western District of Washington
700 Stewart Street, Suite 5220
Seattle, WA 98101
philip.kopczynski@usdoj.gov

     Re:   *United States v. Nevin Shetty,* 2:23-CR-84-TL
            Rule 16(b)(1)(C) disclosure: Stuart Weichsel

Dear Counsel:

     Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), the Defendant hereby provides this notice that it intends to call Stuart Weichsel as a witness to provide testimony under Federal Rules of Evidence 702, 703, and 705. Mr. Weichsel's qualifications are set forth in the attached curriculum vitae, which includes all publications of his in the previous ten years and a list of all cases in which he has testified as an expert at trial or by deposition in the previous four years. Mr. Weichsel's opinion is provided in the attached report. While Mr. Weichsel's testimony depends in large part on what the government presents in its case-in-chief, the testimony summaries and opinions below are all within Mr. Weichsel's expertise.

     The Defendant anticipates that Mr. Weichsel will provide testimony regarding the following, as further reflected in his attached report:

1. **How corporations are structured and Fabric's corporate structure.**

   It is anticipated that Mr. Weichsel's testimony will describe the general structure of corporations, including its officers and board of directors. It is anticipated that his testimony will describe Fabric's corporate structure, including its officers and board of directors. It is anticipated that his testimony will describe Defendant Shetty's duties and responsibilities as CFO and Fabric's

1

board's duties and responsibilities.

The basis of his opinions and testimony will be the relevant statutes, regulations, case law, and Fabric corporate documents as well as his experience as a corporate attorney for almost 20 years advising corporate formation, structuring, and investments.

2. **The fiduciary duty corporate officers owe the corporation and liability officers face for the breach of that duty.**

It is anticipated that Mr. Weichsel's testimony will describe the general fiduciary duty Defendant Shetty owed Fabric as CFO and the prudent person standard that governs fiduciary investments. It is anticipated that his testimony will describe the general liability officers face for breach of fiduciary duty. It is likely that his testimony will describe this liability as almost exclusively civil and rarely criminal. It is likely that his testimony will describe the few instances where this liability is criminal, and why Defendant Shetty's conduct falls outside the scope of criminal liability.

As to this topic, Mr. Weichsel will base his opinion and testimony on the same information listed in topic 1.

3. **Fabric's Investment Policy Statement and Treasury Account Agreement with HighTower.**

It is anticipated that Mr. Weichsel's testimony will describe Fabric's Investment Policy Statement and Treasury Account Agreement with HighTower. He may testify about Fabric's lack of board oversight over the investment policy and its exceptions. He may also testify about the documents introduced by the government related to Fabric's investment policy and agreement with HighTower.

In addition to the bases of opinion and testimony listed in topic 1, Mr. Weichsel will rely on Fabric's Investment Policy Statement and Treasury Account Agreement with HighTower.

4. **Mr. Weichsel may testify as a rebuttal witness to the government's expert testimony about any aspect of Fabric's corporate structure, the liability officers face for breach of fiduciary duty, and Fabric's investment policy and agreement with HighTower.**

As to this topic, Mr. Weichsel will base his opinion and testimony on the same information listed in topic 3.

5. **Depending on the government's case-in-chief, Mr. Weichsel may testify about any irregularities in the investigation or manner of enforcement of this case as they relate to corporate law.**

   As to this topic, Mr. Weichsel will base his opinion and testimony on the same information listed in topic 1. In addition, for this testimony, he also will rely on the testimony presented in the government's case.

The Defendant reserves the right to supplement this disclosure in accordance with the Federal Rules.

    Sincerely,

*/s/ J. Alex Little*
J. Alex Little
Zachary C. Lawson
6339 Charlotte Pike Unit C2321
Nashville, TN 37209
alex@litson.co
zack@litson.co

Jeffrey B. Coopersmith, WSBA No. 30954
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Ph: (206) 625-8600 | Fax: (206) 625-0900
jcoopersmith@corrcronin.com

DocuSign Envelope ID: 4FD52CF4-AA5E-499B-A857-CADA251166B1

REPORT OF STUART WEICHSEL
CORPORATE LAW EXPERT

**The roles and duties of corporate officers, specifically Chief Financial Officers like Nevin.**

For officers of a Delaware corporation (and a corporation formed in other US jurisdictions), the role of an officer includes certain explicit or implied duties and powers created by both state and federal statute and case law. (For a "Chief Financial Officer" of a U.S. company with publicly traded securities, there are additional duties and obligations imposed by Securities and Exchange Commission rules and regulations (and related statutes) that are not applicable in the instant case.)

