The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>NEVIN SHETTY,<br><br>           Defendant. | No. 2:23-cr-00084-TL<br><br>**MOTION TO CONTINUE TRIAL**<br><br>NOTE ON MOTION CALENDAR:<br>July 31, 2024 |

Defendant Nevin Shetty, by and through undersigned counsel, respectfully moves this Court for an Order continuing the trial date from September 23, 2024, to March 31, 2025, which undersigned counsel has been informed is the earliest date the Court is available to conduct the trial. Mr. Shetty has filed a waiver excluding the period from the date of the Court's order through May 15, 2025, for the purpose of computing the time limitations imposed by the Speedy Trial Act, 18 U.S.C. §§ 3161-74.

In support of the motion to continue the trial date, Mr. Shetty states the following:

1. On January 24, 2024, Mr. Coopersmith, Mr. Little, and Mr. Lawson made their appearances in this matter, replacing Mr. Shetty's previous counsel. (Dkts. 25-27.)

2. Before this date, Mr. Shetty's prior counsel had filed no substantive motions and had done very little to prepare for trial.

MOTION TO CONTINUE TRIAL - 1
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

3. On February 2, 2024, the Court issued its second case management order and set trial for September 23, 2024. (Dkt. 39.) The order set Mr. Shetty's exhibit and witness list disclosure deadline as August 2, 2024. (*Id.*)

4. Since undersigned counsel entered their appearances, Mr. Shetty has filed two substantive motions—a motion to suppress and a motion to dismiss, provided more than 100 pages of expert disclosures, and responded to the government's motion to exclude expert testimony. In addition, Mr. Shetty and his counsel have reviewed discovery consisting of nearly 400,000 pages from 64,000 documents, issued three third-party subpoenas with dozens of specific document requests, and will soon be filing a motion to compel a bench trial.

5. Mr. Shetty's request for a continuance of the trial date is necessary and in the interests of justice for the following reasons, as further detailed below:

   a. *First*, two of the three third-party subpoenas that Mr. Shetty issued to witnesses, including the alleged victim corporation, remain outstanding. Although counsel has diligently pursued the necessary documents for months, the subpoenaed parties have not yet completed production. Mr. Shetty needs the documents to prepare for, and present, his defense at trial. Although defense counsel has worked diligently with the subpoenaed parties to expedite their production of responsive documents and avoid the need for motions to quash or compel, the bulk of the production is not expected for weeks, and even then counsel will require significant time to review them in order to utilize them effectively at trial.

   b. *Second,* Mr. Shetty made an oral *Brady* demand three months ago for exculpatory evidence from the criminal and civil cases brought by the government against Do Kwon, co-founder of TerraUSD and Luna, the cryptocurrencies at issue in Mr. Shetty's case. But the government has not provided any documents in discovery related to Mr. Kown and recently indicated that it intends to move *in limine* to exclude testimony of TerraUSD's representations about its "stablecoin" and Mr. Kwon's responsibility for the crash of TerraLuna. (Dkt. 58 at 9-10.)

MOTION TO CONTINUE TRIAL - 2
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

The evidence from Mr. Kwon's case is exculpatory in this case, as the government is asserting that Hightower's cryptocurrency investment was akin to playing the roulette wheel. Mr. Shetty has now memorialized his April 22 oral request with a written *Brady* demand. Once the government complies with its *Brady* obligations, Mr. Shetty will need time to review any material the government produces; if the government continues to refuse to do so, the defense will need to litigate that issue to ensure it is provided with all exculpatory information.

6. These issues are further detailed below:

**Outstanding Trial Subpoena Productions**

7. On April 29, 2024, Mr. Shetty submitted document subpoenas to the Court and requested that they be returned before trial, so that he could utilize them in the preparation of his defense. (Dkt. 40.) The government did not take a position on the motion but stated that it "expects that Fabric will challenge the subpoenas once they are issued." (Dkt. 42 at 2.)

8. On May 20, 2024, this Court granted the Defendant's motion and ordered the production of documents responsive to the three trial subpoenas by June 7, 2024. (Dkt. 47.)

