The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEVIN SHETTY,<br><br>Defendant. | No. 2:23-cr-00084-TL<br><br>**MOTION TO COMPEL *BRADY* MATERIAL**<br><br>NOTE ON MOTION CALENDAR:<br>August 6, 2024 |

Defendant Nevin Shetty respectfully moves this Court for an Order compelling the government to disclose specific *Brady* material. In support of this motion, Mr. Shetty states the following:

**INTRODUCTION**

The government's pleadings repeatedly allege that Shetty invested Fabric's money in HighTower when he knew it was riskier than the type of investment Fabric's board would have wanted. If the government is allowed to proceed under this theory of fraud, Shetty intends to show that he believed in good faith that the HighTower investment was conservative and ultimately safe.

To do so, he will establish the following: HighTower earned yield through purchases of the cryptocurrency TerraLuna ("UST"). UST was marketed by Terraform Labs and its owner, Do Kwon, as a "stablecoin" that was "pegged" to the U.S. dollar. The allegedly stable nature of UST's value was an important part of the marketing efforts that Terraform and Kwon undertook, which

MOTION TO COMPEL *BRADY* MATERIAL - 1
(No. 2:23-cr-00084-TL)

touted the cryptocurrency as an extremely safe investment. And, as a result, countless investors poured billions of dollars into TerraLuna. As it turned out, Kwon had lied and deceived investors, and Kwon's house of cards crumbled. In turn, investors—including Fabric and Shetty—lost billions.

The Department of Justice knows these facts are true and has evidence that would establish them at trial. We know this because it has indicted Kwon for manipulating investors to believe TerraLuna was a safe investment. The circumstances surrounding Kwon's misrepresentations to investors, and the Department's statements about them, are highly relevant to the present case: They corroborate Shetty's claim, and his likely defense at trial, that he believed the Hightower investment was safe, and they refute the government's false narrative that he gambled away Fabric's money on investments he knew were risky. They are therefore exculpatory.

Months ago, Shetty's counsel requested that the prosecutors here provide materials in the possession of the Department of Justice that relate to Kwon's misrepresentations and the resulting UST crash. But the government has steadfastly refused to provide *any* evidence gathered in the Kwon case. It claims that Kwon's representations to investors—even if relied on by Shetty—are irrelevant. The government does not explain how that is true in light of its allegations that Shetty knew the investment was risky. Nor could it. The evidence it apparently holds in the Kwon case makes it more likely that Shetty had a good-faith belief that the investment was *not* risky and, therefore, consistent with the investment policies promoted by Fabric's board. Because it is exculpatory in this manner, it *must* be disclosed to the defense here.

But the government says "no" for another reason. The prosecutors here claim that they have no obligation to turn over the exculpatory materials from the Kwon case because they are held by federal prosecutors in New York, rather than those in Seattle. But that is no excuse. As the Ninth Circuit has repeatedly held, and as any reasonable interpretation of *Brady* requires, the government has a duty to turn over exculpatory evidence that it knows (or reasonably should know)

MOTION TO COMPEL *BRADY* MATERIAL - 2
(No. 2:23-cr-00084-TL)

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

to exist within the entire Department of Justice—no matter where any individual office holding that evidence may be located. And this is especially true where, as here, the location of the evidence is *known* to the prosecutors. The DOJ employees within the U.S. Attorney's Office for the Western District of Washington cannot shirk their constitutional (and ethical) obligations by refusing to make a phone call (or sending an email) to their DOJ colleagues in the Southern District of New York.

For the reasons below, the Court should compel the government to produce the requested *Brady* materials.

## RELEVANT FACTS

1. Nevin Shetty was indicted in this district in May 2023 for investing his employer's money, in his role as CFO, in a treasury account at HighTower that was invested in a cryptocurrency called TerraUSD (UST). The value of the cryptocurrency investment crashed in May 2022, decimating the investment of $35,000,100.

2. The government indicted Shetty for fraud. The indictment alleges, in part, that "[b]y investing [Fabric]'s money in cryptocurrency through HighTower, SHETTY knowingly defied the board of directors' intentions for how the company should safeguard its cash . . . . In fact, he went on to secretly pursue high-yield cryptocurrency investments that were anything but 'vanilla.'" (Dkt. 1 at ¶ 18.)

3. Do Kwon was the co-founder and CEO of Terraform Labs, the company that launched UST, the cryptocurrency at issue here.

