UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br>  v.<br>NEVIN SHETTY,<br><br>               Defendant. | CASE NO. 2:23-cr-00084-TL<br><br>ORDER ON MOTION TO CONTINUE TRIAL |

This matter is before the Court on Defendant Nevin Shetty's Motion to Continue Trial. Dkt. No. 69. Having considered the motion, the Government's response (Dkt. No. 72), and the relevant record, the Court GRANTS Defendant's motion.

## I.  BACKGROUND

The grand jury returned the indictment against Mr. Shetty in May 2023. Dkt. No. 1. The following month, the Parties asked the Court to continue the trial until May 2024. Dkt. No. 11. The Court granted this continuance. Dkt. No. 13.

In January 2024, Mr. Shetty replaced his legal team. Dkt. Nos. 25–27, 32–33. Shortly thereafter, Mr. Shetty moved to continue trial in order to provide his new counsel additional time to prepare for trial, in light of the complex and extensive discovery in this case. Dkt. No. 35 ¶¶ 8–12. The Government did not oppose the motion. *Id.* ¶ 6. Trial was consequently continued to September 2024. Dkt. No. 36.

Since the appearance of Mr. Shetty's new legal team, he has filed a motion to suppress evidence and fruits obtained as a result of the Search Warrant issued in September 2022 (Dkt. No. 41), a motion to dismiss the indictment in its entirety (Dkt. No. 52), and a motion to compel the government to disclose *Brady* material (Dkt. No. 73). Mr. Shetty now moves to continue the trial to March 31, 2025. Dkt. No. 69.

## II.    LEGAL STANDARD

"A trial judge has broad discretion in deciding a motion to continue trial." *United States v. Wilke*, No. CR19-5364, 2020 WL 92005, at *2 (W.D. Wash. Jan. 8, 2020) (citing *Morris v. Slappy*, 461 U.S. 1, 11 (1983)). In considering a continuance, a court considers: "(1) counsel's diligence in preparing his defense prior to the trial date; (2) whether the continuance would satisfy the defendant's needs; (3) the inconvenience a continuance would cause the court and the government; and (4) the extent to which the defendant would suffer harm if the continuance was denied." *Id.* (citing *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000)) (granting motion to continue trial). "The fourth factor is the most important." *Id.*

## III.    DISCUSSION

**A.    Diligence**

The first factor is counsel's diligence in preparing the defense prior to trial. *Wilke*, 2020 WL 92005, at *2. Mr. Shetty argues that,

> Since [his legal team] entered their appearances, [he] has filed two substantive motions—a motion to suppress and a motion to dismiss, provided more than 100 pages of expert disclosures, and responded to the government's motion to exclude expert testimony. In addition, Mr. Shetty and his counsel have reviewed discovery consisting of nearly 400,000 pages from 64,000 documents, issued three third-party subpoenas with dozens of specific document requests, and will soon be filing a motion to compel a bench trial."

Dkt. No. 69 ¶ 4.

The Court is satisfied that Mr. Shetty's counsel has been reasonably diligent in their preparation for trial. For example, one of the bases for the motion to continue is Mr. Shetty's counsel's need to review large amounts of discovery it anticipates will be produced in response to three third-party subpoenas. *Id.* While the Government argues that this "is an issue of Shetty's own making," because he did not raise these subpoenas with the Court until nearly a year after the indictment and three months after his current counsel appeared in the case, this does not mean that counsel has not been diligent in their trial preparation. "Counsel cannot exercise diligence by reviewing and following up on material that has not yet been disclosed." *Wilke*, 2020 WL 92005, at *2. Further, it is not unreasonable for Mr. Shetty's counsel to have taken time after their appearance to review discovery that had already been propounded before drafting and issuing the three subpoenas, as Mr. Shetty notes (Dkt. No. 74 at 2), in particular due to the extensive and complicated nature of the discovery in this case (*see* Dkt. No. 11 ¶¶ 5–6).

The Government also argues that production of documents in response to Mr. Shetty's subpoenas has been delayed in part because they are "extraordinarily broad, seeking many sweeping categories of documents that have no apparent relevance to the case or, in some cases, had already been produced to the defense by the government." Dkt. No. 72 at 2. But as Mr. Shetty points out, the third parties at issue have not moved to quash the subpoenas and either have produced responsive materials or are making rolling productions after negotiating the scope

of production with Mr. Shetty. Dkt. No. 74 at 4. That Mr. Shetty needed to negotiate the scope of production with third parties is not evidence that counsel has not been diligent in their preparation for trial. Finally, Mr. Shetty should be able to do his own due diligence investigation to make an independent determination as to whether the Government has produced all relevant documents from or available to third parties.

