UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

NEVIN SHETTY,

Defendant.

CASE NO. 2:23-cr-00084-TL

ORDER ON MOTION FOR
SANCTIONS

This matter is before the Court on Mr. Shetty's Motion for Sanctions. Dkt. No. 112. Having considered the Government's response (Dkt. No. 114), Mr. Shetty's reply (Dkt. No. 115), and the relevant record, and finding oral argument unnecessary, *see* CrR 12(b)(12), the Court DENIES the motion.

## I.    BACKGROUND

The Court assumes familiarity with the facts of this case. Relevant to the instant motion, on March 7, 2023, Mr. Shetty's previous counsel notified the Government that "the United States Securities and Exchange Commission . . . charged Terraform Labs PTE LTD. [("Terra")] and Do

Kwon with 'orchestrating a multi-billion dollar crypto asset securities fraud' related to UST – the stablecoin in which [Mr. Shetty] invested Fabric and Chrono's money." Dkt. No. 112-2 at 2. On April 22, 2024, Mr. Shetty's current counsel made an oral *Brady* demand related to evidence from the Department of Justice investigation and prosecution of Kwon, and the Government refused to produce the requested discovery. Dkt. No. 112 at 3. On July 18, 2024, Mr. Shetty's counsel memorialized the *Brady* demand in a letter to the Government, and the Government responded the next day that it did not intend to produce the requested discovery. *Id.* On July 25, 2024, Mr. Shetty filed a motion to compel production of *Brady* material. Dkt. No. 73.

On December 4, 2024, the Court issued its Order granting Mr. Shetty's motion to compel. Dkt. No. 102. On December 16, 2024, the Government filed a status report regarding the Court's Order, recognizing that the Court had ordered production within 30 days of its Order and indicating that it would not be possible to meet that deadline due to the size of the SDNY USAO's casefile and because a collection of discoverable records had not yet been prepared. Dkt. No. 104 at 1–2. On January 10, 2025, the Government filed a motion for reconsideration in which it argued, *inter alia*, that its proposal of factual stipulations to Mr. Shetty satisfies its *Brady* obligations. Dkt. No. 107 at 10. The Court entered an order granting the Government's request. Dkt. No. 117. In particular, the Court ordered the Government to "make any revisions to its factual summary[1] consistent with the Court's prior holdings regarding favorability and possession, and to produce the summary to Defendant, within fourteen (14) days of [the] Order." *Id.* at 9.

---

[1] The Government originally proposed its summaries as a set of "factual stipulations" to Mr. Shetty. Dkt. No. 108-1 at 4–10.

1

## II.    LEGAL STANDARD

2       "A district court may dismiss an indictment for a violation of due process or pursuant to

3    its supervisory powers." *United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993). "To justify

4    such an extreme remedy, the government's conduct must have caused substantial prejudice to the

5    defendant and been flagrant in its disregard for the limits of appropriate professional conduct."

6    *United States v. Lopez*, 4 F.3d 1455, 1464 (9th Cir. 1993). Dismissal is warranted "when the

7    defendant suffers substantial prejudice and where no lesser remedial action is available." *United*

8    *States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008). The question as to prejudice is whether

9    there has been actual and substantial prejudice, not projected or presumed prejudice. *United*

10   *States v. Barrera-Moreno*, 951 F.2d 1089, 1093 (9th Cir. 1991); *see also Bank of Nova Scotia v.*

11   *United States*, 487 U.S. 250, 255–57 (1988).

12   ## III.    DISCUSSION

13      They key to Mr. Shetty's request is whether he can show that he suffered substantial

14   prejudice that no lesser remedial action short of dismissal can rectify. *See Chapman*, 524 F.3d at

15   1087. The Court finds Mr. Shetty does not meet this burden here.

16      The Court adopts and incorporates its Order on Motion for Reconsideration of the

17   Court's Order Compelling Brady Material (Dkt. No. 117) in this Order. The Court will not repeat

18   the findings and analysis here, except to note that this is an unusual situation in which much of

19   the information sought by Mr. Shetty "showing that Do Kwon was actively deceiving investors –

20   including Mr. Shetty" (Dkt. No 112 at 7) appear to be (1) statements made and/or materials

21   posted by Do Kwon in the public domain (and, therefore, are available to Mr. Shetty) and (2)

22   statements or materials that Mr. Shetty relied upon regarding TerraUSD and, therefore, would

23   presumably already know about.

24

1    The situation here is nothing like the facts in the cases cited by Mr. Shetty where, for

2    example, large volumes of material were produced *during* trial and after the witnesses to whom

3    the disclosed information related had completed their testimony. *Chapman*, 524 F.3d at 1079–85.

4    Nor is this case like *United States v. Govey*, where the government did not produce a single piece

5    of material evidence until approximately one week before trial, when it then "dumped 75,000

6    material documents on Defense counsel within the span of a week" and also "dumped over

7    20,000 material documents and an hour and a half of video footage on the Court, requesting

8    significant privilege determinations" on the eve of trial—all after the government had previously

9    requested two continuances to review the materials. *United States v. Govey*, 284 F. Supp. 3d

10   1054, 1062 (C.D. Cal. 2018).

11   Mr. Shetty also repeatedly mentions as a reason to dismiss the indictment the 15-month

12   delay the Government requested if the Court were to order it to review the full investigative files.

13   However, the Court has ruled that the Government can provide summaries of the information (at

14   its own risk) by February 13, 2025. Therefore, no continuance of the trial date (which is still

15   nearly two months away) is needed. Further, Mr. Shetty has known the major contours of the

16   summary since at least December 27, 2024, when the Government proposed it as a possible

17   stipulation in an effort to comply with the Court's prior Order on the *Brady* material. *See* Dkt.

18   No. 108-1 at 2. Therefore, the Court finds Mr. Shetty has suffered no substantial prejudice. Even

19   if the Court found Mr. Shetty suffered some amount of prejudice from the timing of the

20   disclosure, the question would then be whether there is a "lesser remedial action [ ] available"

rather than dismissal. *Chapman*, 524 F.3d at 1087. The answer to that question is easily yes: the Court can grant Mr. Shetty a short continuance upon his request.[2]

Having found that Mr. Shetty has not suffered substantial prejudice and there is a lesser remedial action available should Mr. Shetty need more time to prepare for trial, the Court need not reach whether the Government's conduct was "flagrant in its disregard for the limits of appropriate professional conduct." However, the Court points out that flagrant disregard requires more than merely negligent or even grossly negligent governmental conduct. *See Chapman*, 524 F.3d at 1085 (citing *Kearns*, 5 F.3d at 1255). Therefore, even if the Court had to reach this issue, it would find the Government could have been more diligent (as could Mr. Shetty), *see* Dkt. No. 117 at 3–4 and n.1, but it would also find that the Government had not acted in blatant disregard of the appropriate limits of professional conduct.

## IV.    CONCLUSION

Accordingly, Mr. Shetty's Motion for Sanctions (Dkt. No. 112) is DENIED.

Dated this 31st day of January 2025.

Tana Lin
United States District Judge

---

[2] The Court notes that Mr. Shetty either agreed to or requested all the prior continuances in this case. Dkt. No. 11 (stipulation motion to continue trial); Dkt. No. 35 (unopposed motion to continue trial by Mr. Shetty); Dkt. No. 69 (motion to continue trial by Mr. Shetty).