UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　v.<br>NEVIN SHETTY,<br><br>　　　　　　Defendant. | CASE NO. 2:23-cr-00084-TL<br><br>ORDER ON MOTION TO CONTINUE TRIAL |

This matter is before the Court on Defendant Nevin Shetty's Motion to Continue Trial. Dkt. No. 119. Having considered the motion, the Government's response (Dkt. No. 121), Defendant's reply (Dkt. No. 122), and the relevant record, the Court GRANTS Defendant's motion.

**I.    PROCEDURAL BACKGROUND**

This is the fourth motion requesting a continuance in this case. On June 7, 2023, the Parties filed a stipulated motion requesting a continuance of the trial date, citing the "complicated factual elements," "extensive discovery," and "the need for adequate time for

ORDER ON MOTION TO CONTINUE TRIAL - 1

defense counsel to fully and adequately review the discovery with his client, as well as any factual and legal issues presented, and sentencing consequences, so he can make an informed and intelligent decision of how to proceed." Dkt. No. 11 at 2–3. The Court granted this request and reset the trial date to May 13, 2024. Dkt. No. 13 at 2.

On January 29, 2024, Defendant filed an unopposed motion for a second continuance of the trial date because Defendant had obtained new counsel in late January 2024 who required additional time to prepare for trial in light of the "particularly complex" nature of the case and "extensive" discovery. Dkt. No. 35 at 2–3. The Court granted Defendant's request and reset the trial date to September 23, 2024. Dkt. No. 36 at 2.

On July 19, 2024, Defendant filed a third motion for continuance because he had not yet received responses to two out of three subpoenas that he had issued, and there remained an unresolved *Brady* dispute. Dkt. No. 69 at 2–3. Defendant noted that the Government had produced 400,000 pages of discovery, and that Defense counsel had filed 149 pages of briefing and provided notice to the Government of Defendant's intent to call six expert witnesses at trial, having provided more than 100 pages of disclosures in support. *Id.* at 8. The Government opposed the motion. Dkt. No. 72. While the Court found that Defense counsel had generally been diligent in preparing the case for trial, the Court questioned counsel's delay in requesting *Brady* material from the Government. Dkt. No. 76 at 3–4. Nevertheless, the Court granted Defendant's request, as Defendant would need an opportunity to review materials provided in response to the subpoenas and to his *Brady* request. *Id.* at 4–5. The Court reset the trial date to March 31, 2025. *Id.* at 6.

On July 25, 2024, Defendant filed a motion to compel *Brady* material identified from *United States v. Do Kwon*, No. CR23-151, a case pending in the Southern District of New York ("SDNY"). Dkt. No. 73. On December 24, 2024, the Court granted Defendant's motion, ordering

ORDER ON MOTION TO CONTINUE TRIAL - 2

the Government to produce *Brady* evidence from the *Do Kwon* case within thirty days of the order ("*Brady* Order").[1] Dkt. No. 102 at 12. On January 10, 2025, the Government filed a motion for reconsideration of the Court's *Brady* Order on the grounds that: (1) the investigation in the case was ongoing; and (2) the SDNY case file contained roughly seven terabytes of information. Dkt. No. 107 at 3. The Government asked the Court to, at a minimum, narrow its order and offered to work with Defendant to develop stipulations that fairly summarize pertinent evidence known to the SDNY team. A draft of such stipulations was produced to Defendant on December 27, 2024. *Id.* at 3, 12. Alternatively, if the Court was not inclined to at least narrow the *Brady* Order, the Government requested that the Court extend the time for compliance with the order by at least a year and continue the trial at least fifteen months. *Id.* at 12. Defendant opposed the motion and raised "serious speedy trial concerns" with the Government's suggestion of a fifteen-month continuance of the trial date. Dkt. No. 111 at 3. On January 30, 2025, the Court granted the Government's motion, narrowing the *Brady* Order and directing the Government to provide Defendant with a factual summary that "fairly and meaningfully convey[s] the sum and substance of the case against Kwon as it relates to [Mr. Shetty's] intended defense" within fourteen days of the order (*i.e.*, by February 13, 2025). Dkt. No. 117 at 7, 9.

## II.    DISCUSSION

On February 7, 2025, Defendant filed the instant motion to continue trial. Dkt. No. 119. In Defendant's latest motion, Defendant notes that exhibit and witness lists were due on February 14, 2025, one day after the Government's deadline to produce its summary. *Id.* at 2. Defense counsel asserts that they will need additional time after receiving the Government's

---

[1] The Court waited to resolve the *Brady* motion until it had ruled on Defendant's Motion to Dismiss (Dkt. No. 52) —which was re-noted to allow for the filing of an amicus brief by The National Association of Criminal Defense Lawyers (Dkt. No. 87) and the filing of responsive briefs by both parties to the amicus brief (Dkt. No. 91), as well as Defendant's Motion to Suppress (Dkt. No. 41). The granting of either motion would have mooted the *Brady* motion.

ORDER ON MOTION TO CONTINUE TRIAL - 3

summary to "effectively prepare for trial and provide complete witness and exhibit lists" and to "identify and subpoena additional witnesses beyond Mr. Shetty and his cryptocurrency experts who can testify to the information contained therein." *Id.* Defendant also states that he "expects to exercise his right under Federal Rule of Criminal Procedure 16(a)(1)(E)(i) to inspect and copy underlying evidence referenced in the Government's *Brady* summary that is material to preparing his defense." *Id.* The Government takes no position on Defendant's motion.[2] Dkt. No. 121 at 1.

