UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. 2:23-cr-00084-TL |
|---|---|
| Plaintiff, | ORDER ON MOTION TO COMPEL |
| v. | |
| NEVIN SHETTY, | |
| Defendant. | |

This matter is before the Court on Defendant Nevin Shetty's Motion to Compel Documents. Dkt. No. 127. Having considered the Government's response (Dkt. No. 128), Mr. Shetty's reply (Dkt. No. 129), and the relevant record, and finding oral argument unnecessary, *see* CrR 12(b)(12), the Court DENIES the motion.

### I. BACKGROUND

The Court assumes familiarity with the facts of the case. Relevant to the instant motion, on July 25, 2024, Mr. Shetty filed a motion to compel production of *Brady* material. Dkt. No. 73

(*Brady* motion). Mr. Shetty argued that the Government was in possession of, and should produce:

> [A]ll evidence (1) tending to suggest that Do Kwon took steps to mislead investors and the public about the safety, security, and stability of the UST cryptocurrency, including the ability of Terra's algorithms to maintain a stable peg with the U.S. dollar; and (2) tending to suggest that the collapse of UST was directly caused by the actions of Mr. Kwon and his co-conspirators.

*Id.* at 6 (quoting Dkt. No. 73-1 (letter requesting *Brady* materials) at 2). Mr. Shetty contended that such information was relevant to the instant action and potentially exculpatory, as it would bolster his defense that he believed that the TerraUSD investment by HighTower was conservative based in part on representations made by Mr. Kwon. *Id.* at 8. In its opposition, the Government argued that the requested information was not favorable or material and, further, that the Government was not in "possession" of the materials for the purposes of *Brady* because they were held by the U.S. Attorney's Office ("USAO") for the Southern District of New York ("SDNY") pursuant to that office's investigation and indictment of Mr. Kwon. *See generally* Dkt. No. 75. Following briefing by the Parties, Mr. Shetty filed a supplemental brief in support of his motion to compel, addressing corporate law principles relevant to the motion. Dkt. No. 92.

      The Court granted Mr. Shetty's motion to compel on December 4, 2024. Dkt. No. 102 (*Brady* Order). In its *Brady* Order, the Court determined that under the Ninth Circuit's recent decision in *United States v. Cloud*, 102 F.4th 968 (9th Cir. 2024), no determination of materiality was required upon a pre-trial motion to compel under *Brady*, and that "the government must disclose upon request all favorable evidence that is likely to lead to favorable evidence that would be admissible." Dkt. No. 102 at 6 (quoting *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1200 (C.D. Cal. 1999)). Consistent with that standard, the Court determined that the Government

1  should produce favorable information specifically requested by Mr. Shetty that was within the
2  Government's possession. *See id.*

3  On December 16, 2024, the Government filed a status report regarding the Court's *Brady*
4  Order, recognizing that the Court had ordered production within 30 days of its order and
5  indicating that it would not be possible to meet that deadline due to the size of the SDNY
6  USAO's casefile and because a collection of discoverable records had not yet been prepared.
7  Dkt. No. 104 (status report) at 1–2. On January 10, 2025, the Government filed a motion for
8  reconsideration of the Court's *Brady* Order, arguing in part that a proposed set of factual
9  stipulations that it contended "fairly and meaningfully convey[ed] the sum and substance of the
10 case against Mr. Kwon as it relates to [Mr. Shetty's] intended defense" satisfied its *Brady*
11 obligations. Dkt. No. 107 (motion for reconsideration) at 10.

12 On reconsideration, the Court determined that, without evidence to the contrary, it was
13 obligated to defer to the Government's representation that its factual summary satisfied its *Brady*
14 obligations. Dkt. No. 117 (Reconsideration Order) at 8. It found that by merely speculating that
15 the Kwon files contained favorable evidence not disclosed in the Government's proposed
16 summary, Mr. Shetty had not shown good cause to question the Government's representations of
17 its compliance with *Brady*. *Id.* The Government subsequently produced a factual summary to
18 Mr. Shetty. *See* Dkt. No. 127 at 3.

19 After the Government produced its summary, Mr. Shetty sent a letter to the Government
20 requesting "specific evidence underlying the superseding indictment." Dkt. No. 127 at 3; *see also*
21 Dkt. No. 127-1 (February 28, 2025, letter). The Government largely denied Mr. Shetty's request
22 but on February 13, 2025, produced one email from the Kwon file. *See* Dkt. No. 127 at 3–4.

