1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:23-cr-00084-TL |
| Plaintiff, | |
| v. | ORDER ON MOTION TO CONTINUE TRIAL |
| NEVIN SHETTY, | |
| Defendant. | |

This matter is before the Court on Defendant Nevin Shetty's Motion to Continue Trial. Dkt. No. 141. Having considered the motion, the Government's response (Dkt. No. 143), Defendant's reply (Dkt. No. 144), and the relevant record, the Court GRANTS Defendant's motion.

## I.    PROCEDURAL BACKGROUND

This is the fifth motion requesting a continuance in this case. On June 7, 2023, the Parties filed a stipulated motion requesting a continuance of the trial date, citing the "complicated factual elements," "extensive discovery," and "the need for adequate time for defense counsel to

fully and adequately review the discovery with his client, as well as any factual and legal issues presented, and sentencing consequences, so he can make an informed and intelligent decision of how to proceed." Dkt. No. 11 at 2–3. The Court granted this request and reset the trial date to May 13, 2024. Dkt. No. 13 at 2.

On January 29, 2024, Defendant filed an unopposed motion for a second continuance of the trial date because Defendant had obtained new counsel in late January 2024 who required additional time to prepare for trial in light of the "particularly complex" nature of the case and "extensive" discovery. Dkt. No. 35 at 2–3. The Court granted Defendant's request and reset the trial date to September 23, 2024. Dkt. No. 36 at 2.

On July 19, 2024, Defendant filed a third motion for continuance because he had not yet received responses to two out of three subpoenas that he had issued, and there remained an unresolved *Brady* dispute. Dkt. No. 69 at 2–3. Defendant noted that the Government had produced 400,000 pages of discovery, and that Defense counsel had filed 149 pages of briefing and provided notice to the Government of Defendant's intent to call six expert witnesses at trial, having provided more than 100 pages of disclosures in support. *Id.* at 8. The Government opposed the motion. Dkt. No. 72. While the Court found that Defense counsel had generally been diligent in preparing the case for trial, the Court questioned counsel's delay in requesting *Brady* material from the Government. Dkt. No. 76 at 3–4. Nevertheless, the Court granted Defendant's request, as Defendant would need an opportunity to review materials provided in response to the subpoenas and to his *Brady* request. *Id.* at 4–5. The Court reset the trial date to March 31, 2025. *Id.* at 6.

On July 25, 2024, Defendant filed a motion to compel *Brady* material identified from *United States v. Do Kwon*, No. CR23-151, a case pending in the Southern District of New York ("SDNY"). Dkt. No. 73. On December 24, 2024, the Court granted Defendant's motion, ordering

the Government to produce *Brady* evidence from the *Do Kwon* case within thirty days of the order ("*Brady* Order").[1] Dkt. No. 102 at 12. On January 10, 2025, the Government filed a motion for reconsideration of the Court's *Brady* Order on the grounds that: (1) the investigation in the case was ongoing; and (2) the SDNY case file contained roughly seven terabytes of information. Dkt. No. 107 at 3. The Government asked the Court to, at a minimum, narrow its order and offered to work with Defendant to develop stipulations that fairly summarize pertinent evidence known to the SDNY team. A draft of such stipulations was produced to Defendant on December 27, 2024. *Id.* at 3, 12. Alternatively, if the Court was not inclined to at least narrow the *Brady* Order, the Government requested that the Court extend the time for compliance with the order by at least a year and continue the trial at least fifteen months. *Id.* at 12. Defendant opposed the motion and raised "serious speedy trial concerns" with the Government's suggestion of a fifteen-month continuance of the trial date. Dkt. No. 111 at 3. On January 30, 2025, the Court granted the Government's motion, narrowing the *Brady* Order and directing the Government to provide Defendant with a factual summary that "fairly and meaningfully convey[s] the sum and substance of the case against Kwon as it relates to [Mr. Shetty's] intended defense" within fourteen days of the order (*i.e.*, by February 13, 2025). Dkt. No. 117 at 7, 9.

