The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NEVIN SHETTY,<br><br>    Defendant. | No. 2:23-cr-00084-TL<br><br>PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FOR DO HYEONG KWON<br><br>NOTE ON MOTION CALENDAR:<br>September 8, 2025 |

## I.   INTRODUCTION

Defendant Nevin Shetty, by and through his undersigned counsel, hereby moves this Court for a writ of habeas corpus ad testificandum compelling the Warden of the facility where Do Hyeong Kwon is being held under authority of the United States[1] to deliver Mr. Kwon into the custody of the U.S. Marshal for the purpose of transporting Mr. Kwon to testify at trial in this case. Mr. Shetty further requests that Mr. Kwon be held in the custody of the U.S. Marshal until completion of his testimony. This motion is made pursuant to 28 U.S.C. §§ 2241(c)(5) and 1651(a).

---

[1] The federal Bureau of Prisons maintains an inmate locator website. *See* https://www.bop.gov/inmateloc/. Undersigned counsel has entered various permutations of Mr. Kwon's name into the search feature of this website but there is no record for Mr. Kwon. Mr. Kwon is in federal custody—on January 2, 2025 he appeared before the U.S. District Court for the Southern District of New York and was detained. Exhibit A hereto. On August 12, 2025, Mr. Kwon entered a guilty plea and was present in Court in custody. Exhibit B hereto. The U.S. Marshal's Service undoubtedly knows where Mr. Kwon is being held.

PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 1
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

As addressed below, Mr. Kwon's testimony is relevant, material, and necessary to the jury's consideration and adjudication of the charges asserted in this case. Mr. Kwon is on the Defendant's witness list. Trial in this matter is set for October 20, 2025.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Shetty served as Chief Financial Officer of Fabric, a Seattle-based e-commerce company, where he was responsible for managing the company's substantial cash reserves. In 2023, the federal government charged him with wire fraud for investing Fabric's funds in TerraUSD (UST), a cryptocurrency that collapsed in May 2022. UST was a stablecoin offered by Mr. Kwon's company, Terraform Labs. Mr. Kwon and Terraform claimed that, under their Terra Protocol algorithm, UST would always be pegged on a one to one basis with the U.S. dollar. In May 2022, however, UST's peg broke down, the value of UST crashed, and investors suffered billions in losses. The government's theory appears to be that Mr. Shetty invested Fabric's funds in UST even though doing so was more risky, and Mr. Shetty knew it was more risky, compared to other investments the Fabric board allegedly preferred. *See* Dkt. 46 at 4 ("Company A wanted to keep its cash safe in conservative investments like treasury bonds, and Shetty understood that desire but pursued this cryptocurrency scheme anyway."); *see also id.* at 6 ("And Shetty was aware of those conservative intentions when he pushed $35 million into speculative cryptocurrency investments that almost immediately failed."); *see also* Dkt. 59 at 2 ("Shetty chose to put Company A's money in a high-risk, high-reward holding ...."); *see also id.* at 6 ("Furthermore, Company A specifically denounced placing its money in something as risky as cryptocurrency.").

Mr. Kwon was indicted in the Southern District of New York for conspiracy, wire fraud, securities fraud, and other charges for the very misrepresentations about UST's soundness and stability that are at issue in this case. On August 12, 2025, Mr. Kwon plead guilty to one count of conspiring to commit commodities fraud, securities fraud, and wire fraud (Count 1 of the Indictment); and one count of committing wire fraud in connection with fraudulent schemes at

PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 2
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Terraform (Count 4 of the Indictment). *See* Exhibit B. Mr. Kwon agreed in the plea agreement that he does not contest the factual allegations set forth in paragraphs 1-85 of the January 2, 2025 Indictment. Exhibit B at 23:3-5, 29:11-13; Exhibit C, January 2, 2025 Indictment against Do Hyeong Kwon.

As part of his plea, Mr. Kwon made the following admissions, among others:

1. Mr. Kwon orchestrated schemes to defraud purchasers of cryptocurrencies created and issued by a company that he co-founded called Terraform Labs PTE, Ltd. Mr. Kwon claimed that Terraform had used blockchain technology to create a self-contained, decentralized financial world with its own money, payment system, stock market, and savings bank. Mr. Kwon presented Terraform as having developed functioning, reliable financial technologies on the cutting edge of a movement towards "decentralized finance," in that Terraform's products purportedly operated largely through automated mechanisms and economic incentives, and that Terraform's systems were governed by their users rather than by Mr. Kwon and his associates and subordinates. Exhibit C at ¶ 1.

