UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>    v.<br><br>NEVIN SHETTY,<br><br>                    Defendant. | CASE NO. 2:23-cr-00084-TL<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM |

This matter is before the Court on Defendant Nevin Shetty's Petition for Writ of Habeas Corpus Ad Testificandum for Do Hyeong Kwon. Dkt. No. 148. Having considered Mr. Kwon's opposition (Dkt. No, 166), the Government's opposition (Dkt. No. 169), Mr. Shetty's reply (Dkt. No. 174), and the relevant record, the Court DENIES the motion.

## I. BACKGROUND

The Court assumes familiarity with the facts of the case. Relevant to this petition, Mr. Shetty served as the Chief Financial Officer of Fabric, a Seattle-based e-commerce company. Dkt. No. 148 at 2. Mr. Shetty has been charged with four counts of wire fraud for allegedly secretly transferring $35 million of Fabric's corporate funds to HighTower Treasury, a

cryptocurrency platform Mr. Shetty owned and operated. Dkt. No. 1 ¶¶ 2, 11. The Government asserts that Mr. Shetty engaged in a series of transactions using Fabric's corporate funds to acquire and invest in TerraUSD ("UST"). *Id.* ¶ 17. Mr. Shetty lost virtually all of Fabric's corporate funds within a matter of weeks. *Id.* ¶ 2.

UST was supposedly a stablecoin (a type of cryptocurrency) offered by Mr. Kwon's company, Terraform Labs. Dkt. No. 148 at 2. Mr. Kwon was indicted in the Southern District of New York for, *inter alia*, conspiracy, wire fraud, and securities fraud. *See* Dkt. No. 149-3 (Kwon Indictment). Mr. Kwon pleaded guilty to: (1) one count of conspiring to commit commodities fraud, securities fraud, and wire fraud; and (2) one count of committing wire fraud in connection with fraudulent schemes at Terraform. Dkt. No. 148-2 (plea hr'g tr.) at 10:16–19, 11:3–5, 35:3–11.

Mr. Shetty petitions the Court to compel the delivery of Mr. Kwon to the custody of the United States Marshal for the purpose of transporting him to testify at trial in this case. Dkt. No. 148 at 1. Both counsel for Mr. Kwon and the Government oppose the request. Dkt. Nos. 166, 169, respectively.

## II.   LEGAL STANDARD

28 U.S.C. § 2241(c)(5), in conjunction with 28 U.S.C. § 1651(a), permits a federal court to issue a writ of habeas corpus ad testificandum, which directs the custodian of a prisoner to produce the prisoner for appearance as a witness in court. District courts have discretion to issue writs of habeas corpus ad testificandum to compel an incarcerated witness to testify at a federal criminal trial. *See* 28 U.S.C. § 2241(a) ("[w]rits of habeas corpus may be granted"); *id.* § 2241(c)(5) (writs may be extended to a prisoner if it is necessary to bring him into court to testify); *id.* § 1651(a) (courts "may issue all writs necessary or appropriate"). *See also United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991) (district court acted within its discretion to

deny writ of habeas corpus ad testificandum); *Wiggins v. Alameda County*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (district court must exercise its discretion when determining whether it should issue a writ of habeas corpus ad testificandum,).

Courts have generally required criminal defendants requesting such writs to comply with Federal Rule of Criminal Procedure 17(b), which looks for "a satisfactory showing . . . that the presence of the witness is necessary to an adequate defense." *United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991) (citing *United States v. Rinchack*, 820 F.2d 1557, 1567 (11th Cir.1987)). The Ninth Circuit has adopted the following standard on necessity:

> If the accused avers facts which, if true, would be relevant to any issue in the case, the requests for subpoenas must be granted, unless the averments are inherently incredible on their face, or unless the Government shows, either by introducing evidence or from matters already of record, that the averments are untrue or that the request is otherwise frivolous.

*Smith*, 924 F.2d at 896 (quoting *United States v. Sims*, 637 F.2d 625, 627 (9th Cir.1980)). However, "a court may also consider whether testimony would be cumulative, and the difficulties in securing a prisoner's testimony versus the actual need for such testimony." *Smith*, 924 F.2d at 896. The burden of proving necessity is on the defendant. *Id.* (citing *Rinchack*, 820 F.2d at 1566–67; *United States v. Wyman*, 724 F.2d 684, 686 (8th Cir.1984)).

### III.  DISCUSSION

Mr. Shetty asserts that Mr. Kwon's testimony is highly relevant and necessary to his defense for two reasons. First, "Mr. Shetty genuinely and reasonably believed Mr. Kwon's representations about UST's stability." Dkt. No. 148 at 7. Second, Mr. Shetty argues that "part of the Government's theory is that the Fabric board would not have approved the UST investment because it was inconsistent with the Board's wishes and views about the risk of cryptocurrency investments." *Id.* at 8.

