UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NEVIN SHETTY,<br><br>　　　　　　Defendant. | CASE NO. 2:23-cr-00084-TL<br><br>ORDER ON MOTION TO QUASH SUBPOENA |

This matter is before the Court on third-party Hecker Fink LLP's ("Hecker Fink") motion to quash a subpoena issued to it by Defendant, Nevin Shetty. Dkt. No. 171. Having considered Mr. Shetty's response (Dkt. No. 177), Hecker Fink's reply (Dkt. No. 190), and the relevant record, the Court GRANTS the motion.

## I.    BACKGROUND

The Court assumes familiarity with the facts of this case, as well as with the five prior orders relating to Mr. Shetty's requests for materials relating to *United States v. Do Hyeong Kwon*, No. CR23-151 (S.D.N.Y.). *See* Dkt. Nos. 102, 117, 130, 138, 175. Hecker Fink represents Mr. Kwon, and Mr. Shetty served Hecker Fink with a Subpoena to Testify at a Hearing or Trial

ORDER ON MOTION TO QUASH SUBPOENA – 1

in a Criminal Case for documents relating to 28 paragraphs or subparagraphs in the Southern District of New York's superseding indictment against Mr. Kwon. Dkt. No. 171-1 at 7–11. The Subpoena also demands that a Hecker Fink document custodian appear at Mr. Shetty's trial to authenticate the documents. *Id.* at 2. Hecker Fink moves to quash the subpoena, and Mr. Shetty opposes the motion.[1]

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 17 provides that a court "may direct the witness to produce the designated items [in a subpoena] in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1). Rule 17 also allows a court to quash a subpoena for documents "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

"The party seeking to use . . . a subpoena under Rule 17(c) . . . must show: 1) relevancy, 2) admissibility, and 3) specificity." *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981) (citing *United States v. Nixon*, 418 U.S. 683, 699–700 (1974)). All three elements must be shown. *Id.* (finding defendant had not met his burden because he failed to make any show of relevancy other than mere conclusory statements). A subpoena seeking documents to be produced at trial is subject to the same standard under Rule 17(c) as a subpoena seeking documents before trial. *See id.* (listing *Nixon* factors but noting additional requirements "for production before trial").[2]

//
//

---

[1] Hecker Fink also requested sanctions (Dkt. No. 171 at 9 n.3) but withdrew the request in their reply (Dkt. No. 190 at 6).

[2] For the reasons stated in Hecker Fink's reply (*see* Dkt. No. 190 at 3–4), the Court does not find convincing Mr. Shetty's argument that the *Nixon* factors are inapposite to a subpoena issued to a third party (*see* Dkt. No. 177 at 2–3).

### III. PRELIMINARY MATTER

As a preliminary matter, the Court notes that it granted the Government's motion to reconsider (Dkt. No. 107) regarding the production of material from Mr. Kwon's case pursuant to *Brady*[3] on January 30, 2025 (*see* Dkt. No. 117), and it denied Mr. Shetty's motion to compel (Dkt. No. 127) this information under Rule 16 on May 7, 2025 (Dkt. No. 130). Even so, Mr. Shetty waited until nearly seven months *after* the Court issued its order on the Government's motion to reconsider, nearly three and a half months *after* the denial of his motion to compel, and *less than* two months before the start of trial to issue the subpoena.[4] This delay has resulted in the instant motion's becoming ripe for consideration just one month before trial is set to begin.

### IV. DISCUSSION

**A.  Subpoena Request Nos. 1, 2, 5, 15, 17, 21, and 22**

In his response, Mr. Shetty does not provide any argument as to why Request Nos. 1, 2, 5, 15, 17, 21, and 22 in his subpoena are relevant to this case. Mr. Shetty thus appears to have abandoned his request for these nonpublic documents and to have conceded that they are not relevant to his case. Therefore, the Court GRANTS Hecker Fink's motion with regard to these requests and QUASHES Mr. Shetty's subpoena as to these requests.

**B.  Remaining Subpoena Requests**

The remaining requests are for a variety of documents relating to Mr. Kwon's representations to potential investors and/or the public. *See* Dkt. No. 177 at 5–11. For each of these requests, Mr. Shetty asserts that these documents are relevant to show: "(1) Shetty genuinely and reasonably believed UST was a safe, conservative investment in line with Fabric's

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

[4] At the time Mr. Shetty issued the subpoena, trial was set to begin on October 20, 2025. Dkt. No. 146. On September 22, 2025, the Court granted in part Mr. Shetty's request for a continuance (Dkt. No. 149), and re-scheduled the trial to begin four days later, on October 24, 2025 (Dkt. No. 178).

1  policy, and (2) a reasonable investor would have viewed UST as a safe and conservative

2  investment in line with the company's goals." *Id.* at 5, 6, 7, 8, 9, 10, 11.

3  As to the first point, Mr. Shetty asserts the documents he seeks in the subpoena are

4  relevant because "many of the documents sought by the subpoena are representations from

5  Kwon designed to convince and assure investors his UST stablecoin was safe and would always

6  maintain its one-to-one peg with the dollar. Shetty and all investors would have relied on these

7  documents . . . ." *Id.* at 4. However, Mr. Shetty's argument lacks a critical link between himself

8  and the documents sought: Reliance on the documents could only have occurred had Mr. Shetty

9  actually seen the documents in question or heard the statements at issue. One simply cannot rely

10 on documents that one never saw or statements that one never heard. The Court has repeatedly

11 pointed out this flaw in logic with every attempt that Mr. Shetty has made to throw a dragnet to

12 capture all the public statements made by Mr. Kwon. *See, e.g.*, Dkt. No. 103 at 9 (noting that it is

13 Mr. Shetty's perception that is at issue in this case); Dkt. No. 130 at 11 ("Mr. Shetty has made no

14 argument that he ever saw—much less relied upon—any communications or images" that he

15 sought); *id.* at 10–11 ("[T]o support Mr. Shetty's belief that the HighTower investment was safe

16 and conservative, Mr. Shetty *himself* must have seen or relied upon those representations—that

17 other investors, investing other funds, saw or relied upon other misrepresentations by Mr. Kwon

18 is not relevant to this action."); Dkt. No. 138 at 9 (same). Therefore, the Court finds that Mr.

