UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>    v.<br><br>NEVIN SHETTY,<br><br>                    Defendant. | CASE NO. 2:23-cr-00084-TL<br><br>ORDER ON MOTION FOR BILL OF PARTICULARS |

Before the Court is Defendant Nevin Shetty's Motion for Bill of Particulars. Dkt. No. 192. Having reviewed the Government's response (Dkt. No. 209) and the relevant record, and finding oral argument unnecessary, CrR 12(b)(12), the Court DENIES the motion.

Trial is scheduled to begin on October 24, 2025. Dkt. No. 179. On September 26, 2025, Mr. Shetty filed a motion requesting that the Court direct the Government to file a Bill of Particulars. Dkt. No. 192. Mr. Shetty asserts that, "On September 9, 2025—just over a month before trial—the government abruptly disavowed its risk-based theory entirely. The government now claims that risk is not even *relevant* and pivots to calling Mr. Shetty's claims of making an investment a 'post hoc rationalization.'" *Id.* at 2 (citing Dkt. No. 169 (Gov't's Opp'n to Def.'s Pet'n for a Writ of Habeas Corpus Ad Testificandum) at 2,). Mr. Shetty further asserts that a Bill

ORDER ON MOTION FOR BILL OF PARTICULARS – 1

of Particulars is needed to "lock[] in the government's theory and prevent[] further shifts that would prejudice Mr. Shetty's defense." *Id.*

First, pursuant to Federal Rule of Criminal Procedure 7(f), a motion for a bill of particulars is generally considered untimely if filed more than 14 days after arraignment. While Mr. Shetty cited cases in which motions to *file* a bill of particulars after the time allotted in Rule 7(f) were granted (Dkt. No. 197 at 2), the actual requests were ultimately denied in each of those cases. *See United States v. Anderson*, No. CR23-10010, 2023 WL 8254522, at *1 (D. Kan. Nov. 29, 2023) (denying request for bill of particulars); *United States v. Herink*, No. CR10-169, 2011 WL 3810271, at *2 (D. Neb. Aug. 29, 2011) (same); *United States v. Jeffries*, No. CR10-100, 2011 WL 613354, at *5 (E.D. Tenn. Feb. 11, 2011), *aff'd*, 692 F.3d 473 (6th Cir. 2012) (same). Second, Mr. Shetty has known for months that the Government has believed that his claims were post-hoc rationalizations. In a letter dated April 1, 2025 ("April 2025 Letter"), the Government wrote to Mr. Shetty's counsel, "[W]hile we believe that other evidence shows Mr. Shetty's post hoc justifications for his actions were dishonest, we have taken them at face value for purposes of understanding your intended defense." Dkt. No. 128-1 at 3. Therefore, the Court finds Mr. Shetty's motion untimely.

Even if the Court did not find Mr. Shetty's motion untimely, if the Government provides "[f]ull discovery," such provision "obviates the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). Here, the Government has provided a 10-page indictment, discovery, extensive pretrial briefing, and the disclosure of the government's trial filings, including its trial brief, exhibit list, and witness list. *See* Dkt. No. 209 at 3. In the *Anderson* case cited by Mr. Shetty, the court in that case ultimately denied the request for a bill of particulars because "[a] bill of particulars is not necessary when full disclosure of discovery is given to a defendant before trial and the defendant fails to show prejudice." *Anderson*, 2023 WL

8254522, at *1.

Further, Mr. Shetty asserts he needs a bill of particulars to "lock in the government's theory . . . ." Dkt. No. 192 at 9. However, it well established that "the government is not obliged to disclose the theory under which it will proceed." *United States v. Buckner*, 610 F.2d 570, 574 (9th Cir. 1979) (citing *Rose v. United States*, 149 F.2d 755 (9th Cir. 1945)). While an indictment "must provide the essential facts necessary to apprise a defendant of the crime charged[,] *it need not specify the theories or evidence upon which the government will rely to prove those facts*." *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993) (emphasis added); *see also United States v. Galecki*, No. CR15-285, 2018 WL 2390062, at *7 (D. Nev. May 24, 2018) (denying motion for bill of particulars where defendant sought "specific acts or conduct in reference to particular paragraphs" of the indictment because the 34-page, 8-count "speaking indictment" "sufficiently inform[ed] the defendants of the nature of the charges").

Finally, Mr. Shetty spends much time discussing the concept of risk (*see* Dkt. No. 192 at 4–7), but the Government has repeatedly said that the risk is not a core factor of its case (*see* Dkt. No. 209 at 7). Rather, *Mr. Shetty* has raised risk in the context of his *defense* and, as explained in the April 2025 Letter, when the Government has raised the risk issue, it has been in the context of trying to understand Mr. Shetty's defenses. *See* Dkt. No. 73 (Def.'s Mot. to Compel *Brady* Material) at 8 (asserting that Mr. Shetty "intends to put on evidence that he believed the investment was conservative—or, in the indictment's terms, 'vanilla'").

For these reasons, the Court DENIES Mr. Shetty's request for a bill of particulars.

Dated this 8th day of October 2025.

Tana Lin
United States District Judge