UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>NEVIN SHETTY,<br><br>　　　　　　　　Defendant. | CASE NO. 2:23-cr-00084-TL<br><br>ORDER ON MOTION FOR BILL OF PARTICULARS |

Before the Court is Defendant Nevin Shetty's Motion for Bill of Particulars. Dkt. No. 192. Having reviewed the Government's response (Dkt. No. 209), Mr. Shetty's reply (Dkt. No. 213), and the relevant record, and having held oral argument during the pretrial conference on October 9, 2025, the Court DENIES the motion.

Trial is scheduled to begin on October 24, 2025. Dkt. No. 179. On September 26, 2025, Mr. Shetty filed a motion requesting that the Court direct the Government to file a Bill of Particulars. Dkt. No. 192. Mr. Shetty asserts, "On September 9, 2025—just over a month before trial—the government abruptly disavowed its risk-based theory entirely. The government now claims that risk is not even *relevant* and pivots to calling Mr. Shetty's claims of making an

ORDER ON MOTION FOR BILL OF PARTICULARS – 1

investment a 'post hoc rationalization.'" *Id.* at 2 (citing Dkt. No. 169 (Gov't's Opp'n to Def.'s Pet'n for a Writ of Habeas Corpus Ad Testificandum) at 2)). Mr. Shetty further asserts that a Bill of Particulars is needed to "lock[] in the government's theory and prevent[] further shifts that would prejudice Mr. Shetty's defense." *Id.*

First, pursuant to Federal Rule of Criminal Procedure 7(f), a motion for a bill of particulars is generally considered untimely if filed more than 14 days after arraignment. In responding to the Government's Motion to Strike Mr. Shetty's Motion for a Bill of Particulars (Dkt. No. 194), Mr. Shetty cited cases in which courts granted defendants' motions to *file a motion* for a bill of particulars after the time allotted in Rule 7(f) (*see* Dkt. No. 197 (Def.'s Resp. to Gov't's Mot. To Strike) at 2), but the actual requests were ultimately denied in each of those cases. *See United States v. Anderson*, No. CR23-10010, 2023 WL 8254522, at *1 (D. Kan. Nov. 29, 2023) (denying request for bill of particulars); *United States v. Herink*, No. CR10-169, 2011 WL 3810271, at *2 (D. Neb. Aug. 29, 2011) (same); *United States v. Jeffries*, No. CR10-100, 2011 WL 613354, at *5 (E.D. Tenn. Feb. 11, 2011), *aff'd*, 692 F.3d 473 (6th Cir. 2012) (same). Second, Mr. Shetty has known for months that the Government has believed that his claims were post-hoc rationalizations. In a letter dated April 1, 2025 ("April 2025 Letter"), the Government wrote to Mr. Shetty's counsel, "[W]hile we believe that other evidence shows Mr. Shetty's post hoc justifications for his actions were dishonest, we have taken them at face value for purposes of understanding your intended defense." Dkt. No. 128-1 at 3. Further, Mr. Shetty's counsel's argument at the pretrial conference that he has been uncertain for months as to what the Government's case is only underscores that his motion should have been filed months earlier, not on the eve of trial. Therefore, the Court finds Mr. Shetty's motion untimely.

Even if the Court did not find Mr. Shetty's motion untimely, if the Government provides "[f]ull discovery," such provision "obviates the need for a bill of particulars." *United States v.*

ORDER ON MOTION FOR BILL OF PARTICULARS – 2

*Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). Here, the Government has provided a 10-page indictment, discovery, extensive pretrial briefing, and the disclosure of the Government's trial filings, including its trial brief, exhibit list, and witness list. *See* Dkt. No. 209 at 3. During the meet-and-confer ordered by the Court regarding this motion (*See* Dkt. No. 199 (Minute Order)), the Government attempted to provide further information in response to questions from Mr. Shetty about its case. *See* Dkt. No. 213-2 (email correspondence between Mr. Shetty and the Government). In the *Anderson* case cited by Mr. Shetty, the court considering a motion for a bill of particulars ultimately denied the request because "[a] bill of particulars is not necessary when full disclosure of discovery is given to a defendant before trial and the defendant fails to show prejudice." *Anderson*, 2023 WL 8254522, at *1.

