UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br><br>NEVIN SHETTY,<br><br>                Defendant. | CASE NO. 2:23-cr-00084-TL<br><br>ORDER ON PROPOSED JURY INSTRUCTION 17 |

This matter is before the Court on its motion. Having considered the Parties' respective proposals for Jury Instruction 17 (*see* Dkt. Nos. 215 (Mr. Shetty's brief and proposed instruction), 216 (Government's brief and proposed instruction), the Court will exercise its discretion to give a supplemental jury instruction as requested by Defendant Nevin Shetty, and will adopt the Government's proposed language.

//

//

//

ORDER ON PROPOSED JURY INSTRUCTION 17 – 1

I. **PROPOSED JURY INSTRUCTION**

As part of the joint proposed jury instructions filed on October 3, 2025, Mr. Shetty proposed the following as Proposed Jury Instruction No. 17:

> Undisclosed self-dealing is an action by an employee that furthers his own undisclosed financial interest while purporting to act in the interest of those to whom he owns a fiduciary duty. Undisclosed self-dealing, standing alone, is insufficient to satisfy any of the elements of wire fraud.
>
> Similarly, a breach of fiduciary duty, standing alone, is insufficient to satisfy any of the elements of wire fraud.
>
> The breach of a company policy by an employee, standing alone, is insufficient to satisfy any of the elements of wire fraud.
>
> To find the defendant guilty of wire fraud, you must find that the government proved all four elements of wire fraud beyond a reasonable doubt.

Dkt. No. 203 at 35. The government opposed the instruction. *Id.* at 36.

At the pretrial conference on October 9, 2025, the Court informed the Parties that it was inclined to give some version of Defendant's requested instruction, and directed the Parties to meet and confer about the possibility of agreed-upon language, and, if no agreement could be reached, to file separate briefing and proposed instructions. *See* Dkt. No. 211.

On October 14, 2025, each party filed its proposed version of the instruction, with argument in support. Dkt. Nos. 215, 216. Mr. Shetty now proposes the following revised instruction:

> Undisclosed self-dealing is an action by an employee that furthers his own undisclosed financial interest while purporting to act in the interest of those to whom he owns [*sic*] a fiduciary duty. The fact that an act involves undisclosed self-dealing is insufficient to satisfy any of the elements of wire fraud.
>
> Similarly, the fact that an act breaches a fiduciary duty is insufficient to satisfy any of the elements of wire fraud.

> The fact that an act violates a company poicy [*sic*] is insufficient to satisfy any of the elements of wire fraud.
>
> To find the defendant guilty of wire fraud, you must find that the government proved all four elements of wire fraud beyond a reasonable doubt.

Dkt. No. 215-1 at 2.

The Government opposes any version of Requested Instruction No. 17 on the grounds that it is unnecessary, inaccurate, and confusing. Dkt. No. 216 at 1. In the alternative, the Government provides the following, in its words, "more accurate (albeit still problematic) instruction" (*Id.* at 7):

> Undisclosed self-dealing or an undisclosed conflict of interest, standing alone, is not sufficient to establish that the defendant committed the crime of wire fraud.
>
> Undisclosed self-dealing or an undisclosed conflict of interest may be considered by the jury along with other evidence in the case.
>
> A breach of fiduciary duty, standing alone, is not sufficient to establish that the defendant committed the crime of wire fraud. A breach of fiduciary duty may be considered by the jury along with other evidence in the case.
>
> A breach of a company policy by an employee, standing alone, is not sufficient to establish that the defendant committed the crime of wire fraud. A breach of a company policy may be considered by the jury along with other evidence in the case.

*Id.* at 7–8.

## II.    DISCUSSION

Upon considering the arguments of the parties, the Court will give the instruction proposed by the Government (the "Adopted Instruction"). The reasons for this are as follows.

### A.    A Supplemental Instruction Is Discretionary, Not Required

The Government, continuing to oppose any supplemental instruction at all, argues compellingly that courts very rarely give jury instructions in the negative. *See* Dkt. No. 216 at 2.

Rather, "courts tell juries what they need to find to convict. The alternative—giving juries lists of facts that would be insufficient to convict—is unwieldy, unnecessary, and confusing." *Id.* The Government points out that, even after the holding in *Skilling v. United States*, 561 U.S. 358, 410 (2010), the model instruction for honest services fraud was updated to reflect what is *required* to convict, not what is *insufficient*. Dkt. No. 216 at 2. In the honest-services fraud context (where an instruction analogous to the one Mr. Shetty recommends would be accurate as a statement of law), the Ninth Circuit has held that a supplemental instruction that "self-dealing and undisclosed conflicts of interest do not constitute honest-services fraud" is not required. *United States v. Hernandez*, No. 20-50012, 2021 WL 3579386, at *1 (9th Cir. Aug. 13, 2021).