Specific duties and roles of corporate officers are set by the by-laws of the corporation. Del. GBL Sec. 146, which may be greater or more limited than the duties of established by common law.

If not otherwise stated, the traditional roles of a CFO include supervision and management of: accounts payable and receivable, payroll, controller functions, supervision of tax and accounting functions including management of an outside CPA firm, and treasury (money management).

The CFO is a senior manager with the primary role of overseeing the management of the company's finances and financial activities, including financial risk management, financial planning, financial reporting, record-keeping, signing checks, and analysis of data. The CFO is comparable to a controller or treasurer. Scott Powell, *CEO vs. CFO*, CORPORATE FINANCE INSTITUTE, *available at* https://corporatefinanceinstitute.com/resources/career/ceo-vs-cfo/ (last accessed May 24, 2024).

Note that if the finance function has multiple positions the CFO frequently oversees a person in the treasury role, as well as the controller. A controller has a stronger accounting role, and a Treasurer has a direct account payable, receivable, and money management role.

The CFO, like all officers, has a fiduciary duty to the corporation, as well as a duty of oversight. *In re McDonald's Corp. S'holder Derivative Litig.*, No. 2021-0324, 2023 WL 387292 (Del. Ch. Jan. 25, 2023). The fiduciary duty includes the duty of care, and loyalty. Care means to act with reasonable diligence and with the best interests of the corporation in mind. The Duty of loyalty means that the officer must put the interests of the corporation above the officer's self-interest.

Note that Commerce Fabric has a breach of fiduciary duty waiver for directors in the Certificate of incorporation as permitted by DCL 102(b)(7). (*See* Article Ninth of the

Page **1** of **5**

DocuSign Envelope ID: 4FD52CF4-AA5E-499B-A857-CADA251166B1

Certificate of Incorporation.) The company Certificate of Incorporation was adopted prior to 2022, when the law was changed to permit the same waiver for officers. (A similar waiver for officers is slowly becoming the industry standard.) By statute, this waiver must be in the incorporation papers, not the by-laws, to be effective. Jens Frankenreiter and Eric Talley, *Sticky Charters? The Surprisingly Tepid Embrace of Officer-Protecting Waivers in Delaware*, HARVARD LAW SCHOOL FORUM ON CORPORATE GOVERNANCE, *available at* https://corpgov.law.harvard.edu/2024/04/17/sticky-charters-the-surprisingly-tepid-embrace-of-officer-protecting-waivers-in-delaware/ (last accessed May 24, 2024).

I do note that Article 10 of the Certificate of Incorporation permits the corporation to indemnify its officers to the full extent of the law. The By-laws of the corporation do just that and extend substantial indemnification of expenses and attorney fees for corporate officers, including for criminal charges. The officer must only have acted in good faith and with a reasonable belief the officer was acting in the best interests of the company and had reasonable cause to believe the conduct is not unlawful. By-laws of August 20, 2020, Section 5.1, page 10.

This indemnification structure indicates that the corporation intended to protect its directors and officers from liability to the greatest extent possible permitted by law.

Of course, the duty of oversight of officers of the corporation is not only a duty of the CFO. It also applies to the Chief Operating Officer and Chief Executive Officer, who have a duty to supervise the performance of the CFO.

**The scope of a CFO's discretion when making financial decisions on behalf of a company.**

Generally, a CFO has the discretion granted by the board of directors. Unless otherwise directed by the board of directors, the discretion of the CFO in managing the corporation's assets is subject to the fiduciary duties described above—care and loyalty.