9. Mr. Shetty has received a complete response to the trial subpoena issued to Formidium Corporation. But he has received only a partial production in response to the trial subpoena issued to Commerce Fabric, Inc. ("Fabric"), and only two pages from Umer Sadiq.

10. Shortly after the subpoenas were issued, defense counsel began discussions with counsel for Fabric about the manner, means, and scope of production. The goal of these discussions was to ensure that Mr. Shetty could receive the documents he needed while avoiding any unnecessary litigation by Fabric or the defense team to either quash the subpoena or compel production. These discussions took place over phone calls and email correspondence and resulted in Mr. Shetty narrowing many of his original requests. As a result, contrary to the government's expectation, neither the Defendant nor Fabric has had to litigate any issues related to the subpoenas.

MOTION TO CONTINUE TRIAL - 3
(No. 2:23-cr-00084-TL)

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

11. Approximately three weeks after the subpoenas were issued, on June 14, 2024, Fabric made its initial production, which contained 137 documents totaling 673 pages. Mr. Shetty's defense team worked diligently and has completed review of this initial production. But these documents were responsive to only a handful of the requests made in the subpoena; the rest remained outstanding and Fabric has promised to produce them in a rolling manner.

12. One aspect of the remaining production that had remained unresolved was the request for Fabric corporate emails to and from the Defendant in the months before and after the HighTower investment. In conversations with defense counsel, Fabric's counsel asserted their belief that Mr. Shetty must have had access to at least some of those emails from the laptop hard drive that Fabric provided to the government. This assertion led defense counsel to investigate whether it had missed such emails in the voluminous discovery production provided by the government. After further searches, and consultation with a forensic computer expert, defense counsel confirmed that only selected emails were provided to the government by Fabric; these limited emails were produced in discovery. In other words, neither Mr. Shetty nor the government had possession of the bulk of the Defendant's emails, and Fabric is the only party that possesses them. These emails are highly relevant to multiple aspects of Mr. Shetty's defense.

13. On July 16, 2024, in response to undersigned counsel's follow-up request, Fabric indicated that it intended to make a second production the week of July 22, 2024. Furthermore, Fabric stated that it had identified over 13,000 emails responsive to Mr. Shetty's subpoena, which requested "[a]ll documents or communications sent to and from, or created by, Nevin Shetty between March 17, 2022 and May 13, 2022." Fabric also identified an unnumbered amount of responsive Slack messages.

14. That same day, Fabric's counsel stated that it believed its privilege review for the 13,000+ responsive emails and Slack messages was too burdensome and proposed providing Mr. Shetty with to/from/subject information (excluding content) in a spreadsheet for him to use to then

MOTION TO CONTINUE TRIAL - 4
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

identify specific messages for Fabric's privilege review and subsequent production. In good faith, undersigned counsel agreed to Fabric's proposal to expedite it and avoid unnecessary litigation. But, with this protocol in place, it will likely take at least several weeks before Mr. Shetty receives the responsive emails from Fabric from this pool of 13,000 emails.

15. Undersigned counsel confirmed that Mr. Shetty's Fabric work email is not contained on any computer in Mr. Shetty's or the government's possession. Therefore, obtaining the emails directly from Fabric is the only method to obtain them. These emails are crucial to his case-in-chief because they document Mr. Shetty's actions and conduct as CFO during the key time period and may include discussions within Fabric about the transfer of funds for the Hightower investment.

16. On July 16, 2024, Umer Sadiq, Fabric's Chief Technology Officer, made his initial production of two pages in response to the trial subpoena issued to him. Mr. Sadiq's counsel is now working with a forensic vendor to produce responsive text messages, but that process requires additional time.

17. Thus, based on all this, it is likely that Mr. Shetty will receive significant document productions in response to its two outstanding trial subpoenas well after his August 2, 2024, exhibit and witness list disclosure deadline. And Mr. Shetty's defense team will not be able to complete its review of the productions, ask potential trial witnesses about the documents, and fully prepare his case-in-chief before trial is scheduled to begin on September 23, 2024.