4. In June 2022, less than a month after the UST market crash, the U.S. Securities and Exchange Commission ("SEC") began investigating Do Kwon and Terraform Labs for securities marketing violations. The SEC eventually charged Kwon and Terraform Labs in February 2023 with securities fraud related to the crash of UST, the cryptocurrency platform on which the HighTower investment was made. In June 2024, Kwon and Terraform Labs settled with the SEC

MOTION TO COMPEL *BRADY* MATERIAL - 3
(No. 2:23-cr-00084-TL)

Corr Cronin llp
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

and agreed to pay $4.5 billion in civil penalties and agreed to a lifetime ban from buying and selling cryptocurrency securities.

5. In March 2023, about two months before Mr. Shetty was indicted, the U.S. Attorney's Office for the Southern District of New York ("SDNY") indicted Kwon for wire fraud, conspiracy to defraud the United States, commodities fraud, securities fraud, and conspiracy to defraud and engage in market manipulation. The case remains pending as Kwon has not yet been extradited to the United States.

6. Based on undersigned counsel's experience and knowledge of SEC investigations that lead to criminal prosecutions, especially in the Southern District of New York, it is a near certainty that the U.S. Attorney's Office there has obtained the entire case file that was created by the SEC's investigators in its civil investigation. This is typically accomplished by the U.S. Attorney's Office sending a simple request for access to the SEC's files, which would now reside in the federal prosecutors' files.

7. In the SDNY indictment, the government alleged that "KWON engaged in a scheme to defraud individuals selling digital commodities for cryptocurrencies issued by TFL, including LUNA and UST, by using market manipulation and false statements to deceive those individuals about the effectiveness and sustainability of the algorithmic mechanism that purportedly ensured the stability of UST's price." Indictment at 4, *United States v. Do Kwon* (S.D.N.Y.) (No. 1:23-CR-00151).

8. One overt act alleged in the indictment was that "KWON . . . [conspired to] alter[] the market price of UST." *Id.* at 9. Later, the indictment again focused on false statements regarding the relative stability of UST's value, alleged that Kwon "made a false and misleading statement concerning the effectiveness and sustainability of the algorithmic mechanism that purportedly ensured the stability of UST's price." *Id.*

MOTION TO COMPEL *BRADY* MATERIAL - 4
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

9. In a press release following the civil lawsuit settlement, the government stated, "[t]hrough these deceptions, [Do Kwon and Terraform Labs] <u>caused devastating losses for investors</u> and wiped out tens of billions of market value nearly overnight." *Statement on Jury's Verdict in Trial of Terraform Labs PTE Ltd. and Do Kwon*, U.S. Securities and Exchange Commission, April 5, 2024, *available at* https://www.sec.gov/newsroom/speeches-statements/grewal-statement-040424 (last accessed July 24, 2024) (emphasis added).

10. On April 22, 2024, undersigned counsel made an oral *Brady* demand to AUSA Philip Kopczynski related to evidence from the DOJ investigation and prosecution of Kwon that could exculpate Mr. Shetty. To this date, Mr. Shetty has not received *any* evidence in discovery from the Kwon prosecution.

11. In multiple pleadings, the government has alleged that Shetty knew that Fabric wanted to invest its money conservatively but that he instead knowingly chose a high-risk investment. This fraud theory first appeared in its response to Shetty's motion to suppress, which it filed on May 10, 2024, where the government made the following allegations:

- "Company A wanted to keep its cash safe in conservative investments like treasury bonds, and Shetty understood that desire but pursued this cryptocurrency scheme anyway." (Dkt. 46 at 4.)

- "Company A's investment policy was relevant to the warrant application not as a policy per se, but for what it revealed about how the victim of this fraud wanted to invest and protect its cash." (*Id*. at 6.)

- "And Shetty was aware of those conservative intentions when he pushed $35 million into speculative cryptocurrency investments that almost immediately failed." (*Id*.)

- "The statements [in the warrant affidavit] about the investment policy that [Shetty] challenges were not necessary to the finding of probable cause because the larger point (which Shetty does not dispute) is that Company A wanted to invest its money conservatively." (*Id*. at 12.)

12. On July 1, 2024, the government responded to Shetty's motion to dismiss. Its response made many claims advancing the same fraud theory—that is, that Shetty committed fraud

MOTION TO COMPEL *BRADY* MATERIAL - 5
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

by knowingly investing in a risky investment when Fabric wanted him to invest it conservatively:

- "Shetty chose to put Company A's money in a high-risk, high-reward holding . . . ." (Dkt. 59 at 2.)