However, Mr. Shetty's delay in seeking the production of *Brady* materials does not weigh in his favor. The subject of Mr. Shetty's *Brady* demand—the civil and criminal cases against Do Kwon and Terraform Labs—have been pending since March 2023, two months *before* Mr. Shetty was indicted. Dkt. No. 69 ¶ 20–21. And Mr. Shetty and his current counsel knew in April 2024 that the Government would not voluntarily produce evidence related to Mr. Kwon's cases. *Id.* ¶ 27. But Mr. Shetty waited until July 2024—nearly three months after his oral request for *Brady* evidence to the government—to make a written demand (*id.* ¶ 29), and only filed a motion on this issue on July 25, 2024 (Dkt. No. 73). The Court agrees with the Government that this delay was unnecessary; however, the fact remains that Mr. Shetty's counsel must still review any evidence that may be produced based on the Court's order on Mr. Shetty's *Brady* motion which they were unable to access earlier. Nevertheless, the Court concludes that, overall, counsel has been diligent in preparing the case for trial.

B.      **Usefulness of Continuance**

The second factor is "the likelihood that the continuance would serve a useful purpose." *Wilke*, 2020 92005, at *3 (quoting *United States v. Mejia*, 69 F.3d 309, 315 (9th Cir. 1995)). There is no doubt that a continuance would be useful to Mr. Shetty on the basis that more time is needed to review the discovery produced by Fabric and follow up on and request additional documents. *See* Dkt. No. 72 at 4. A continuance would not only enable Mr. Shetty to thoroughly review this discovery, but additionally allow him to follow up on and investigate any exculpatory

information contained within that discovery as well as information produced by third parties without interfering with his trial preparation. Therefore, the Court concludes that granting the continuance would serve the useful purpose of allowing Mr. Shetty to adequately prepare for trial.

C.     **Inconvenience**

"The third factor is whether the continuance would inconvenience the court and the government." *Wilke*, 2020 WL 92005, at *4. This factor weighs heavily in the Government's favor. This case has been pending for well over a year and has already been continued twice—the first time for over a year. *See* Dkt. Nos. 69, 13, 36.

However, unlike in *Wilke*, where the court granted a continuance over the government's objection, the Government joined in the first continuance request and did not object to the second request. Further, the Government here has not identified any specific witnesses whose memories it is concerned may fade or who may become unavailable. Dkt. No. 72 at 2. In *Wilke*, the court granted a continuance despite previous continuances previously having forced the government to "twice prepare its case for trial," including by:

> [U]sing the limited resources of its sole investigator to locate and serve numerous witnesses living on the Olympic Peninsula, making travel arrangements and purchasing travel for out-of-state witnesses, and enrolling Chapman, a key witness who is represented to be highly transient, into a federal witness resource program which lasts only 30 days and cannot be renewed . . . .

2020 WL 92005, at *4. The *Wilke* court indeed recognized that the motion to continue trial "past the expiration of the unrenewable witness program Chapman is participating [in] could conceivably prejudice the Government's interest in a reliable prosecution," but granted the continuance. *Id.* Here, the Government merely speculates that unidentified witnesses' memories

ORDER ON MOTION TO CONTINUE TRIAL - 5

could "fade over time" or that these witnesses might "become unavailable altogether." Dkt. No. 72 at 2. This is not enough to outweigh the other factors that fall in Mr. Shetty's favor.

**D.     Prejudice**

"The fourth and most important factor is the extent of the prejudice the defendant would suffer if the continuance was denied." *Wilke*, 2020 WL 92005, at *4 (citing *Zamora-Hernandez*, 222 F.3d at 1049). As discussed above, the extensive and complicated discovery that has been already produced and that the Parties anticipate being produced in this case requires follow up investigation which is unable to be completed prior to the existing trial date. In turn, this interferes with counsel's ability to provide competent representation at trial. Further, there are several outstanding motions that may result in the need for further investigation and follow up by Mr. Shetty. Thus, Mr. Shetty has demonstrated prejudice on the motion in the form of a potential violation of his Sixth Amendment rights. *See, e.g.*, *Wilke*, 2020 WL 92005, at *4.

## IV.     CONCLUSION

Accordingly, the Court GRANTS Defendant Shetty's Motion to Continue Trial (Dkt. No. 69) and sets the trial of this case for March 31, 2025.

Dated this 2nd day of August 2024.

　　　　　　　　　　　　　　　　　　Tana Lin
　　　　　　　　　　　　　　　　　　United States District Judge