The Court disagrees with Defendant's assertion that the Court's order granting reconsideration on the motion to compel necessitates additional preparation time. Dkt. No. 122 at 3. Although the Government was ordered to provide its final summary on February 13, 2025, Defendant has had notice of the contents of the summary (and, therefore, a number of public statements made by Mr. Kwon) since December 27, 2024, three months before the present trial date. Dkt. No. 107 at 3. Further, Defendant asserts that "Do Kwon's misrepresentations saturated the market through various media," and "Do Kwon's statements were voluminous and widely distributed through multiple channels – social media, interviews, presentations, and other means." Dkt. No. 122 at 3. He asserts that "the government's suggestion that Mr. Shetty can

---

[2] The Government objects to Defendant's suggestion that he should be given more time to exercise his rights under Federal Rule of Criminal Procedure 16 for discovery, because Defendant failed to file any motion to compel discovery under this rule prior to the Court's deadline in the case schedule. Dkt. No. 121 at 3. The Court need not reach whether Defendant should be given more time to exercise his rights under Rule 16 because the Court finds sufficient grounds for a continuance on other grounds. However, the Court notes that all pretrial motions were due by July 1, 2024. Dkt. No. 39. Defense counsel made an oral request for *Brady* materials on April 22, 2024 (Dkt. No. 73 at 5, 6) and knew in April 2024 that the Government would not voluntarily produce evidence related to the SDNY case (Dkt. No. 69 ¶ 27). Yet Defense counsel did not memorialize the request for *Brady* material in writing until July 18, 2024 (Dkt. No. 73 at 6), or file a motion to compel until July 25, 2024 (Dkt. No. 73), less than two months before the then-scheduled trial date. Further, Defendant relied exclusively on *Brady* in requesting materials from the SDNY case. *See generally id.* All this being said, and as the Court has previously cautioned the Government, its orders on the *Brady* issue "should not be construed as a finding that the Government has satisfied its obligations under *Brady*, and the impact of any failure to satisfy its *Brady* obligations will fall squarely on the Government." *See, e.g.*, Dkt. No. 117 at 9.

ORDER ON MOTION TO CONTINUE TRIAL - 4

locate these statements himself because they were once 'public' is pure speculation." *Id.* But as he acknowledges that the at-issue statements were once public—and, further, that he knew of and relied upon at least some of these statements (Dkt. No. 73 at 8)—there was nothing preventing him from trying to locate and preserve these (or other) public statements from the moment he was indicted. And if he was having trouble finding them, he could have raised the issue much earlier with the Government. Still, the Government has a self-executing duty to disclose *Brady* material. *See Paradis v. Arave*, 240 F.3d 1169, 1176 (9th Cir. 2001).

Further, while Defendant need not present all of the relevant statements made by Do Kwon at trial, as at some point they will become duplicative and/or cumulative, Kwon's misrepresentations may be favorable to the defense for the reasons further explained in Defendant's reply to the motion. Dkt. No. 122 at 3–4. The Government asserts that the summary it will provide will be little changed from the information it previously disclosed. Dkt. No. 121 at 2. But Defendant understandably needs certainty in order to prepare for trial, and he will not have that until he receives the final summary. At the time the Court granted the Government's motion for reconsideration, it did not know how much more information, if any, would be provided in the factual summaries. If the Government's factual summary is similar to the draft provided in December 2024, then it should not take Defendant long to determine if he can locate these documents and, if not, request them from the Government. And while the Court will not tell the Government how to fulfill its duties under *Brady*, the Court nevertheless notes that it does not seem like it would be particularly burdensome for the Government to produce copies of those documents to Defendant if they are in the Government's possession.

The Court also bears in mind that Defense counsel substituted into a case that both parties recognize is complex with extensive discovery (over 400,000 pages of government and third-party discovery, Dkt. No. 119 at 3) and has involved vigorous motions practice. And Defendant

did not have certainty with regard to the revised summary being provided by the Government until about one and a half months before trial. Finally, the Court recognizes that even if Defendant had begun issuing subpoenas to third parties based on the December 27, 2024, draft summary provided by the Government, reviewing the evidence, analyzing the evidence, potentially identifying and subpoenaing additional witnesses, and incorporating the information into his defense, may take additional time. Dkt. No. 119 at 2.

### III. CONCLUSION

Having thoroughly considered the briefing and the relevant record, the Court FINDS that:

(a) Taking into account the exercise of due diligence, a failure to grant a continuance in this case would deny counsel for the Defendant the reasonable time necessary for effective preparation due to counsel's need for more time to review the evidence, analyze the evidence, potentially identify and subpoena additional witnesses, and incorporate the information into his defense, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv);

(b) Given the complexity of this case and the volume of discovery in the case, a failure to grant a continuance would likely result in a miscarriage of justice under 18 U.S.C. § 3161(h)(7)(B)(i) and (ii);

(c) The ends of justice will best be served by a continuance, and the ends of justice outweigh the best interest of the public and the defendants in any speedier trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and

(d) Based on the large amount of discovery in the case and the schedules of counsel for the government and the defense, the requested continuance is both necessary and appropriate.

Therefore, this Court GRANTS Defendant's motion to continue and sets the trial of this case for September 22, 2025.

The Court further EXCLUDES the period from the date of this order through September 22, 2025, from computation of the time within which the trial must commence under the Speedy Trial Act. Defendant has waived his speedy trial right through October 22, 2025. Dkt. No. 120.

This Court further VACATES the present pretrial motions deadline of March 31, 2025. The Court will separately issue a new pretrial case management schedule.

Dated this 18th day of February 2025.

Tana Lin
United States District Judge