23 Mr. Shetty now moves to compel the Government to disclose "specific documents from
24 the Kwon file" pursuant to Federal Rule of Criminal Procedure 16. Dkt. No. 127 at 1.

## II. LEGAL STANDARD

Under Rule 16, "the government must, upon request, turn over any documents 'within the government's possession, custody, or control' that are 'material to preparing the defense.'" *United States v. Cano*, 934 F.3d 1002, 1022 (9th Cir. 2019) (quoting Fed. R. Crim. P. 16(a)(1)(E)(i)). "The defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Jefferson*, No. CR23-109, 2025 WL 53338, at *5 (W.D. Wash. Jan. 8, 2025) (quoting *Cano*, 934 F.3d at 1022). "Because 'information that is not exculpatory or impeaching may be relevant to developing a possible defense,' Rule 16 is 'broader than *Brady*.'" *Cano*, 934 F.3d at 1023 (quoting *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013)). However, "Rule 16 does not permit a 'far reaching fishing expedition,' and 'neither a general description of the information sought nor conclusory allegations of materiality suffice.'" *Jefferson*, 2025 WL 53338, at *5 (first quoting *United States v. Wolfenbarger*, No. CR16-519, 2019 WL 3037590, at *9 (N.D. Cal. July 11, 2019), then quoting *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995)).

"Finally, Rule 16(a)(2) limits the scope of discoverable materials [under Rule 16] by 'exempting from discovery the work product of Government attorneys and agents made in connection with the case's investigation." *Jefferson*, 2025 WL 53338, at *5 (quoting *United States v. Armstrong*, 517 U.S. 456, 456 (1996)).

## III. DISCUSSION

### A. Timeliness

The Government argues that Mr. Shetty's motion is untimely under Rule 12, which dictates that discovery motions under Rule 16 must be brought before the pretrial motions deadline. Dkt. No. 128 at 5–6; Fed. R. Crim. P. 12(b)(3)(E), (b)(4)(c).

The deadline for pretrial motions in this case was July 1, 2024. Dkt. No. 39 (Second Case Management Order) at 2. Mr. Shetty's motion was filed on March 25, 2025; accordingly, his motion is untimely. Mr. Shetty tries to get around this in two ways: first, by contending that the Government's factual summary triggers the Government's continuing duty to disclose under Rule 16(c); and second, that even if his motion is untimely, good cause exists to consider his request under Rule 12(c)(3). Dkt. No. 129 at 2–3.

Rule 16(c)'s continuing duty to disclose is triggered when a party discovers additional evidence or material that: (1) "is subject to discovery or inspection under [Rule 16]; *and* (2) [was] previously requested, or . . . ordered, [to be] produc[ed]." Fed. R. Crim. P. 16(c) (emphasis added). The Court ordered the Government to produce the factual summary (which has led to the discovery Mr. Shetty now requests) pursuant to Mr. Shetty's motion to compel under *Brady*—which made no mention of Rule 16.[1] Therefore, Mr. Shetty's argument regarding the Government's continuing duty to disclose under Rule 16(c) fails.

The Court also finds that Mr. Shetty does not establish good cause for his delayed requests. The Court is not persuaded by his argument that he could not have known about any of the information earlier. As the Court previously cautioned the Parties, neither Party has clean hands with respect to the timing of the requests for this material. *See* Dkt. No. 117 at 4 n.1. However, Mr. Shetty's attempt to blame the Government for producing the factual summary seven months after the pretrial motions deadline (Dkt. No. 129 at 3) falls flat and completely ignores the fact that the timing of the Government's disclosure was due to Mr. Shetty's delay in filing his motion to compel. Mr. Shetty's counsel originally requested material related to the

---

[1] Mr. Shetty filed his first motion to compel several weeks after the pretrial motions deadline. While a motion under Rule 16 would have been untimely at that point, Mr. Shetty did not attempt to move to compel under Rule 16 or try to demonstrate good cause at that time.