On February 7, 2025, Defendant filed a fourth motion to continue trial. Dkt. No. 119. Defendant's witness and exhibit lists were due for that trial on February 14, 2025 (Dkt. No. 85), one day after the Government's deadline to produce its factual summary (Dkt. No. 117 at 7, 9). Defendant asserted he needed additional time after receiving the Government's summary to "effectively prepare for trial and provide complete witness and exhibit lists" and to "identify and

---

[1] The Court waited to resolve the *Brady* motion until it had ruled on Defendant's Motion to Dismiss (Dkt. No. 52) —which was re-noted to allow for the filing of an amicus brief by The National Association of Criminal Defense Lawyers (Dkt. No. 87) and the filing of responsive briefs by both parties to the amicus brief (Dkt. No. 91), as well as Defendant's Motion to Suppress (Dkt. No. 41). The granting of either motion would have mooted the *Brady* motion.

subpoena additional witnesses beyond Mr. Shetty and his cryptocurrency experts who can testify to the information contained therein." Dkt. No. 119 at 2. The Government took no position on Defendant's motion. Dkt. No. 121 at 1. The Court granted the motion, recognizing that the Defendant did not have certainty with regard to the revised summary being provided by the Government until about one and a half months before trial and that even if Defendant had begun issuing subpoenas to third parties earlier based on a prior draft summary provided by the Government, reviewing the evidence, analyzing the evidence, potentially identifying and subpoenaing additional witnesses, and incorporating the information into his defense, might take additional time. Dkt. No. 124 at 6.

Defendant filed the instant motion to continue on August 5, 2025. Dkt. No. 141. The Government opposes the request. *See generally* Dkt. No. 143.

## II.    LEGAL STANDARD

"A trial judge has broad discretion in deciding a motion to continue trial." *United States v. Wilke*, No. CR19-5364, 2020 WL 92005, at *2 (W.D. Wash. Jan. 8, 2020) (citing *Morris v. Slappy*, 461 U.S. 1, 11 (1983)). In considering a continuance, a court considers: "(1) counsel's diligence in preparing his defense prior to the trial date; (2) whether the continuance would satisfy the defendant's needs; (3) the inconvenience a continuance would cause the court and the government; and (4) the extent to which the defendant would suffer harm if the continuance was denied." *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000) (citing *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985)); *see also Wilke*, 2020 WL 92005, at *2. "The fourth factor is most critical." *Zamora-Hernandez*, 222 F.3d at 1049 (citing *United States v. Mejia*, 69 F.3d 309, 316 (9th Cir. 1995)).

1

### III.    DISCUSSION

Defendant bases his current motion to continue trial on (1) the Petition for Writ of Mandamus he filed challenging the Court's rulings denying him access to evidence from the Do Kwon prosecution, and (2) his defense counsel's trial schedules in other cases. Dkt. No. 141 at 102. For the reasons discussed below, the Court believes the pending Writ of Mandamus meets the requirements for a continuance and, therefore, need not reach the issue of the potential conflicts with Defendant's counsel's other trial schedules.

### A.    Diligence

To put it mildly, Defendant has vigorously litigated the issue of his access to the materials from the Do Kwan case. The Court issued its final ruling on Defendant's Motion to Clarify (Dkt. No. 131) on July 7, 2025. Dkt. No. 138. Fifteen days later on July 22, 2025, Defendant filed a Petition for Writ of Mandamus with the Ninth Circuit. *See* Dkt. No. 139. Fourteen days later on August 5, 2025, Defendant filed the current motion to continue trial. The Court finds it reasonable that Defendant took approximately two weeks from the date of the last order to decide whether to file a petition. The Court also finds reasonable Defendant's explanation that he waited to see if the Ninth Circuit might act quickly on the petition since if it was dismissed in short order, no continuance would be needed. Dkt. No. 144 at 1–2. Therefore, the Court finds that Defendant has been diligent in raising the issue.