2. In fact, Mr. Kwon's constructed financial world was built on lies and manipulative and deceptive techniques used to mislead investors, users, business partners, and government regulators regarding Terraform's business. Behind the scenes, core Terraform products did not work as Mr. Kwon advertised, and were manipulated to create the illusion of a functioning and decentralized financial system in order to lure investors. Exhibit C at ¶ 1.

3. Mr. Kwon engaged in this deceptive conduct in order to pump up the value of Terraform's cryptocurrencies, which Mr. Kwon and entities he controlled possessed in large amounts and sold to investors in exchange for billions of dollars' worth of other assets. Exhibit C at ¶ 1.

PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 3
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

4. Mr. Kwon lied about the effectiveness of the system that lay at the heart of Terraform's cryptocurrency empire, the "Terra Protocol," which purportedly used a computer algorithm to maintain the value of Terraform's so-called "stablecoin" pegged to the U.S. dollar, TerraUSD ("UST"), at a value of $1 for one UST. Exhibit C at ¶ 2a.

5. Beginning at least in or about 2020, Mr. Kwon and his associates advertised the Terra Protocol, including the economic incentives it created in the market, as sufficient on its own to maintain parity between one UST and one U.S. dollar. In particular, Mr. Kwon claimed that the Terra Protocol on its own had caused the successful restoration of UST's $1 value after it dropped below 92 cents in or about May 2021. That was a lie. Exhibit C at ¶ 2a.

6. In truth, after the Terra Protocol on its own failed to cause the restoration of UST's $1 peg in May 2021, Mr. Kwon reached an agreement with executives at a high-frequency trading firm (the "Trading Firm") to have the Trading Firm purchase large amounts of UST to artificially support UST's $1 peg. UST's $1 peg was restored in May 2021 only after the Trading Firm strategically purchased millions of dollars of UST for the purpose of artificially propping up the peg. Exhibit C at ¶ 2a.

7. Enticed, in part, by the fraudulent claims of Mr. Kwon, both institutional and retail investors flocked to the Terra blockchain, such that, at its peak in the spring of 2022, the total market value of all UST and another Terraform cryptocurrency, LUNA, exceeded $50 billion. Much of this growth followed Mr. Kwon's brazen deceptions about Terraform and its technology, including efforts by Mr. Kwon and his associates to paper over UST's vulnerabilities in May 2021 by secretly manipulating the market for UST. Exhibit C at ¶ 3.

8. By May 2022, UST's peg began to break again. By this time, the UST market was significantly larger than it had been in May 2021, when the Trading Firm was able to

PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 4
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

assist Mr. Kwon in deceptively manipulating UST to maintain its $1 value. While Mr. Kwon was able to cover up the weaknesses of the Terra Protocol in May 2021, he was not able to do so in May 2022 when the market had expanded substantially. As a result, UST and LUNA crashed, resulting in over $40 billion worth in investor losses. Exhibit C at ¶ 4.

9. Terraform distinguished the Terra blockchain from other competing blockchains by issuing so-called algorithmic stablecoins pursuant to what it called the "Terra Protocol." As described by DO HYEONG KWON, the defendant, and others, these stablecoins maintained a steady value even under changing market conditions. Exhibit C at ¶ 10.

10. The blockchain's "smart contracts" supposedly adjusted arbitrage incentives relating to the burning and minting process in order to regulate the supply of Terra stablecoins and LUNA to maintain a steady value for the stablecoins. Exhibit C at ¶ 10.

11. According to statements made by DO HYEONG KWON, the defendant, and others at Terraform, if the market price of UST dropped below $1, market participants would be incentivized to burn UST to mint $1 worth of LUNA for each burned UST. This would reduce the supply of UST, and thus cause its value to return to $1 under the economic law of supply and demand. Conversely, if the market price of UST exceeded $1, then market participants would be incentivized to burn LUNA to mint UST at a rate of $1 worth of LUNA for UST worth more than $1. This would increase the supply of UST, and thus cause its value to return to $1 under the economic law of supply and demand. Thus, while LUNA was designed to fluctuate in value, UST was supposed to maintain a steady value of $1 through the arbitrage incentives created by the Terra Protocol. The existence of this mechanism was supposed to assure investors that UST's price would remain fixed at approximately $1, and to value UST accordingly. Exhibit C at ¶ 11.

PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 5
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

12. In or about 2021, KWON and other Terraform employees distributed a fundraising document to multiple investors asserting that the Terra Protocol "keeps UST on peg." Exhibit C at ¶ 19.c.

13. In 2021 the algorithm acted on its own to restore the peg to one UST to one dollar. Exhibit C at ¶ 34.

14. In 2021, Mr. Kwon misrepresented the supposed mechanism that would keep assets acquired in connection with the "Mirror Protocol" pegged to underlying asset values. Exhibit C at ¶¶ 2.c., 57.

### III. AUTHORITY AND ARGUMENT

28 U.S.C. § 2241(c)(5), in conjunction with 28 U.S.C. § 1651(a), permits a federal court to issue a writ of habeas corpus ad testificandum, which directs the custodian of a prisoner to produce the prisoner for appearance as a witness in court. The decision to issue a writ of habeas corpus ad testificandum is committed to the discretion of the district court. *United States v. Cruz-Jiminez*, 977 F.2d 95, 100 (3d Cir. 1992).

"In order to grant the writ of *habeas corpus ad testificandum* the Court must determine not only whether an inmate-witness' testimony is relevant, but also, whether such testimony is necessary." *Greene v. Prunty*, 938 F. Supp. 637, 639 (S.D. Cal. 1996). This determination depends ultimately upon whether the probative value of the testimony justifies the expense and security risk associated with transporting an inmate-witness to court from a correctional facility. *Atkins v. City of New York*, 856 F. Supp. 755, 758 (E.D.N.Y.1994); *see Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 112 (4th Cir.1988); *Cookish v. Cunningham,* 787 F.2d 1, 5 (1st Cir.1986).

The standard for issuance of the writ is also similar to that employed pursuant to Fed. R. Crim. P. 17(b). "Courts have generally required criminal defendants requesting such writs [of *habeas corpus ad testificandum*] to comply with Fed.R.Crim.Proc. 17(b), which looks for 'a satisfactory showing ... that the presence of the witness is necessary to an adequate defense.'"

PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 6
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*United States v. Smith,* 924 F.2d 889, 896 (9th Cir.1991) (*quoting, United States v. Rinchack,* 820 F.2d 1557, 1567 (11th Cir.1987)). The Ninth Circuit has adopted the following standard on necessity:

> If the accused avers facts which, if true, would be relevant to *any issue* in the case, the requests for subpoenas must be granted, unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous.

*United States v. Sims,* 637 F.2d 625, 627 (9th Cir.1980) (emphasis added). The Court may also consider whether testimony is cumulative, *United States v. Henry,* 560 F.2d 963, 965 (9th Cir.1977), and the difficulties in securing a prisoner's testimony versus the actual need for such testimony. *United States v. Rinchack,* 820 F.2d 1557, 1568 (11th Cir.1987).

In the present matter, Mr. Kwon will have to testify to the false representations he made relating to UST and the Mirror Protocol, as set forth above. Mr. Kwon will have to testify in this fashion because he admitted to these facts under oath on the record before the Southern District of New York at his August 12, 2025 plea hearing. *See* Exhibit B at 23:3-5 (Mr. Kwon agreed not to contest factual allegations in ¶¶ 1-85 of the Indictment); *id.* at 29:11-13 (Mr. Kwon confirmed he signed the plea agreement); *see also* Exhibit C at ¶¶ 1-85.

Mr. Kwon's testimony is highly relevant and necessary to Mr. Shetty's defense. First of all, Mr. Shetty genuinely and reasonably believed Mr. Kwon's representations about UST's stability, *i.e.*, that UST was a safe, conservative investment in line with the company's investment policy. Mr. Kwon admitted at his recent plea hearing that he led a systematic campaign to portray UST as a stable and secure store of monetary value. Mr. Kwon's testimony is required to rebut the government's core theory that Mr. Shetty knew that UST was a risky investment and that Mr. Shetty invested Fabric's money into UST with the intent to defraud Fabric. If Mr. Kwon successfully deceived sophisticated investors about UST's safety and stability, then Mr. Shetty's

PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 7
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

reliance on those same misrepresentations negates fraudulent intent on Mr. Shetty's part. The jury should be allowed to hear about this directly from Mr. Kwon.