A.   **Mr. Shetty's Beliefs Regarding Mr. Kwon's Representations**

With respect to Mr. Shetty's beliefs about Mr. Kwon's representations about UST's stability, the Government correctly points out that "[Mr. Shetty] will have to establish that he relied on specific information about UST from Kwon or others." Dkt. No. 169 at 2. The question is whether Mr. Kwon's testimony is necessary for Mr. Shetty's purposes, in light of: (1) a consideration of whether Mr. Kwon's testimony will be cumulative; (2) a balance of the difficulties in securing Mr. Kwon's testimony against the actual need for such testimony. *See Smith*, 924 F.2d at 896.

Mr. Shetty lists as the subject of Mr. Kwon's testimony 14 admissions made by Mr. Kwon in his plea agreement. Dkt. No. 148 at 5–6. All 14 facts are referenced in the indictment against Mr. Kwon. *Id.* The Government has in no uncertain terms informed Mr. Shetty and the Court that it would not contest the existence of Mr. Kwon's fraud: "The [G]overnment will not dispute any of the facts alleged in Kwon's indictment, nor deny that Kwon was a fraudster." Dkt. No. 169 at 3. Further, the Government has repeatedly offered to enter a stipulation regarding the facts surrounding Mr. Kwon's fraud. *See generally* Dkt. Nos. 107, 108; *see also* Dkt. No. 128 at 8–9; Dkt. No. 169 at 3. The Government also offered to not dispute the foundation or authenticity of facts in the Kwon indictment, so that "no party will be required to call witnesses to lay the foundation or otherwise testify as to these items of evidence." Dkt. No. 108-1 at 11. Given all of these offers by the Government, Mr. Kwon's testimony will be cumulative. Further, Mr. Shetty asserts neither that he ever spoke or in any way communicated directly with Mr. Kwon before investing Fabric's corporate money in UST, nor that Mr. Kwon knew why Mr. Shetty made the decisions he did with respect to the UST investment, nor that Mr. Kwon has any information whatsoever that is specific to Mr. Shetty's case.

Mr. Shetty further explained in his Notice of Intent to Proceed with Petition for Writ of Habeas Corpus Ad Testificandum (Dkt. No. 156) that "[a]t the time he made the UST investment, Mr. Shetty reasonably believed it to be safe and consistent with his employer's investment policy. And the information about the UST investment available at the time was that—in fact—this investment was conservative and appropriate." Dkt. No. 156 at 2. Mr. Shetty asserts that he needs this evidence "straight from the best possible source: Do Kwon himself." *Id.* But the best source of Mr. Shetty's reasonable beliefs at the time he made the investments and the source of those beliefs is Mr. Shetty. While Mr. Kwon might be the source of some of the information that Mr. Shetty relied upon, only Mr. Shetty can state what information he actually relied upon to make his decisions and, ultimately, the investments in UST. Certainly Mr. Kwon will not have that information because, again, there is no assertion that the two men ever spoke or communicated with each other in any way.

Given the cumulative nature of testimony related to facts contained in Mr. Kwon's indictment, and the fact that Mr. Kwon otherwise will not be able to provide any testimony supporting Mr. Shetty's beliefs regarding UST, the Court finds that it cannot justify the expense, time, and security risks that will be associated with transporting Mr. Kwon to the Western District of Washington to testify at Mr. Shetty's trial. Mr. Shetty fails to meet his burden of proving necessity.[1]

**B.     Whether the Fabric Board Would Have Approved the Investments**

Mr. Shetty asserts that he should be able to use Mr. Kwon's testimony to rebut the Government's argument that the Fabric board would not have approved the UST investment because it was inconsistent with the Board's wishes and view about the risks of cryptocurrency

---

[1] The Court need not reach the issue of whether Mr. Kwon can continue to assert his Fifth Amendment rights after he has been sentenced.

investments. Dkt. No. 148 at 8. But as the Government points out, Mr. Shetty never tried to persuade the board that HighTower or UST were good investments. Dkt. No. 169 at 4. In other words, the facts presented to the Fabric board regarding UST were none. Therefore, Mr. Kwon's testimony for this asserted ground is irrelevant. Had Mr. Shetty provided information to the board regarding UST, then this argument might play out differently, as might the entire case. But that is not the situation here. Nowhere has Mr. Shetty asserted that he attempted to explain or raise the UST investment with the Fabric board.