19 Shetty has not demonstrated a sufficient nexus between the requested material and his reliance

20 upon it to establish the relevance of the sought-after documents.

21 As to the second point, Mr. Shetty does not establish why a "reasonable investor's"

22 evaluation of UST as a "safe and conservative investment" is relevant to the case. Instead, Mr.

23 Shetty merely presupposes, without explanation, that it is. As a basis for the Court's endorsement

24 of the subpoena at issue, then, this rationale lacks substance. In any event, a demonstration to the

jury of what a "reasonable investor" would have thought about the investment is superfluous, because a jury would be capable of determining for itself what a reasonable investor might have thought about the soundness of an investment in UST, and whether it would have been in line with the company's goals. *See United States v. Sayre*, 434 F. App'x 622, 624 (9th Cir. 2011) (holding that "'reasonable investor' is a concept within the jury's ordinary experience and understanding"). As Mr. Shetty has not demonstrated relevance, he fails to meet his burden under *Nixon*.

Even if he could meet his burden under *Nixon*, the Court would find the subpoena to be unreasonable or oppressive. Fed. R. Crim. P. 17(c)(2). First, if Mr. Shetty could identify any specific documents that he relied upon but could not obtain,[5] he should have requested them from the Government first, not a third party. Indeed, the subpoena appears to be an attempted end run around all of the Court's prior orders denying Mr. Shetty's request for similar information. The Court also notes that despite Mr. Shetty's never providing this type of information to the Government or clarifying whether Mr. Shetty had ever directly communicated with Mr. Kwon or his associates, the Government had the Southern District of New York prosecution team ("SDNY") search its database for Mr. Shetty's name and produce to Mr. Shetty the one email they located.[6] Dkt. No. 128-1 at 5. Further, "[w]ithout any indication from [Mr. Shetty] about what information [he] reviewed or relied upon," the Government nonetheless

---

[5] He has never made any representations in any of his attempts to obtain this material about what attempts, if any, he made to try and locate these public documents. However, the Court again notes that the Government represented it located a press release Mr. Shetty sought from it in less than a minute and provided the link to the publicly available press release. Dkt. No. 127-2 at 3. And the Court was able to locate the "How Does Terra Work?" video Mr. Shetty sought from the Government in less than one minute, providing the link in a prior order. Dkt. No. 130 at 7 n.2.

[6] The SDNY had obtained the email through a search warrant to Google, which hosted the recipient's account. Dkt. No. 128-1 at 5.

ORDER ON MOTION TO QUASH SUBPOENA – 5

"looked for those indications in the discovery" based upon statements made by Mr. Shetty shortly after the May 2022 crash. *Id.* at 3.

Second, as the Court pointed out in its Order on Mr. Shetty's Petition for Writ of Habeas Corpus Ad Testificandum for Mr. Kwon:

> The Government has in no uncertain terms informed Mr. Shetty and the Court that it would not contest the existence of Mr. Kwon's fraud: "The [G]overnment will not dispute any of the facts alleged in Kwon's indictment, nor deny that Kwon was a fraudster." Dkt. No. 169 at 3. Further, the Government has repeatedly offered to enter a stipulation regarding the facts surrounding Mr. Kwon's fraud. *See generally* Dkt. Nos. 107, 108; *see also* Dkt. No. 128 at 8–9; Dkt. No. 169 at 3. The Government also offered to not dispute the foundation or authenticity of facts in the Kwon indictment, so that "no party will be required to call witnesses to lay the foundation or otherwise testify as to these items of evidence." Dkt. No. 108-1 at 11.

Dkt. No. 175 at 4. Further, the Government has represented that it "will not attempt to establish the market's view of UST, nor what a 'reasonable person' [ ] thought of UST. . . . [T]he government will not argue that the crash of UST is evidence that Mr. Shetty knew or should have known UST was risky. . . . [W]e will concede that Mr. Shetty must have underestimated those risks, because he, like so many others was deceived by Kwon." Dkt. No. 128-1 at 4. Given this, the underlying documents will be cumulative, making the request for the materials to a third party unreasonable.

Finally, Mr. Shetty asserts that he cannot show what materials he relied upon without waiving his Fifth Amendment rights. Dkt. No. 177 at 4. But the Government has repeatedly offered to enter a stipulation regarding the facts surrounding Mr. Kwon's fraud, about which Mr. Shetty will be able to cross-examine the Government's witnesses and make arguments. And should Mr. Shetty choose to put on a case, he can, *inter alia*, introduce a stipulation if one is reached with the Government or introduce Mr. Kwon's indictment itself and/or further discuss

the facts of Mr. Kwon's indictment through the expert witness he has retained, from which he will also be able to make arguments to the jury. Regardless, Mr. Shetty has not met his burden as required under Rule 17 to obtain the documents he requests.

V. CONCLUSION

Therefore, the Court GRANTS Hecker Fink's motion to quash a subpoena issued to it by Defendant, Nevin Shetty (Dkt. No. 171).

Dated this 3rd day of October 2025.

Tana Lin
United States District Judge