Further, Mr. Shetty asserts he needs a bill of particulars to "lock in the government's theory . . . ." Dkt. No. 192 at 9. However, it is well established that "the government is not obliged to disclose the theory under which it will proceed." *United States v. Buckner*, 610 F.2d 570, 574 (9th Cir. 1979) (citing *Rose v. United States*, 149 F.2d 755 (9th Cir. 1945)). While an indictment "must provide the essential facts necessary to apprise a defendant of the crime charged[,] *it need not specify the theories or evidence upon which the government will rely to prove those facts.*" *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993) (emphasis added); *see also United States v. Galecki*, No. CR15-285, 2018 WL 2390062, at *7 (D. Nev. May 24, 2018) (denying motion for bill of particulars where defendant sought "specific acts or conduct in reference to particular paragraphs" of the indictment because the 34-page, eight-count "speaking indictment" "sufficiently inform[ed] the defendants of the nature of the charges").

Mr. Shetty also spends much time discussing the concept of risk (*see* Dkt. No. 192 at 4–7), but the Government has repeatedly said that the risk is not a core factor of its case (*see* Dkt. No. 209 at 7). Rather, *Mr. Shetty* has raised risk in the context of his *defense* and, as explained in

ORDER ON MOTION FOR BILL OF PARTICULARS – 3

the April 2025 Letter, when the Government has raised the risk issue, it has been in the context of trying to understand Mr. Shetty's defenses. *See* Dkt. No. 73 (Def.'s Mot. to Compel *Brady* Material) at 8 (asserting that Mr. Shetty "intends to put on evidence that he believed the investment was conservative—or, in the indictment's terms, 'vanilla'").

Finally, Mr. Shetty asserts in his reply that the core of the Government's case now is "[Mr.] Shetty's <u>unauthorized taking</u> of $35 million." Dkt. No. 213 at 1 (citing Dkt. 209 at 7). Mr. Shetty argues that the Government "presented one set of facts to the grand jury and now appears to be attempting to prove the opposite at trial." *Id.* at 4. Mr. Shetty argues that "the allegation that the investment was 'unauthorized' is contrary to the indictment and the grand jury testimony the government elicited to support it." *Id.* at 2. The Court finds this assertion without merit.

First, the Indictment alleges that Mr. Shetty "secretly transfer[red] $35 million in Company A corporate funds to a cryptocurrency investment platform that SHETTY owned and operated. SHETTY knew the transfer was contrary to Company A's explicit investment policy and other instructions given to him[.]" Dkt. No. 1 at 2. This allegation clearly suggests that the transfer was unauthorized, and it is unclear to the Court how this allegation could be read to suggest anything other than that the Government was asserting from the very beginning of this case that the transfer was unauthorized.

Second, Mr. Shetty focuses on the testimony pertaining to what authority Mr. Shetty had. *See* Dkt. No. 213 at 3–4. The testimony before the grand jury was that Mr. Shetty had "signatory authorities . . . to move money *as necessary* as CFO." Dkt No. 213-1 (Grand Jury Tr.) at 6:14–15 (emphasis added). Although Mr. Shetty includes this same quote with some of the same language underlined (Dkt. No. 213 at 4), he nevertheless seems to completely ignore the "as necessary" language. Mr. Shetty also omits from the quoted testimony the very next sentence, in

which the witness further explained that "in direct interviews with all the members of the board, the concept was that *if you were moving that amount of money, that would usually be something that you would bring up to the board*." Dkt No. 213-1 at 6:15–19 (emphasis added). Mr. Shetty's interpretation of the testimony suggests that a person could legitimately take money from a company for the person's wholly personal use, untethered from any business purpose whatsoever, simply by virtue of having signatory authority, as long as the person (1) made a wire transfer from a designated bank the company used, (2) went to the bank in person to transfer the money, and (3) provided identification. *See* Dkt. No. 213 at 3. This simply cannot be so, and this interpretation would require the Court to selectively read only portions of the witness's response and ignore the qualifying testimony regarding what authority Mr. Shetty actually had as CFO. The Court will not do so, and it sees no inconsistency between the Government's current theory of the case and the theory presented in the Indictment or the testimony presented to the grand jury.

    For these reasons, the Court DENIES Mr. Shetty's request for a bill of particulars.

    Dated this 14th day of October, 2025.

Tana Lin
United States District Judge