By contrast, Mr. Shetty points to no case law requiring or approving a jury instruction like the one he recommends. Rather, he warns that "the government presents [self-dealing, fiduciary breach, and policy violations] as if they [prove wire fraud], hoping the jury will convict based on conduct that sounds unethical rather than conduct that satisfies the statutory requirements of wire fraud." Dkt. No. 215 at 1–2. But the Government has never suggested that there is any element or any part of an element it will not need to prove, and Mr. Shetty does not indicate which element or elements he thinks will be supplanted by an inadequate showing of unethical (but not criminal) conduct. Moreover, the Government maintains that "this case is based on more than self-dealing, a breach of duty, or a breach of policy." Dkt. No. 216 at 7. The Government commits that it "will not argue that self-dealing alone is enough to convict." *Id.* at 3. Indeed, to the contrary, "the government will embrace the elements of the offense and argue— tracking the Court's instruction on wire fraud—that the jury must find each element beyond a reasonable doubt before concluding that Shetty is guilty." *Id* The Court will hold the Government to this commitment. Out of an abundance of caution, however, and for the reasons given at the pretrial conference, the Court will explicitly instruct the jury that neither self-

dealing, fiduciary breach, nor a breach of policy is sufficient to establish the crime of wire fraud on its own.

### B. The Government's Proposed Instruction Is Correct on the Law, Conforms to a Recognized Structure, and Will Not Unfairly Prejudice Either Party

Only the Government pointed to any jury instruction, given by any court, instructing jurors as to evidence *not* sufficient to sustain a conviction: the Ninth Circuit Model Jury Instruction on "mere presence":

> Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of [specify crime charged]. The defendant must be a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

Dkt. No. 216 at 6–7 (quoting Ninth Circuit Model Criminal Jury Instructions § 5.12 (2022 ed., rev. Sept. 2018)). The Court finds that this structure, which the Government has emulated in the Adopted Instruction, strikes the right balance between clarifying that, for example, self-dealing is not against the law (which some jurors may mistakenly believe), without suggesting that competent, relevant evidence should not be considered.

Mr. Shetty's arguments against the Government's proposed instruction seem to suggest that jurors should not consider these types of evidence at all. First, he warns that instructing the jury that the evidence "'may be considered along with other evidence in the case' . . . is an open invitation to convict on legally insufficient grounds." Dkt. No. 215 at 9. Then, he goes on to assert that self-dealing, breach of fiduciary duty, and violation of company policy are "legally irrelevant." Dkt. No. 215 at 9. But this is simply not true. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. As the Court previously

observed, "both policy violations and self-dealing may be relevant, as both rule-breaking and an expectation of personal gain may have a tendency to make one or more elements of wire fraud more likely." Dkt. No. 218 at 21. The same is true of breach of fiduciary duty. Further, the Court informed the Parties at the pretrial conference that it would instruct the jury on breach of fiduciary duty as part of the wire fraud instruction, using the Ninth Circuit's model language. And the Court has already ruled, it will allow evidence that Mr. Shetty violated Fabric's investment policy by transferring $35 million to a company of which he was part owner. *See* Dkt. No. 218 at 10–13, 18–22. It is a simple fact that the jury may consider these types of evidence along with other evidence in the case.

### C. Mr. Shetty's Proposed Instruction Risks Misleading Jurors About What Evidence They May Consider

Even though jurors may consider evidence of self-dealing, fiduciary breach, and policy violations, Mr. Shetty's proposed instruction risks suggesting that they should not. This is especially true with the inclusion of the phrase "any of the elements." Mr. Shetty has pointed to no instruction (by any court) that includes such wording, and no authority that supports it.[1] Moreover, for all that Mr. Shetty insists that no one act of self-dealing, fiduciary breach, or policy violation can independently demonstrate any single element of wire fraud—and for all that this may be true—he has neither cited to any authority supporting this claim nor presented an analysis, element by element, showing it to be true. The Court is not required either to take this assertion as an article of faith or to provide Mr. Shetty's argument for him, especially where

//

//

---

[1] The cases cited by Mr. Shetty, at best, show that breach of fiduciary duty or company policies *alone* or *alone with a wiring* do not satisfy *all* the elements of wire fraud, not that they do not satisfy *any* element of wire fraud. *See* Dkt. No. 215 at 5–6.