The Treasury investment decisions of a CFO generally depend on the duration of the corporation's liabilities (long term debt compared to next week's payroll). It also relies on reasonable business judgement. (For example, the now almost extinct corporate managed pension funds match the duration of pension liabilities with asset classes that match the required payment streams.)

Discretion differs substantially, but generally may be quite broad. CFOs with substantial cash reserves may invest the reserves in longer duration investments. (Think Apple, Inc, and compare it to Berkshire Hathaway, which also has a substantial cash reserve. The Berkshire Hathaway CFO may take a longer-term perspective.)

DocuSign Envelope ID: 4FD52CF4-AA5E-499B-A857-CADA251166B1

**Nevin's roles, duties, powers, and limitations pursuant to his appointment as CFO by the Fabric board.**

Despite Delaware law leaving the duties to the Board of directors in the by-laws, neither the by-laws, the certificate of incorporation, nor any other resolution directly assigned duties to Shetty as the CFO. (Usually even boilerplate by-laws define the duties of officers if only by reference.) As a result, the duties of the CFO were presumed from common business usage.

These duties are described above—supervising or managing accounts payable and receivable, payroll, controller / recordkeeping functions, supervision of tax and accounting functions including management of an outside CPA firm, treasury (money management), financial risk management, financial planning, and financial reporting.

Of course, the CFO is subject to the professional duties described above. The CFO must follow the duties and instructions from the board of directors (which are generally noted in their resolutions) and from the CEO. Like every officer the CFO also has fiduciary duties to the corporation.

**The Investment Policy**

My interpretation of the investment policy was that it was poorly drafted since it does not include reference to a conflict-of-interest policy. Nor does it dictate reports more frequently than annually.

The waiver exception policy is also not well drafted since it does not provide for informing the board of any waiver and imposing limitations on investments relying on waivers of the investment policy.

Finally, there is some ambiguity in the Investment Policy Statement. The initial description of "Approved Instruments" is clear, but it is modified in the next sentence to add ambiguity. (This is a sign of bad drafting, since later provisions should add clarity, not ambiguity.)

The next sentence permits investment in "money market, deposit accounts, and treasury accounts with daily liquidity." While the term money market accounts is relatively clear, referring to money market mutual funds which are regulated by the SEC and closely watched by the Federal Reserve, the rest of the sentence is less clear. "Deposit accounts" is unclear since many regulated and less-regulated entities may offer "deposit accounts." The drafter may have intended "deposit account with a state or federally regulated bank" but the text certainly does not indicate that. (For

DocuSign Envelope ID: 4FD52CF4-AA5E-499B-A857-CADA251166B1

example, insurance companies offer "deposit-type" contracts that are outside the banking system. *See* NAIC Issue papers 50, 52, and 74. With exceptions for the largest entities, insurance companies are solely state regulated and are put under state reorganization on a regular basis).

Finally, "treasury accounts with daily liquidity" is even less clear, since "treasury account" can describe the purpose of the account from the corporation's perspective – not the nature of the account opened. Any account opened by the corporation for purposes of managing its treasury function can be considered a "treasury account." It must only have daily liquidity to meet this requirement. Shetty may have reasonably concluded that the account created with Hightower Treasury met this definition.

Furthermore, it is unclear whether the phrase "with daily liquidity" is intended to describe all three types of account – money market, deposit, and treasury accounts, or just treasury accounts.

Otherwise, the Investment Policy was standard, and probably an off-the-shelf document that was barely customized for this corporation.

Because of these ambiguities in the Investment Policy Statement, it cannot be clearly determined that Shetty violated the Investment Policy as stated.

Of course, I do not defend the CFO's actions regarding any breach of his fiduciary duties.

(But the corporation had not enacted an actual conflict of interest policy at the time that these investments were made, so it is difficult to claim that Shetty violated the corporation's conflicts policy.)

**It is reasonable to interpret the Investment Policy as permitting Nevin to invest money in HighTower or a similar type of investment.**

It is reasonable to interpret the investment policy as permitting the corporation to invest in Hightower if an investment manager presented the investment and Shetty or the COO provided a written waiver.

I have to point out that what is permitted under this example in the investment policy differs from what would be either prudent or smart.