18. These facts alone establish good cause for the requested continuance. But there is more.

### *Brady* Demand

19. Do Kwon was the co-founder and CEO of Terraform Labs, the parent company of TerraUSD (UST), the cryptocurrency at issue in this case.

MOTION TO CONTINUE TRIAL - 5
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

20. In June 2022, less than a month after the UST market crash, the U.S. Securities and Exchange Commission ("SEC") began investigating Do Kwon and Terraform Labs for securities marketing violations that led to the crash of UST. The SEC charged Do Kwon and Terraform Labs in February 2023 with securities fraud related to the crash of UST, which is the cryptocurrency platform on which the HighTower investment was made. In June 2024, Do Kwon and Terraform Labs settled with the SEC and agreed to pay $4.5 billion in civil penalties and agreed to a lifetime ban from buying and selling cryptocurrency securities.

21. In March 2023, about two months before Mr. Shetty was indicted, the U.S. Attorney's Office for the Southern District of New York indicted Do Kwon for wire fraud, conspiracy to defraud the United States, commodities fraud, securities fraud, and conspiracy to defraud and engage in market manipulation. The case remains pending as Mr. Kwon has not yet been extradited to the United States.

22. In the indictment, the government alleged that "KWON engaged in a scheme to defraud individuals selling digital commodities for cryptocurrencies issued by TFL, including LUNA and UST, by using market manipulation and false statements to deceive those individuals about the effectiveness and sustainability of the algorithmic mechanism that purportedly ensured the stability of UST's price." Indictment at 4, *United States v. Do Kwon* (S.D.N.Y.) (No. 1:23-CR-00151).

23. One overt act alleged in the indictment was that "KWON . . . [conspired to] alter[] the market price of UST." *Id.* at 9. The indictment also alleged that he "made a false and misleading statement concerning the effectiveness and sustainability of the algorithmic mechanism that purportedly ensured the stability of UST's price." *Id.*

24. In a press release following the civil lawsuit settlement, the government stated, "[t]hrough these deceptions, [Do Kwon and Terraform Labs] <u>caused devastating losses for investors</u> and wiped out tens of billions of market value nearly overnight." *Statement on Jury's*

MOTION TO CONTINUE TRIAL - 6
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Verdict in Trial of Terraform Labs PTE Ltd. and Do Kwon*, U.S. Securities and Exchange Commission, April 5, 2024, available at https://www.sec.gov/newsroom/speeches-statements/grewal-statement-040424 (last accessed July 18, 2024).

25. These allegations bolster Mr. Shetty's defense in two ways: First, these public statements and pleadings confirms that the government knows, and believes, that Mr. Kwon defrauded people like Mr. Shetty into believing that UST's price would be stable due to the algorithms supporting it. Mr. Shetty's reasonable belief about the stability of UST directly rebuts the government's claim that he was acting like a gambler with Fabric's funds. Second, the government's statements indicate that it is Mr. Kwon, not Mr. Shetty, who is responsible for the losses that Fabric suffered due to the UST collapse.

26. Nonetheless, notwithstanding the relevance of these facts, the government has not provided <u>any</u> materials from the Do Kwon cases to defense counsel.

27. On or about April 22, 2024, undersigned counsel made an oral demand for *Brady* evidence related Mr. Kwon's criminal and civil cases. In response, AUSA Kopczynski stated that he believed it highly unlikely that the Department of Justice would provide such information. And, in the intervening months, the government has not provided Mr. Shetty with any evidence from these cases, notwithstanding their exculpatory nature—both as to the claims that Mr. Kwon made to investors and the public about the stability of the Terra currency and the security of investing in it, and the blame that Mr. Kwon bears for ultimately causing the cryptocurrency to collapse.