- "Company A suffered a loss by being exposed to the risk associated with owning cryptocurrency, which is a risk Company A did not want to take, as detailed in the indictment." (Id. at 5.)

- "Furthermore, Company A specifically denounced placing its money in something as risk as cryptocurrency." (Id. at 6.)

- "Under Shetty's rationale, he could have taken and placed Company A's funds anywhere without consequence so long as he called it an investment. This is nonsensical. If Shetty had taken the same $35 million that he secretly transferred from Company A to his own control and used it to play blackjack, hoping that he would double Company A's money, but lost it all, no one would entertain this as an 'investment.'" (Id. at 6.)

13. On July 18, 2024, undersigned counsel memorialized their *Brady* demand in a letter to AUSAs Kopczynski and Grace Zoller. In this letter, undersigned counsel explained why they believed the Kwon material was clearly exculpatory to Mr. Shetty's case—which was bolstered by the government's recent pleadings.

14. In the letter, undersigned counsel requested that the government produce as soon as possible "all evidence (1) tending to suggest that Do Kwon took steps to mislead investors and the public about the safety, security, and stability of the UST cryptocurrency, including the ability of Terra's algorithms to maintain a stable peg with the U.S. dollar; and (2) tending to suggest that the collapse of UST was directly caused by the actions of Mr. Kwon and his co-conspirators." *See* Exhibit 1: Ltr to Kopczynski and Zoller.

15. On July 19, 2024, AUSA Kopczynski responded to undersigned counsel's *Brady* demand letter. AUSA Kopczynski reiterated that the government does not intend to produce any discovery about Kwon. He went on to say that "[t]he prosecution team in the case against your client does not possess the material from the New York [Kwon] case, which is prosecuted by a separate team in a separate district." AUSA Kopcyznski asserted that undersigned counsel's *Brady*

MOTION TO COMPEL *BRADY* MATERIAL - 6
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

demand was "untimely" and that the "time for a motion to compel discovery has passed." At the same time, he acknowledged that "*Brady* and its progeny impose a continuing obligation on the government" but asserted "the evidence you are requesting is not exculpatory." *See* Exhibit 2: Ltr to Little. AUSA Kopcyznski did not explain why in his view the evidence could not be exculpatory.

## ARGUMENT

Under *Brady*, "the government is obligated to disclose all evidence relating to guilt or punishment <u>which might reasonably be considered favorable to the defendant's case</u>." *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1199 (C.D. Cal. 1999) (emphasis added).[1] "[W]here doubt exists as to the usefulness of evidence, [the government] should resolve such doubts in favor of full disclosure . . . ." *United States v. Van Brandy*, 726 F.2d 548, 552 (9th Cir. 1984) (citation omitted). Due process requires that disclosure of exculpatory and impeachment evidence material to guilt or innocence be made in sufficient time to permit the defendant to make effective use of that information at trial. *See, e.g.*, *Weatherford v. Bursey*, 429 U.S. 545, 559 (1997).

Here, the government is refusing to disclose the requested evidence related to the Kwon prosecution for two reasons. *First*, it declares that the evidence is not relevant, though it makes no effort to refute Shetty's explanation to the contrary. *Second*, it claims it does not have to disclose the evidence because it is held by what it describes as a separate prosecution team in a separate district. Neither of these excuses has merit.

### A. The requested evidence is relevant.

Through multiple filings, the government has placed the riskiness of Fabric's HighTower investment—and Shetty's knowledge of the risk—at the center of its case. It claims that Shetty committed fraud by putting Fabric's money in what it has claimed was a high-risk, high-reward

---

[1] Although many *Brady* cases arise after trial, when a conviction is being appealed, *Sudikoff* held that, in the pretrial context, the "materiality" standard does not depend on whether evidence could have affected the outcome of trial but simply considers whether the disputed evidence "might reasonably be considered favorable to the defendant's case." 36 F. Supp. 2d 1199.

MOTION TO COMPEL *BRADY* MATERIAL - 7
(No. 2:23-cr-00084-TL)

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

investment, which it likened to a hand of blackjack, rather than a conservative investment that Fabric's board might have preferred.