Kwon case in April 2024 (three months before the pretrial motions deadline). *Id.* at 5. In his July 25, 2024, motion to compel, he states that "[m]onths ago, Shetty's counsel requested that the prosecutors here provide materials in the possession of the Department of Justice that relate to Kwon's misrepresentations and the resulting UST crash. But the government has steadfastly refused to provide *any* evidence gathered in the Kwon case." Dkt. No. 73 at 2 (emphasis in original). Therefore, Mr. Shetty could have filed a motion to compel pursuant to Rule 16 well before the July 1, 2024 pretrial motions deadline since his counsel had requested this very information three months prior to the deadline and also knew the Government was refusing to produce it well in advance of the deadline. Instead, Mr. Shetty's counsel waited until July 18, 2024—after the pretrial motions deadline—to write to the Government about these materials. *See* Dkt. No. 73 at 6. And Mr. Shetty did not raise the issue with the Court until July 25, 2024, over three months after initially requesting the materials from the Government and over three weeks after the pretrial motions deadline. *See id.* Even when moving to compel production of that material under *Brady*, Mr. Shetty chose not to also move under Rule 16. *See* Dkt. Nos. 73, 73-1; *see also United States v. W.R. Grace*, 401 F. Supp. 2d 1069, 1076–77 (D. Mont. 2005) ("Thus, if the defense knows of the existence of information favorable to the accused, it should request that information by invoking Rule 16(a)(1)(E). For the prosecution[,] the constitutional command of *Brady* goes beyond Rule 16 to require the disclosure of information of which the defense *is not* aware.").

In addition, this is not a case where the Government exclusively holds all (or even a significant amount) of the information, in contrast to cases where, for example, a defendant seeks disclosure of a police investigation report or interview notes for a witness to whom the defendant did not have access. Here, Mr. Shetty's defense, at least in part, is that he heard and relied upon misrepresentations by Mr. Kwon. But again, Mr. Shetty should know what he heard and relied

ORDER ON MOTION TO COMPEL - 6

upon, and this information should be equally available to him as it is to the Government. If not, he could have made a request for material he relied upon but can no longer locate. But there is no request for any such material. And some of the materials he seeks (whether he relied on them or not) are publicly (and easily) available. Rule 16 does not obligate "the government to fish through public records and collate information which [is] equally available to the defense." *United States v. Flores*, 540 F.2d 432, 437 (9th Cir. 1976). Many of the misrepresentations by Mr. Kwon were made publicly and are easily available. Indeed, the Government represented that it located the "February 22, 2022, LFG press release touting LFG Reserve as merely providing 'a further layer of support'" within "less than a minute" and directed Mr. Shetty to the publicly available press release—which Mr. Shetty still seeks to compel the Government to produce. Dkt. No. 127-2 at 3; *see also* Dkt. No. 127-1 at 6. The Court was similarly able to locate in less than a minute the "How Does Terra Work?" video, published on October 21, 2020, that is among Mr. Shetty's requests of the Government.[2] Mr. Shetty does not explain why he did not obtain some of these materials earlier in order to make a Rule 16 request prior to the pretrial motions deadline, as it appears that he could have done so with minimal due diligence on his part.

Therefore, the Court FINDS Mr. Shetty's discovery requests to be untimely and that he has not established good cause for his delayed requests.

**B.    Rule 16 Request**

Even if Mr. Shetty's discovery requests were timely, the Court would find that he did not establish that the requests are material.

Under Rule 16, "[m]ateriality is a low threshold; it is satisfied so long as the information [sought] would have helped [the defendant] prepare a defense." *United States v. Johnson*, No.

---

[2] *See* Terra, *How Does Terra Work?*, YouTube (Oct. 21, 2020), https://www.youtube.com/watch?v=KqpGMoYZMhY [https://perma.cc/C8C6-SVKX].

ORDER ON MOTION TO COMPEL - 7

CR14-412, 2015 WL 3630952, at *2 (N.D. Cal. June 10, 2015) (alterations in original) (quoting *United States v. Hernandez Meza*, 720 F.3d 760, 768 (9th Cir. 2013)). This means that where there is a strong indication that evidence "will 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal,'" it is material. *United States v. Heine*, 314 F.R.D. 498, 501 (D. Or. 2016) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)).

Mr. Shetty makes approximately 64 discrete requests for information underlying the Government's factual summary. *See* Dkt. No. 127-1. Of these 64 requests, 39 are for identifiable documents (including, among other things, emails, statements, and presentations). *See id.* The other 25 requests are for "all evidence underlying" various statements in the Government's summary. *See id.* He argues that these requests are material to preparing his defense against "the government's core theory that Mr. Shetty knew that UST was a risky investment and that Mr. Shetty invested Fabric's money into UST with the intent to defraud fabric." Dkt. No. 127 at 5.