### B.    Usefulness of Continuance

The second factor "is the likelihood that the continuance would serve a useful purpose." *Mejia*, 69 F.3d at 315 (citing *Flynt*, 756 F.2d at 1360). In its original Order regarding Defendant's request for *Brady* material, the Court acknowledged that the vast majority of cases under *Brady* arise after conviction and the problem that the Ninth Circuit has recognized with this being a retrospective test. Dkt. No. 102 at 4 (citing *United States v. Olsen*, 704 F.3d 1172,

1183 (9th Cir. 2013)). The Court also noted tension within Ninth Circuit jurisprudence on this issue, but did its best to apply the most recent decision from the circuit, *United States v. Cloud*, 102 F.4th 968, 979 (9th Cir. 2024). Dkt. 102 at 4–6. Given the tension and general paucity of circuit-level caselaw on this issue, should the Ninth Circuit accept Defendant's petition, valuable guidance might be provided to the lower courts. And critically, should the Ninth Circuit disagree with the ruling of this Court, a continuance would provide the Court an opportunity to fix any error before trial and avoid the possibility of a second trial in this case. Therefore, the Court finds a continuance would be useful under the circumstances present here.

**C.    Inconvenience**

The Court is sympathetic to the Government's frustration with yet another continuance and appreciates the work its attorneys have no doubt put into preparing for trial given the complexity of this case. However, it would be significantly more inconvenient to both the Government (including the alleged victim as well the Government's witnesses) and the Court should the Ninth Circuit eventually disagree with this Court's rulings regarding Defendant's *Brady* requests and require a retrial. In addition, the Court will only grant a short continuance so that the issue of fading memories of witnesses (Dkt. No. 143 at 4) will not be an issue. Therefore, this factor weighs in favor of a continuance.

**D.    Harm to Defendant**

The fourth and most important factor is the extent of the prejudice the defendant will suffer if the continuance is denied. *Zamora-Hernandez*, 222 F.3d at 1049 (citation omitted). The Court is confident in how it applied the caselaw in its multiple orders on this issue. Nevertheless, as previously discussed, the guidance from the caselaw in this area is not the clearest. *See supra* Section III.B. Therefore, the potential harm to Defendant warrants at least a short continuance to see if the Ninth Circuit might take up this issue.

## IV.    CONCLUSION

Having thoroughly considered the briefing and the relevant record, the Court FINDS that:

(a)    Taking into account the exercise of due diligence, a failure to grant a continuance in this case would deny counsel for the Defendant the reasonable time necessary for effective preparation due to counsel's pending writ of mandamus on an important evidentiary issue, as set forth in 18 U.S.C. § 3161(h)(7)(B)(iv);

(b)    Given the pending writ of mandamus on an important evidentiary issue, a failure to grant a continuance would likely result in a miscarriage of justice under 18 U.S.C. § 3161(h)(7)(B)(i) and (ii);

(c)    The ends of justice will best be served by a continuance, and the ends of justice outweigh the best interest of the public and the defendants in any speedier trial, as set forth in 18 U.S.C. § 3161(h)(7)(A); and

(d)    Based on the large amount of discovery in the case and the schedules of counsel for the government and the defense, the requested continuance is both necessary and appropriate.

Therefore, this Court GRANTS Defendant's motion to continue and sets the trial of this case for October 20, 2025.

The Court further EXCLUDES the period from the date of this order through October 20, 2025, from computation of the time within which the trial must commence under the Speedy Trial Act. Defendant has waived his speedy trial right through December 31, 2025. Dkt. No. 142.

//

//

//

//

This Court further RESETS the remaining pretrial deadlines as follows:

| | |
|---|---|
| Defendant to provide Fed. R. Crim. P. 26.2 statements, with continuing obligation as set forth in Rule 16(c) | September 22, 2025 |
| Parties to file motions *in limine* and any motions regarding jury selection<br><br>Responses due: September 29, 2025<br>Replies due: Only if requested by the Court | September 22, 2025 |
| Parties to file proposed jury instructions | October 1, 2025 |
| Parties to file trial briefs, proposed jury questionnaires, proposed *voir dire*, and proposed verdict form | October 1, 2025 |
| Pretrial conference | October 10, 2025 |
| Trial begins | October 20, 2025 |

Dated this 12th day of August 2025.

Tana Lin
United States District Judge