Second, part of the government's theory is that the Fabric board would not have approved the UST investment because it was inconsistent with the Board's wishes and view about the risks of cryptocurrency investments. *See* Dkt. No. 75 at 2-3 (explaining that the government will prove the allegations against Mr. Shetty in part by having members of Fabric's board of directors testify that an investment in cryptocurrency was incompatible with their intentions for how Fabric's cash should be invested). Mr. Shetty is entitled to rebut this evidence with the testimony of Mr. Kwon. The question of which investments the Fabric board would have approved cannot be made with the benefit of hindsight. Rather, this question must be resolved based on the facts available at the time of the investment, which Mr. Shetty is entitled to present at trial straight from the creator and architect of the investment, Mr. Kwon himself. Mr. Shetty will be able to show through the testimony of Mr. Kwon that, just like other sophisticated investors who invested billions of dollars in Mr. Kwon's UST stablecoin, Fabric's Board could have viewed UST as a safe and conservative investment in line with the company's goals.

Particularly because the government claims that the UST investment was inconsistent with the Fabric Board's intentions regarding the company's investment parameters and risk profile (see above and page 2, *supra*), testimony from Mr. Kwon about what he actually represented the investment to be is directly relevant and crucial to the defense of this case. Any statements by Fabric Board members or other company representatives to the contrary at trial would be with the benefit of the hindsight knowledge that UST crashed and Mr. Kwon is actually a fraud. In view of the government's theories, it will have to try to show at trial that the investments did not match the risk profile the Board wanted. As a result, Mr. Shetty must be allowed to rebut this in his case-in-chief with evidence from Mr. Kwon that the investments were consistent with the company's risk profile based on the information Mr. Kwon disseminated at the time. Mr. Shetty must be allowed

PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 8
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

to present Mr. Kwon's testimony because Mr. Kwon is the best source of the information available at the time of the UST and Mirror investments regarding the soundness of the investments.

Mr. Kwon's testimony is not cumulative of any other evidence in the case because he is the only witness who can testify to the misrepresentations he and his company Terraform Labs made with respect to deceive investors about UST and Mirror. Without Mr. Kwon's material testimony, Mr. Shetty will be unable to adequately present his defense. Therefore, Mr. Kwon must be made available to testify at trial in this matter.

Because Mr. Kwon's testimony regarding his misrepresentations about UST is crucial to Mr. Shetty's defense, the probative value of his testimony justifies the expense and any security risk associated with transporting him to this Court from the detention facility where he is currently being held. Moreover, the necessity of Mr. Kwon's testimony outweighs any risk associated with his transfer. Any risk associated with Mr. Kwon's presence at trial will no doubt be expertly handled by the United States Marshals Service, who frequently transport and take custody of prisoners for testimony. *See Baucham v. Fla.*, No. 4:07CV550-RH/WCS, 2008 WL 4186996, at *2 (N.D. Fla. Sept. 6, 2008) ("The Department [of Corrections] and the United States Marshals Service frequently transport inmates to court proceedings and maintain control of them within the courthouse. We have cells in the courthouse for precisely this reason. Transporting these inmates for testimony in this case cannot reasonably be avoided."). Transporting Mr. Kwon for testimony in this case likewise cannot be avoided.[2]

---

[2] Alternatively, Courts have also ordered the appearance of witnesses via video-conferencing instead of actual physical presence. In *Walker v. Powell*, the court held that since transporting close custody inmates can be a costly and labor-intensive endeavor and the DOC advised inmates routinely testify via video conferencing, it would grant the writ and allow testimony by video conference. 2008 WL 2694023, *2 (N.D.Fla. July 7, 2008). There is no substitute for live testimony, and that is Mr. Shetty's request because he is entitled to present his case in a manner he believes will be the most impactful. However, as an alternative, in the very unlikely event that the government could somehow demonstrate that the U.S. Marshal's Service could not competently and securely transfer the prisoner for testimony, video testimony would be an option.

PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 9
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## IV. CONCLUSION

For the reasons set forth above, it is in the interests of justice for this Court to issue a Writ of Habeas Corpus Ad Testificandum to secure the testimony of Do Hyeong Kwon at trial in this matter.

DATED this 26th day of August, 2025.

I certify that this memorandum contains 3,035 words, in compliance with the Local Criminal Rules.

CORR CRONIN LLP

*s/ Jeffrey B. Coopersmith*
Jeffrey B. Coopersmith, WSBA No. 30954
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Ph: (206) 625-8600 | Fax: (206) 625-0900
jcoopersmith@corrcronin.com

LITSON PLLC

J. Alex Little, *admitted pro hac*
Zachary C. Lawson, *admitted pro hac*
54 Music Square East, Suite 300
Nashville, TN 37203
alex@litson.co
zack@litson.co

*Attorneys for Defendant*

PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM - 10
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900