Mr. Shetty also asserts that he must be allowed to rebut that the UST investments "did not match the risk profile the Board wanted" with Mr. Kwon's testimony. Dkt. No. 148 at 8. Again, there is no assertion by Mr. Shetty that Mr. Kwon knew anything about Fabric or its investment policy, investment decision, or risk profile. This would also seem to venture into trying to put on Mr. Kwon as an expert witness. But Mr. Shetty apparently has disclosed expert witnesses to the Government (Mr. Kwon does not appear to have been among the disclosed experts) so, again, even if Mr. Kwon had information about Fabric (he does not), it appears his testimony would likely be cumulative and, therefore, not justify the expense, time, and security risks that will be associated with transporting Mr. Kwon to the Western District of Washington to testify at Mr. Shetty's trial. Once again, Mr. Shetty fails to meet his burden of proving necessity.

### IV.     SANCTIONS REQUEST

Mr. Kwon requests that the Court impose sanctions upon Mr. Shetty for raising frivolous arguments in his Petition. Dkt. No. 166 at 13–14. Mr. Kwon asserts that "Mr. Shetty's arguments are frivolous on their face" (*id.* at 14), and he cites 28 U.S.C. § 1927 for the proposition that Mr. Shetty's counsel has "multiplie[d] the proceedings . . . unreasonably and vexatiously" (*id.* at 13) (citing 28 U.S.C. § 1927). Mr. Kwon objects to Mr. Shetty's arguments regarding Mr. Kwon's

Fifth Amendment rights and to Mr. Shetty's arguments regarding the relevance and necessity of Mr. Kwon's testimony. Dkt. No. 166 at 14.

As to Mr. Shetty's arguments regarding Mr. Kwon's Fifth Amendment rights, Mr. Kwon fails to demonstrate that they are frivolous, because the case law that Mr. Kwon cites is inapposite. Mr. Kwon asserts that "Mr. Shetty's arguments are frivolous on their face," because there is "clear and binding precedent holding that the Fifth Amendment right against self-incrimination extends *through* sentencing." *Id.* (citing *United States v. Butler*, 659 F. App'x 390, 391 (9th Cir. 2016); *Mitchell v. United States*, 526 U.S. 314, 325–26 (1999)) (emphasis added). But as Mr. Kwon admits, Mr. Shetty has "ask[ed] to delay his trial until after Mr. Kwon's sentencing." *Id.* at 9. Were Mr. Shetty insistent that Mr. Kwon testify *before* his sentencing, then the "clear and binding precedent" would quickly and certainly foreclose Mr. Shetty's argument, and the Court might countenance Mr. Kwon's frivolousness argument. But obtaining Mr. Kwon's pre-sentencing testimony is not Mr. Shetty's aim, and with respect to *post*-sentence Fifth Amendment privilege, "[t]here is no authority definitively resolving the issue . . . ." *Milke v. City of Phoenix*, 325 F. Supp. 3d 1008, 1009 (D. Ariz. 2018). Given such ambiguity, and given Mr. Kwon's failure to provide the Court with competent authority that clearly demonstrates the recklessness of Mr. Shetty's assertions, the Court finds that Mr. Shetty has not "knowingly or recklessly rais[ed] a frivolous argument" with respect to Mr. Kwon's Fifth Amendment rights. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).

As to whether Mr. Shetty's "arguments in support of relevancy and necessity are . . . even more frivolous" than his Fifth Amendment arguments, the Court finds that Mr. Shetty's position on Mr. Kwon's relevancy and necessity is unmeritorious, but not frivolous. *See supra* Section III. Mr. Shetty's assertion that "[t]here is no substitute for live testimony" (Dkt. No. 148 at 9 n.2) is borne out in Ninth Circuit precedent, and Mr. Shetty's invocation of his "entitle[ment] to present

his case in a manner he believes will be the most impactful" (*id.*) is, coming from defense counsel, a good-faith manifestation of zealous representation. *See United States v. Yida*, 498 F.3d 945, 950 (9th Cir. 2007) ("Underlying both the constitutional principles and the rules of evidence is a preference for live testimony."). "[S]anctions under § 1927 are 'extraordinary' and must be 'exercised with extreme caution.'" *Lake v. Gates*, 130 F.4th 1064, 1076 (9th Cir. 2025) (Bumatay, J., dissenting) (quoting *In re Keegan*, 78 F.3d at 437)). In exercising such caution, the Court here declines to equate unmeritorious with frivolous.

The Court thus declines to impose sanctions on Mr. Shetty's counsel.

## V. CONCLUSION

Accordingly, the Court ORDERS as follows:

1. Mr. Shetty's petition for writ of habeas corpus ad testificandum (Dkt. No. 148) is DENIED.

2. Mr. Shetty's motion to continue trial on the grounds of needing the testimony of Mr. Kwon (Dkt. No. 156) is DENIED.

Dated this 16th day of September 2025.

Tana Lin
United States District Judge