ORDER ON PROPOSED JURY INSTRUCTION 17 – 6

the requested instruction is a completely discretionary one, and he was given two opportunities to brief the issue.

Even where Mr. Shetty does address parts of the first and fourth element (Dkt. No. 215 at 6–7), his premises do not support his conclusions. For example, that "a fiduciary can breach duties in countless ways without taking the principal's money" (*id.* at 6) does not mean that *some* fiduciary breaches will not satisfy the first element of wire fraud. The fact that "[e]mployees violate policies every day for reasons having nothing to do with intent to harm their employers" (*id.* at 7) does not mean that *some* violations of *some* policies will not satisfy the fourth (intent) element of wire fraud (which Mr. Shetty misrepresents as requiring an intent to "harm" the victim or "cause loss," (*id.*; *see Kousisis v. United States*, 145 S. Ct. 1382, (2025))). While Mr. Shetty's addition of language including "the fact that an act involves/breaches/violates . . ." (*see* Dkt. No. 215 at 8) may be an attempt to reconcile this tension (e.g., by allowing that a violation of a company policy, for example, *could* satisfy an element, or even be criminal itself, but not merely *because* it is a violation of company policy), this hyper-technical distinction turns the requested instruction into one that says too little and implies too much. The Court finds that there is a high likelihood that the instruction as written would mislead jurors into thinking they could not consider evidence of self-dealing, fiduciary breach, or policy violation in deciding whether a particular element is satisfied, which would unfairly and severely prejudice the government.

The cases Mr. Shetty cites in support of his instruction (*see* Dkt. No. 215-1 at 2) are not convincing. The *Skilling* majority did not discuss the relationship between breach of fiduciary duty and traditional wire fraud. *See generally* 516 U.S. 358. While the Eastern District of New York's one-sentence summary of *Ciminelli* provides a convenient soundbite, the actual holding of *Ciminelli* has to do with the right-to-control theory of wire fraud, and has already been distinguished by this Court. *See United States v. Nordlicht*, No. CR16-640, 2023 WL 4490615 at

1  *6 (E.D.N.Y. July 12, 2023) (citing *Ciminelli v. United States*, 598 U.S. 306 (2023)); Dkt.

2  No. 113 at 10–11. *Weimert* and *McCright*, as quoted, both support an instruction without the

3  "any element" language. *see* Dkt. No. 215-1 at 2 (quoting *United States v. Weimert*, 819 F.3d

4  351, 367 (7th Cir. 2016); *United States v. McCright*, 821 F.2d 226, 229 (5th Cir. 1987)). And

5  *Guertin*, as the Government points out, was abrogated by *Kousisis*.[2] Dkt. No. 216 at 5 (citing

6  *United States v. Guertin*, 67 F.4th 445, 452 (D.C. Cir. 2023)).

   Mr. Shetty's counsel is free to argue, and undoubtedly will, that the elements of the wire fraud statute have not been met, and the Government will argue that they have. The Court will instruct the jury on the elements of wire fraud, and the fact that the Government must prove each element beyond a reasonable doubt. The jury, it is presumed, will follow these instructions. But the Court finds that to give Mr. Shetty's instruction as requested would veer into the territory of arguing on his behalf against the significance of the evidence the Government intends to present. This the Court will not do.

   Finally, the Court finds it unnecessary to remind jurors in Instruction 17 that they "must find that the government proved all four elements of wire fraud beyond a reasonable doubt" (Dkt. No. 215-1 at 2), as this is already clearly stated in the wire fraud instruction, and each juror

//
//
//
//

---

[2] This is the second time Mr. Shetty's counsel has cited a case that was abrogated by *Kousisis* in support of a requested alteration to a jury instruction. In requesting additional language be added to proposed preliminary jury instruction number 2, Mr. Shetty relied on *United States v. Starr*, 816 F.2d 94 (2d Cir. 1987). Dkt. No. 203 at 7. In an oral ruling denying the request for the additional language at the pretrial conference, the Court informed Mr. Shetty's counsel that *US v. Runner*, 143 F.4th 146, 155 (2d Cir. 2025), specifically calls out *Starr* as part of a line of Second Circuit cases that was abrogated by *Kousisis*.

will have a copy of the jury instructions for reference. Mr. Shetty can direct the jury's attention to this language as he wishes.

Dated this 17th day of October, 2025.

Tana Lin
United States District Judge