**It is uncommon for corporate officers to be held criminally liable for actions that violate corporate board policies but are not otherwise prohibited.**

It is practically unheard of for a corporate officer to face criminal charges for taking action that may violate corporate board policies and is otherwise foolish or stupid. Foolish is not criminal.

In addition, Shetty may face civil liability for any breach of his fiduciary duties to the corporation.

There is no sign of direct or indirect embezzlement or conversion of assets for personal use or other crimes. (Again, stupidity and breach of fiduciary duty are not crimes. The first gets an officer dismissed, and the second gets an officer dismissed and possibly sued.)

Of course I have to note that criminal liability for actions that violate a corporation's policies are very, very rare. There were practically no criminal prosecutions arising out of the 2008 financial crisis. For example, in many cases the loans that were included in mortgage-backed security entities were not actually compliant with the terms stated in the MBS documents. Lying about securities sold to the public is generally a federal crime, but practically no prosecutions were actually brought by Federal or state prosecutors.

For Federal prosecutors to bring charges on the facts in this case is highly unusual and probably represents a change in criminal legal standards.

DocuSigned by:

*Stuart Weichsel*

629B47445AF8415...

Stuart Weichsel
May 26, 2024

# STUART WEICHSEL

Weichsel@gmail.com  917 562 4697
Skype: StuartWeichsel

*Experienced tax, corporate and trust and estates attorney with broad experience in partnership tax, LLC operating agreements, corporate transactions, international tax, transfer tax, and employment law issues.*

## EDUCATION / CLERKSHIP

**Georgetown University Law Center**, Washington, DC                    Juris Doctor, *Cum laude*

**Tufts University,** Medford MA                    Bachelors of Arts, Quantitative Economics

**Judge Theodore Tannenwald, Jr. (deceased, former Chief Judge), United States Tax Court**, Washington, DC
Law Clerk

## LEGAL / TAX EXPERIENCE

**Cohen Tauber Spievak & Wagner P.C.**                    May 2024- Present
Partner, Corporate Dept (Also Tax and Trust and Estates)

- Corporate, Tax and Trust attorney for general practice law firm doing corporate organization and operations, joint ventures, LLC structuring, asset protection and estate planning / trust structuring.

**Gallet Dreyer & Berkey, LLP**                    March 2022- May 2024
Partner, Tax Dept (Also Corporate and Trust and Estates)

- Tax, Corporate and Trust attorney for general practice law firm doing joint ventures, LLC structuring, and asset protection and estate planning / trust structuring.
- Work includes NYS Sales tax audits
- IRS FBAR filings and violations
- Prepare and Review S Corp Shareholder agreements and other corporate documents and contracts
- Prepare and review LLC Operating Agreements, including complex income allocation provisions
- International Inbound tax, including LLC withholding issues, blocker corporations, and related issues
- Formation of LLCs, Draft LLC Operating Agreements
- Negotiate and document sale of New York County Commercial Real Property
- Private Stock Sale Transactions
- Sale Leaseback transaction of oil field equipment
- New York State Sales Tax issues, including sales into NY by Non-NY Retailers
- Estate Planning, including Gifts and Sales of LLC Interests in SCIN / Annuity Transactions
- S Corp Reinstatement
- US Tax Court litigation / Appeals on Residential Solar Credit
- Employee Joinder of Investment Management LLC, including Profits Interest qualification

1

- Income tax treatment of Video Game development, purchase, and ownership
- New York City income tax audit
- Private Foundation program investment issues
- Delaware and New York Corporate filings, amending articles, super voting shares
- Pass-Thru Entity Tax / New York

**Stropheus Law LLC**                                                                                   February 2017- April 2022
Tax, Business and Trust and Estates Partner