28. Later, on June 25, 2024, the government objected to the proposed testimony about the market crash of UST that Mr. Shetty intends to elicit from his cryptocurrency experts. (Dkt. 58 at 9-10.) In its motion, the government stated that it intended to move *in limine* to exclude such testimony at trial. *Id.* The government conceded that, "[p]art of the story, to be sure, is the fact that [Fabric]'s money was lost in the UST crash" but argued that "the reasons for that crash are not

MOTION TO CONTINUE TRIAL - 7
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

relevant." (*Id.* at 10.) The reasons for that crash, however, are detailed in the DOJ's indictment of Mr. Kwon, which places the blame for the loss squarely on him—and not Mr. Shetty.

29. On July 18, 2024, counsel for Mr. Shetty sent the government a written *Brady* demand reiterating the April 2024 request to AUSA Kopczynski and stating reasons he believed evidence from Mr. Kwon's criminal and civil cases are potentially exculpatory to Mr. Shetty. Mr. Shetty will need time to review any *Brady* material the government produces and potentially litigate any further refusal by the government to provide such information.

**Conclusion**

30. Last week, Mr. Shetty waived his right to a jury trial. On July 17, 2024, the government objected to the bench trial. It did not state any reasons. In the coming days, Mr. Shetty intends to file a motion to compel a bench trial.

31. Although Mr. Shetty's counsel has filed multiple substantive motions and responses and reviewed a substantial amount of discovery, there is still much to do to prepare for trial. Mr. Shetty's counsel needs time to collect the outstanding subpoenaed documents from third parties and the Do Kwon materials. Once received, his counsel will have to review them, analyze them, and make appropriate disclosures. Mr. Shetty's counsel cannot adequately prepare his defense until these steps are complete. And even once they are, based on representations made by the government, it is likely the government will challenge the admissibility of such documents. This will take time.

32. Mr. Shetty's motion to continue is not made for delay but to effectively represent Mr. Shetty at trial. Since making their appearance in this case in January 2024, undersigned counsel have worked diligently to review the 400,000 pages of discovery produced by the government. Undersigned counsel has filed 149 pages of briefing and provided notice to the government of their intent to call six expert witnesses at trial, providing more than 100 pages of disclosures in support. As mentioned above, Mr. Shetty has in good faith significantly limited his document

MOTION TO CONTINUE TRIAL - 8
(No. 2:23-cr-00084-TL)

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

requests to expedite responsive productions to his trial subpoenas. Mr. Shetty intends to proceed to trial as soon as his counsel have received documents relevant to his case-in-chief and are adequately prepared to represent him at trial.

33. Pursuant to this Court's Standing Order, Defendant's Speedy Trial Waiver is attached hereto as **Exhibit A,** and Mr. Shetty explicitly waives his right to a speedy trial through May 15, 2025. Mr. Shetty acknowledges that by signing the speedy trial waiver, he is waiving his rights under the Sixth Amendment and the Speedy Trial Act and agreeing that the period from the date of the Court's order continuing his trial until May 15, 2025, shall be an excludable period of time, pursuant to 18 U.S.C. § 3161(h)(7)(A). Mr. Shetty explicitly waives his right to a speedy trial through May 15, 2025.

34. Undersigned counsel has conferred with counsel for the government who are opposed to this motion.

35. Defendant Nevin Shetty respectfully requests that this Court continue his trial date until March 31, 2025.

DATED this 19th day of July, 2024. I certify that this motion contains 2,649 words, in compliance with the Local Criminal Rules.

Respectfully Submitted,

CORR CRONIN LLP

*s/ Jeffrey B. Coopersmith*
Jeffrey B. Coopersmith, WSBA No. 30954
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Ph: (206) 625-8600 | Fax: (206) 625-0900
jcoopersmith@corrcronin.com

MOTION TO CONTINUE TRIAL - 9
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

LITSON PLLC

J. Alex Little, *admitted pro hac*
Zachary C. Lawson, *admitted pro hac*
6339 Charlotte Pike, Unit #C321
Nashville, TN 37209
alex@litson.co
zack@litson.co

*Attorneys for Defendant*

MOTION TO CONTINUE TRIAL - 10
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900