If the Court allows the government's case to proceed to trial, Shetty will have to defend against these allegations. To do so, he intends to put on evidence that he believed the investment was conservative—or, in the indictment's terms, "vanilla"—based at least in part on representations made by Terraform and Kwon.

The Department of Justice has taken the position in a separate prosecution that Terraform and Kwon misled investors, including Shetty, into believing that TerraLuna was a stable, conservative investment and would remain pegged to the dollar. Materials and communications supporting these allegations would, *at a minimum*, corroborate Shetty's defense that he believed in good faith that TerraLuna—and thus HighTower—was not a risky investment. And evidence revealing that Kwon's fraud led to the crash of UST is relevant because it shows that the reasons for the crash were not foreseeable to Shetty or other prudent investors—they were intentionally concealed from them. This further corroborates that Shetty had a good-faith belief that the HighTower investment was safe and conservative.

Do Kwon's representations to investors are also relevant to sentencing, as "actual loss" for purposes of sentencing means "the reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. § 2B1.1 cmt. n.3(A)(i). And "reasonably foreseeable pecuniary harm" means loss that the defendant knew or reasonably should have known "was a potential result of the offense." U.S.S.G. § 2B1.1 cmt. n.3(A)(iv). Materials about how Kwon and Terraform falsely marketed UST to investors tends to corroborate Shetty's claim that he reasonably believed UST was a safe and sound investment. And Kwon's fraudulent conduct is a relevant intervening cause that led to the $35 million dollar loss.

For these reasons, the materials are thus relevant and exculpatory. And they certainly meet the *Sudikoff* standard of being reasonably "considered favorable to the defendant's case."

MOTION TO COMPEL *BRADY* MATERIAL - 8
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

### B. The government has a duty to disclose this evidence.

At a minimum, the government must provide the *Brady* materials that are in the possession of the Department of Justice—no matter which office holds them in its file cabinets.

The government's duty to disclose *Brady* material is not just limited to evidence in the physical possession of the prosecuting office. *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989). A prosecutor can be deemed to have knowledge of and access to documents in the possession of a separate agency, even if the agency did not participate in the investigation of the defendant. *United States v. Santiago,* 46 F.3d 885, 893 (9th Cir. 1995). And the relationship between the prosecuting office and the agency is another important consideration. In *Santiago*, the court highlighted "[t]he fact that the Bureau of Prisons and the United States Attorney's Offices are both branches of the Department of Justice" in finding that BOP prison files were available to federal prosecutors. *Id.* at 894.

Here, there is no question that the U.S. Attorney's Offices for the Western District of Washington and Southern District of New York are both branches of the Department of Justice. The prosecutors in this case therefore have ready access to copies of the requested *Brady* materials held by their colleagues in the Southern District of New York.

There is simply no legal basis for the government's claim that its duty to disclose *Brady* material in this case is limited by geography. In fact, the Ninth Circuit has squarely rejected this excuse, holding that there is "no reason why the prosecutor's obligation under *Brady* should stop at the border of the district." *Bryan*, 868 F.2d at 1037. In doing so, the Ninth Circuit has confirmed that "[i]f a federal prosecutor has knowledge of and access to the exculpatory information as defined in *Brady* and its progeny that is outside the district, then the prosecutor must disclose it to the defense." *Id.* Here, the government knows about the Kwon case and can access the materials held by their colleagues in SDNY. They must disclose them.

MOTION TO COMPEL *BRADY* MATERIAL - 9
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

**CONCLUSION**

For the reasons above, the Court should grant the motion and compel the government to disclose the requested materials to the defendant. Undersigned counsel has conferred with counsel for the government who are opposed to this motion.

DATED this 25th day of July, 2024. I certify that this motion contains 2,889 words, in compliance with the Local Criminal Rules.

Respectfully Submitted,

CORR CRONIN LLP

*s/ Jeffrey B. Coopersmith*
Jeffrey B. Coopersmith, WSBA No. 30954
1015 Second Avenue, Floor 10
Seattle, Washington  98104-1001
Ph: (206) 625-8600 | Fax: (206) 625-0900
jcoopersmith@corrcronin.com

LITSON PLLC

J. Alex Little, *admitted pro hac*
Zachary C. Lawson, *admitted pro hac*
6339 Charlotte Pike, Unit #C321
Nashville, TN 37209
alex@litson.co
zack@litson.co

*Attorneys for Defendant*

MOTION TO COMPEL *BRADY* MATERIAL - 10
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900