Mr. Shetty argues that the Court previously found that "the Kwon evidence [he] requested was *Brady*" and that the evidence is therefore "material to preparing the defense" under Rule 16. Dkt. No. 127 at 5. Mr. Shetty misinterprets the Court's *Brady* Order. The Court previously determined that, on Mr. Shetty's pre-trial motion to compel *Brady* material, "the government must disclose upon request all favorable evidence that is likely to lead to favorable evidence that would be admissible." Dkt. No. 102 at 6 (quoting *Sudikoff*, 36 F. Supp. 2d at 1200). The Court did *not* make any materiality determination on Mr. Shetty's *Brady* requests for (1) evidence tending to suggest that Mr. Kwon took steps to mislead investors and the public about the safety, security, and stability of the UST cryptocurrency, including the ability of Terra's algorithms to maintain a stable peg with the U.S. dollar; and (2) evidence tending to

suggest that the collapse of UST was directly caused by the actions of Mr. Kwon and his co-conspirators. *See id.* at 7–10. The Court determined that the first category was potentially favorable to Mr. Shetty's potential arguments as to the intent element of wire fraud, and that the second category was potentially favorable to Mr. Shetty's arguments about the foreseeability of the loss of the $35 million HighTower investment at a potential sentencing. *Id.* at 9, 10. This determination, while informative regarding Mr. Shetty's new requests, does not constitute a blanket ruling that any of Mr. Shetty's new requests are "material" under Rule 16. Indeed, the Court noted that "'[i]t is the government, not the [ ] trial court, that decides *prospectively* what information, if any, is material and must be disclosed under *Brady*.'" Dkt. No. 102 at 6 (quoting *United States v. Lucas*, 841 F.3d 796, 807 (9th Cir. 2016)) (emphasis in original)).

      Mr. Shetty also argues that because the Court determined that the Kwon evidence Mr. Shetty previously requested was likely favorable under *Brady*, it is necessarily material under Rule 16, citing to *United States v. W.R. Grace* to support this proposition. *See* Dkt. No. 127 at 5. However, in *W.R. Grace*, as in other cases where courts have found a showing of Rule 16 materiality, defendants made a showing of materiality as to each specific request. For example, defendants argued that "documents tending to show that the EPA approved the allegedly fraudulent . . . transaction referred to in . . . the indictment" were material "because they tend[ed] to show that Grace's sale of Libby properties to KDC and subsequent purchase of those properties received EPA approval, which would undermine the government's allegation that the transactions were fraudulent." 401 F. Supp. 2d at 1084. And in *United States v. Muniz-Jaquez*, the Ninth Circuit held that a defendant satisfied Rule 16's materiality requirement when he requested production of U.S. Border Patrol dispatch tapes mid-trial, arguing that they were relevant to "establishing whether law enforcement observed the defendant from the moment of his entry [into the United States] until arrest, and thus whether [defendant] could present an

official restraint defense." *See Heine*, 314 F.R.D. at 501 (citing *Muniz-Jaquez*, 718 F.3d at 1183–84).

Mr. Shetty's minimal arguments regarding the materiality of his requests do not meet this threshold. As an initial matter, Mr. Shetty does not make specific arguments as to the materiality of—each, or for that matter, any—of his 64 discrete requests. And while he argues that he is entitled to see "representations that [Mr. ]Kwon made that are consistent with those he relied upon" (Dkt. No. 129 at 6), Mr. Shetty has made no argument as to *any* specific representation from Mr. Kwon that he saw, heard, or relied upon.