- Corporate, Tax and Trust / Entities Counsel for small firm specializing in the art business community.
- Advise on complex sales tax issues for art galleries operating in NYC
- Advise on employment tax and wage and hour law liability issues, handle employment (wage and discrimination) law claims
- Negotiate Joint Venture / Supply Agreement for US Distributor of water filtration system
- Inbound and outbound tax structuring work, including CFC, PFIC, and 1446 withholding issues
- Resolve Federal Corporate and Personal income tax audits with minimal adjustments
- Purchase and Sale of LLC Membership interests, Corporate mergers
- Advise on landlord tenant and lease enforcement issues
- Opportunity Zone qualification work
- Creditor rights work
- Prepare and file New York State probate petitions and Ancillary probate petitions
- Prepare and file Federal and New York State 706 Estate Tax Returns and 709 Gift Tax Returns, including appraisals, structuring income tax basis and 706 valuation issues,
- Post Mortem estate tax planning, including disclaimers, and trust decanting
- Take Federal Estate Tax audit from a 1.4mm tax liability to a "No Change" closing over six months of negotiation and audit review; Take New York State Estate Tax audit to no change in 3 months
- LLC and partnership drafting and amendment (Delaware and NY), including use of LLCs as estate planning vehicles, and trust substitutes
- Complex Cross-Border estate planning for US citizen resident in Canada, using QDOT, insurance, and IDGT structures
- Estate planning for Trust Beneficiaries, including distributions and regifting through gift and sale of discounted S Corp interests to Beneficiary trusts
- Pre-Nuptial and Post-nuptial agreements under NYS law
- Complex trust administration issues and post-mortem estate tax planning including retroactive S elections; QPRT administration and trust and estate accounting

**Meltzer Lippe Goldstein & Breitstone LLP / Kern Augustine P.C.**          May 2015 – March 2017
Of Counsel, Tax and Corporate Dept.

2

- Extensive work on tax opinion regarding deductibility of voluntary payments made by insurance industry executives to state insurance regulators following the insolvency of a recently acquired insurance company

- Work on Section 831(b) Micro-Captive Insurance Companies including for requirement for information reporting under Notice 2016-66

- Draft and revise Tenant in Common agreements, drop and swap 1031 exchanges, and related real estate transaction documents

- Employment contract review for complex employment law and medical regulatory issues, including drafting memos and negotiating with opposing counsel

- Corporate and Employment law negotiation and (when unsuccessful) arbitration / litigation regarding payment and buy-out of shareholder/employee of medical PC. Preparation and filing of unpaid wage claim under NYS Wage Theft Protection Act

- Transactional work, including reviewing, drafting, editing LLC Operating Agreements for economic, tax, and corporate issues representing both Managing Member and minority members; draft Letter of Intent (LOI); sales commission agreement

- Reviewing and negotiating shareholder, purchase agreements, and Operating Agreements for buy-outs, break ups, non-compete enforcement, and other disputes regarding PC and PLLC operations;

- Lecturing and advising clients in high-liability risk areas on asset protection and estate planning issues. Also, advising clients regarding potential liabilities before and even after liabilities have been incurred.

- Estate planning, including counseling clients on both transfer tax and traditional estate planning issues.

- Estate administration filings, and appearances in Surrogate's court

- Successful application for retroactive grant of 501(c)(4) tax status for business group

- Sale of medical practice and asset allocation negotiation

- Federal debt collection practices, including recoupment

- Healthcare legal issues, including False Claims Act, Stark, Anti-Kickback rules, corporate practice of medicine, fee-splitting; patient file retention on practice disposition;

- Both draft papers and argue in defense of motion regarding statutory attorney fee award in False Claims Act matter

- Consulting on 1031 tax-free exchanges and foreign tax credits

- LLC Property reorganizations for purposes of executing a 1031 exchange

**Wolters Kluwer Law and Business (CCH /Aspen Publishing)**        2014 – May 2015
Consultant

3

- Provided expert consulting advice and guidance regarding tax law issues and use of tax database by attorneys at large and medium size law firms.