Further, the Court does not agree with Mr. Shetty that "all representations" that Mr. Kwon made are relevant to this action. As previously discussed, the Government must prove at trial that Mr. Shetty "knowingly devised a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses," and that he "acted with the intent to defraud." Dkt. No. 102 at 8 (quoting 9th Cir. Model Jury Instr. 15.35 (2024)). The Government may attempt to prove its allegations against Mr. Shetty in part by having members of Fabric's board of directors testify that an investment in cryptocurrency was incompatible with their intentions for how Fabric's cash should be invested, Dkt. No. 75 at 2. These allegations may be refuted by, for example, testimony from Mr. Shetty regarding a belief that the HighTower investment *was* compatible with Fabric's board of directors' intention to invest the company's cash conservatively and evidence of Mr. Kwon's misrepresentations which led Mr. Shetty to that belief. *See* Dkt. No. 102 at 8–9. But in order for Mr. Kwon's misrepresentations to support Mr. Shetty's belief that the HighTower investment was safe and conservative, Mr. Shetty *himself* must have seen or relied upon those representations—that other investors, investing other funds, saw or relied upon *other* misrepresentations by Mr. Kwon is not

relevant to this action. *See also* Dkt. No. 103 at 9 (noting that it is the perception of Mr. Shetty that is at issue in this case).

Mr. Shetty has made no argument as to the misrepresentations by Mr. Kwon that he relied upon beyond the generic statement that "the government's core theory *that Mr. Shetty knew that UST was a risky investment and that Mr. Shetty invested Fabric's money into UST with the intent to defraud fabric*." Dkt. No. 127 at 5 (emphasis added). This conclusory statement is insufficient to show that his requested discovery is material. *See W.R. Grace*, 401 F. Supp. 2d at 1083 (noting that conclusory allegations of materiality do not suffice). For example, Mr. Shetty's first request is for "[a]ll communications and images related to Terra Luna's partnership with the Washington Nationals." Dkt. No. 127-1 at 2. But Mr. Shetty has made no argument that he ever saw—much less relied upon—any communications or images related to Terra Luna's partnership with the Washington Nationals, or that those communications or images led him to believe that TerraUSD was a safe investment. Mr. Shetty similarly fails to argue that he ever saw any "investor presentation document" by Mr. Kwon (*see* Dkt. No. 127-1 at 5)—accordingly, the Court cannot determine that "[a]ll versions" of an "investor presentation document distributed by [Mr. Kwon]" would help Mr. Shetty prepare a defense. Without any such representation from Mr. Shetty or additional argument as to the materiality of this information, the Court cannot determine that such information is material to this action.

Mr. Shetty argues that "[i]f the [G]overnment possessed a video recording of a witness contradicting their grand jury testimony," Rule 16 would require that the video itself be produced. Dkt. No. 127 at 6. But Mr. Shetty's requested materials are in no way comparable to his example. As previously discussed, Mr. Shetty makes no argument that any of the requested materials are in the sole possession of the Government like the items in his example. Mr. Shetty also makes no argument that the requested materials relate in any way to any potential witnesses

or are relevant to this action for any other reason. Mr. Shetty also argues that "[t]he [G]overnment cannot reasonably take the position that Kwon is entitled to actual evidence . . . while Mr. Shetty must make do with summaries of evidence from the same investigation." *Id.* at 5–6. However, the "same investigation" to which Mr. Shetty refers is the investigation into *Mr. Kwon's conduct*—not Mr. Shetty's—and it is not unreasonable to believe that information which is relevant and material to Mr. Kwon's defense may not be relevant or material to Mr. Shetty's defense. Mr. Shetty cannot rely solely upon productions in the Kwon case to show materiality under Rule 16 for purposes of his own case.

    Further, many of Mr. Shetty's requests are vastly overbroad and seek information clearly outside the scope of the Court's prior determinations regarding favorability and relevance. For example, his first request for "[a]ll communications and images related to Terra Luna's partnership with the Washington Nationals" likely encompasses, among other things, communications between Terra Luna employees that were never made public or seen by *any* investors, let alone Mr. Shetty. His 13th request from the Kwon indictment—for an "underlying . . . email exchange between [Mr. ]Kwon and 'the Co-Founder' 'discussing the creation of a stablecoin'"—also plainly seeks materials that do not appear to have ever been made public or seen by any investor (and, therefore cannot have been something Mr. Shetty relied on in making the Hightower investment). And Mr. Shetty's requests for "all evidence" underlying various statements in the superseding indictment will similarly likely capture a broad swath of information irrelevant to the instant action, particularly where Mr. Shetty has made no argument as to the relevance of any particular statement.

    Therefore, Mr. Shetty has not made a sufficient showing of materiality with respect to his specific requests for discovery.

IV. CONCLUSION

Accordingly, Mr. Shetty's motion to compel is DENIED.

Dated this 7th day of May 2025.

Tana Lin
United States District Judge