**Farrell Fritz P.C.**, Uniondale, Long Island, NY            2012 - Oct 2014
Of Counsel, Tax and Corporate Department

- Primary client contact on tax and corporate structuring of employee beneficial ownership of minority interest in contract airline emerging from bankruptcy.
- LLC Agreements including compensatory profits interests, and related terms.
- Supervised junior attorneys preparing corporate documents for mergers and acquisitions, reviewed and guided junior staff on bankruptcy related corporate work.
- Draft Limited Liability Partnership documents for Venture Capital fund investing parallel with state based start-up funding.
- Review LLC Membership Purchase Agreements, Stock Purchase Agreements, and related corporate documents for tax issues, and revise tax representations and provisions as appropriate.
- Draft Private Equity Limited Partnership Agreement, and LLC Operating Agreement for GP of the same for fund investing in technology companies on Long Island, NY.
- Corporate drafting and tax work on medical practice disputes, buyouts of owners, and related settlements.
- Hospital tax exempt bond issues and related private inurement issues.
- MSO Agreements, turn-key practice services, and related employment/tax and contract issues.
- Sale of medical practices to hospitals and related employment contracts.
- Extensive work on REIT and RIC tax issues, including built-in gain calculations, and REIT qualification / dividend requirement issues.
- S Corp qualification and tax return review for various clients.
- Review and revision of Non-Qualified (NQSO) and Incentive (ISO) equity incentive plan.
- Review and revision of income allocation and distribution provisions of numerous LLC Operating Agreements.
- New York State Sales Tax Refund Appeals Process, and related research on tax overpayments and right to refunds.
- Review and revision of various employment agreements for Sec. 409A deferred compensation issues and Sec. 83 election issues, including vesting rights.
- Provide advice on asset allocation provisions in asset sales agreements.
- Detailed analysis and review of Cancellation of Debt income provisions of Sec. 108(c ) and related provisions for bankrupt real estate LLC.
- Analysis of impact of Grantor trust ownership of real estate interests on the Passive Activity Loss rules.
- Analysis of Subchapter S corporate transactions including, loans with warrants, redemption structures, and other related S transactions.
- Foreign accounts and FBAR filing issues for multiple clients.

**Constantine Cannon LLP,** New York, NY            2009 - 2012
Trusts and Estates Attorney

4

- Extensive Trust and Estate and gift work, including drafting wills, insurance and other trusts, Family Limited Partnerships (LLCs), Self-Canceling Installment Notes, International estate planning/expatriation, allocation of estate taxes and equitable apportionment, planning for QTIP trusts, and post-nuptial agreements.
- Litigation research regarding trusts and estates malpractice regarding various GRAT trust provisions and formation and funding of revocable trusts.
- NYS Estate administration including filing probate petitions, estate accounting, and informal accounting proceedings for trusts.

**Zukerman Gore Brandeis & Crossman LLP,** New York, NY                                  2007 - 2009
Tax, Corporate, and Trusts and Estates Attorney

- Established and advised start-up master feeder hedge fund, including preparing all partnership/corporate documents PPMs, and registration of investment advisor with the SEC. Establishing various offshore hedge funds.
- Structured LLC Operating Agreements and composed and reviewed corporate documents, and reviewed all types of LLC and partnership transactions, redemptions, distributions, and sales.
- Reviewed S Corp and Partnership tax returns for planning and structuring purposes and to review filing positions.
- Prepared various election forms, including S corp elections and check the box elections.
- Prepared income tax return calculations, including federal, state, and local income tax calculations for client planning purposes.
- Domestic and international corporate mergers and acquisitions, including asset purchases, tax-free mergers, LLC combinations and asset sales.  M and A also includes LLC structuring, and combined S Corp/LLC acquisitions.
- Composed and reviewed corporate disclosure statements for SEC filing, including various public offerings, Special Purpose Acquisition Companies (SPACs) and Passive Foreign Investment Companies and Controlled Foreign Corporations (CFCs).
- Advised regarding transfer pricing issues between domestic and offshore entities providing investment management services on a subcontract basis and other services, other transfer pricing experience includes identifying issues regarding appropriate payment for services provided to various domestic and offshore entities.
- General business tax including 1031 exchanges and executive compensation, (Sec. 409A, 280G, ISOs and NQSOs).
- Structured business to account for Unincorporated Business Tax in New York, including S corp taxation, LLC taxation, and allocation if income under LLC and corporation tax law for New York State and New York City.

## PUBLICATIONS

Letter to the Editor of the New York Times, December 21, 2015, "Avoiding U.S. Corporate Taxes",  in response to Op-Ed by Carl Icahn, December 14, 2015 "How to Stop Turning U.S. Corporations Into Tax Exiles"
http://www.nytimes.com/2015/12/21/opinion/avoiding-us-corporate-taxes.html?login=email&login=email&partner=rssnyt&emc=rss&_r=1

5

"Corporate Inversions and Hopscotch Loans: The Remaining Loopholes Outnumber the Restrictions" BNA Insights, Bloomberg BNA Daily Tax Report, November 10, 2014. (http://papers.ssrn.com/sol3/papers.cfm?abstract_id=2528788)

"Alternative Perspectives on the Proposed Yahoo Spin-Off," June 16, 2015 by Stuart http://taxprof.typepad.com/taxprof_blog/2015/06/weichsel-alternative-perspectives-on-the-proposed-yahoo-spin-off.html

"Arghhhhhh! Congress' dithering has been making a mess of estate tax reform — and planning," Trusts and Estates Magazine, January, 2010, with Roy M. Adams

## BAR ADMISSIONS

New York State (1994), U.S. Tax Court (2003), Eastern District of New York (2004) Southern District of New York (2015)  United States Court of Appeals 2nd Circuit (2020)

Bar Associations:  Association of the Bar of the City of New York

**Software**:  CCH ProSystem Fx (tax return preparation software), RIA Checkpoint (Tax Research library by Thomson Reuters), Intelleconnect, Westlaw, Lexis, Microsoft Word/Excel/Powerpoint.

**Jurisdictions Authorized to Work**:
Citizen of the Federal Republic of Germany/ Able to work in any European Union country without obtaining a work permit.

Citizen of the United States of America/ Able to work in the United States without obtaining a work permit.

# Stuart Weichsel – Publications and Expert Testimony List

<u>Publications</u>

1. Letter to the Editor of the New York Times, December 21, 2015, "Avoiding U.S. Corporate Taxes", in response to Op-Ed by Carl Icahn, December 14, 2015 "How to Stop Turning U.S. Corporations Into Tax Exiles" http://www.nytimes.com/2015/12/21/opinion/avoiding-us-corporate-taxes.html?login=email&login=email&partner=rssnyt&emc=rss&_r=1
2. "Corporate Inversions and Hopscotch Loans: The Remaining Loopholes Outnumber the Restrictions" BNA Insights, Bloomberg BNA Daily Tax Report, November 10, 2014. (http://papers.ssrn.com/sol3/papers.cfm?abstract_id=2528788)
3. "Alternative Perspectives on the Proposed Yahoo Spin-Off," June 16, 2015 http://taxprof.typepad.com/taxprof_blog/2015/06/weichsel-alternative-perspectives-on-the-proposed-yahoo-spin-off.html

<u>Expert Testimony</u>

**In Re the Arbitration of:**
Edward T. Anderson, individually; ANGEL Colorado Chalet LLC, a Delaware limited liability company; and 43-45 Riva Ridge LLC, a Colorado limited liability company, Claimants and Counterclaim Respondents
**v.**
Urban Development Company, LLC, a Colorado limited liability company, Respondent and Counterclaim Claimant

This was an arbitration over a claim by an LLC Profits Interest member to get the LLC to sell assets and realize profits or force a buy out.
Drafted an expert report and testified by zoom at arbitration on behalf of the majority owner. Majority owner won the case (denying buy out or forced sale of assets) and got attorney fees.

**Walbro LLC v. Carter Carburetor, LLC; et. al. Del. Chancery Court. 2023.** No.: 2023-1072-KSJM

This is a case about a sale of division of an engine parts business. The parties disagreed regarding whether or not the purchaser assumed all contracts to supply parts to customers, or whether the seller remained liable to perform the contracts despite not owning the relevant factories after the sale. (Customers would have to negotiate new contracts with buyer to continue to receive engine parts.)
I wrote an expert report and testified at trial at Delaware Chancery Court. The case was settled in January 2024, after the October 2023 trial.

1