UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br><br>NEVIN SHETTY,<br><br>                Defendant. | CASE NO. 2:23-cr-00084-TL<br><br>ORDER ON MOTION FOR JUDICIAL NOTICE AND TO ADMIT PARTY ADMISSIONS |

This matter is before the Court on Defendant Nevin Shetty's Motion for Judicial Notice and to Admit Party Admissions. Dkt. No. 228. Having reviewed the Motion, the Government's response (Dkt. No. 238), Mr. Shetty's reply (Dkt. No. 239), and the relevant record, the Court denies the motion.

## I.    DISCUSSION

**A.    Request for Judicial Notice**

Under Federal Rule of Evidence 201, a district court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it *and the court is supplied with the necessary information.*" Fed. R. Evid. 201(c) (emphasis added). "To sustain its burden in persuading the trial judge that the adjudicative fact sought to be noticed is in fact proper for notice" under Rule 201, a requesting party "must (1) persuade the court that the particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to a source 'whose accuracy cannot reasonably be questioned' and (2) must also *supply the court with the source material needed to determine whether the request is justified.*" *In re Tyrone F. Conner Corp., Inc.*, 140 B.R. 771, 781 (Bankr. E.D. Cal. 1992) (citing *In re Blumer,* 95 B.R. 143 (9th Cir. BAP 1988)).

Although Mr. Shetty acknowledges the two bases for judicial notice under Rule 201(b) (*see* Dkt. No. 228 at 5), he has presented the Court with a list of 13 facts, not one of which is accompanied with support demonstrating that it either "(1) is generally known within [this Court's] jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Instead, Mr. Shetty simply conclusively asserts, "These facts are publicly available. They are not reasonably disputable. The government said it would not dispute them." Dkt. No. 228 at 7. But none of this is a basis for judicial notice. The Court is not aware of any precedent allowing it to take judicial notice for reasons other than the two listed in Rule 201, and Mr. Shetty has provided none.

To the extent that Mr. Shetty implies that the enumerated facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," he has not identified what those sources are or provided them to the Court. In fact, not one of his facts is supported by any citation. Accordingly, Mr. Shetty has not carried his burden to establish a basis for mandatory judicial notice under Rule 201(c)(2).

Additionally, while the Court can take discretionary judicial notice on its own under Rule 201(c)(1), the 13 facts Mr. Shetty lists do not appear to be appropriate subject matter for judicial notice. The Court doubts that any one of the facts Defendant lists is "generally known" by the people of the Western District of Washington. *See Cruz v. Specialized Loan Servicing*, LLC, No. C22-1610, 2022 WL 18228277, at *3 (C.D. Cal. Oct. 14, 2022) ("Facts that are 'generally known within the territorial jurisdiction of the trial court' are those that exist in the unrefreshed, unaided recollection of the populace at large." (quoting *Lussier v. Runyon*, 50 F.3d 1103, 1114 (1st Cir. 1995)). Indeed, when asked, only three individuals on the venire were even familiar with Terra. Nor can the Court identify sources whose accuracy cannot reasonably be questioned from which these facts can be accurately and readily confirmed. Mr. Shetty appears to imply that such sources include "[t]he Kwon indictment," and "the media." Dkt. No. 228 at 6.

Certainly "[t]he Kwon indictment is a public record" (*id.*), and the fact that Mr. Kwon was indicted, and that the indictment contained what it contained, cannot reasonably be disputed. But as Mr. Shetty well knows, and as the jury has been advised, "the indictment is not evidence" of the facts (or allegations) it contains. Dkt. No. 233 (Preliminary Jury Instructions) at 3. Having the Court take judicial notice of the facts in the indictment puts the imprimatur of the Court behind them. The Court simply does not have the information to be able to do so. This is quite different than having the Government stipulate to the indictment and the facts contained therein. Indeed, the Government represents that it is willing to stipulate to all but three of the facts that Mr. Shetty requests. Dkt. No. 238 at 3. That Mr. Shetty cannot get every single stipulation he wants from the Government is not a reason for the Court to take judicial notice of them. The Court is aware of the representations the Government has made in its pleadings and expects the Government to stand by them. And the Government continues to represent that it does stand by them. *Id.* at 5. The Court is also aware that the Government has offered to stipulate to the facts in

the indictment for months and that the holdup has been Mr. Shetty's insistence that the Government stipulate to facts regarding intent that are not contained in the Do Kwon indictment (but that, depending on the evidence developed, Mr. Shetty might be able to argue can be reasonably inferred). *See* Dkt. No. 108-3. It appears to the Court that the Government has been trying to work with Mr. Shetty to follow through on its representations (*see, e.g.*, Dkt. Nos. 108-1, 108-2), and Mr. Shetty has known that the Government has been steadfast since at least January 2025 in its unwillingness to stipulate to the intent of other investors or Mr. Shetty. Dkt. No. 108-3. If Mr. Shetty refuses to enter into an agreement with the Government solely because the Government will not provide him with three of the thirteen stipulations he wants, that is his choice. But he will have to live with that choice.

As for coverage of Mr. Kwon in the media, Mr. Shetty is correct that "[c]ourts routinely take judicial notice of publicly available information to show what was in the public realm at a given time . . . 'not whether the contents of those articles were in fact true.'" Dkt. No. 228 at 5 (quoting *Napear v. Bonneville Int'l Corp.*, 669 F. Supp. 3d 948, 958–59 (E.D. Cal. 2023)). However, the extensive authority Mr. Shetty cites on this point undermines his own position: in his own descriptions, he notes the cases support the proposition that a court takes judicial notice of "publications," "various newspapers, magazines, and books," and "tweets". Dkt. No. 228 at 5. But Mr. Shetty is asking the Court to "take judicial notice of what Kwon said and did" (*id.* at 6), not of what media about Kwon were in the public realm at any given time. *Id.* Accordingly, Mr. Shetty's arguments do not convince the Court that judicial notice is appropriate, or even permissible, here.

**B.   Request to Admit Statements of Opposing Counsel as Party Admissions**

Next, Mr. Shetty asks the Court to admit four statements by opposing counsel—one from a letter to his counsel and three from an opposition brief filed in this case—as admissions of a

party opponent. Dkt. No. 228 at 8. Mr. Shetty argues that the statements are "unambiguous," the "government made them in writing to this Court" and that at least three courts "have applied the party-opponent rule to statements by a government prosecutor." *Id.*

As an initial matter, the Court cannot "admit [certain] statements as party admissions" under Rule 801(d)(2)(A) as Mr. Shetty requests (*id.*), because Rule 801 does not govern whether evidence is admissible—only whether it is hearsay. As explained in *United States v. Bakshinian*, one of the cases on which Mr. Shetty relies:

> To determine the admissibility of the statement, the Court must consider two separate issues: First, whether the statement is that of a party-opponent under Rule 801(d)(2)(A); and second, assuming the statement is that of a party-opponent, whether it passes the general requirements of Rules 401 and 403.

*United States v. Bakshinian*, 65 F. Supp. 2d 1104, 1105 (C.D. Cal. 1999). As Mr. Shetty's mere eight sentences on this topic did not reach the second question (*see* Dkt. No. 228 at 8), the Court has no basis for ruling that these statements are admissible.

If the Government's representations at trial contradict the prior statements at issue (e.g., if it argues during trial that others were not deceived by Mr. Kwon's representations about TerraCoin or that there was not a large group of victims worldwide), then Mr. Shetty may renew his motion with (a) analysis explaining why the Court should adopt his interpretation of the party-opponent rule and distinguishing this case from contrary precedent, and (b) demonstrating that the statements not only are not hearsay, but are admissible under the applicable Rules. The Court notes, however, that Mr. Shetty has set a high bar for himself: While the three cases he cites in support of his request all either hold or suggest that at least some statements by prosecutors are statements by party-opponents, and thus not hearsay under Rule 801(d)(2)(A), not one of them admitted the contested evidence (or reversed its exclusion) on that ground:

- In *United States v. Salerno* (which the Government rightly notes has been reversed by the Supreme Court on other grounds), the Second Circuit found it "not necessary to reach th[e] issue" of whether prosecutors' opening and closing statements from a prior prosecution were admissions of a party-opponent, but nonetheless did "offer some guidance on th[e] subject" in dicta. 937 F.2d 797, 811 (2d Cir.), *opinion modified on reh'g,* 952 F.2d 623 (1991), and *amended,* 952 F.2d 624 (1991), and *rev'd,* 505 U.S. 317 (1992). To that end, the court approvingly cited a three-factor test, established in another Second Circuit case, to "circumscribe the evidentiary use of prior jury arguments" even if they are not hearsay under Rule 801(d)(2)(A). *Id.* (citing *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984))

- In *United States v. DeLoach*, the court analyzed "portions of a prosecutor's closing argument" in a codefendant's case as statements of a party opponent, but, following the Second Circuit, found the statements "failed to meet the requirements set out in *McKeon* and *Salerno* because the comments were neither statements of fact nor inconsistent with the Government's position in the present case." 34 F.3d 1001, 1005 (11th Cir. 1994).

- In the Central District of California, the *Bakshinian* court rejected these precedents and held that "the statement of the government prosecutor falls within the party-opponent rule, the Court will not apply the *McKeon* requirements, and the admissibility of the statement at trial will be considered under typical Rule 402 and Rule 403 standards." 65 F. Supp. 2d at 1110. Nevertheless, the court continued: "In light of the state of the evidence at this time, the Court finds that the likelihood of confusion and waste of time outweighs the probative value of the statement." *Id.*

Because this Court need not decide whether to adopt any of these divergent approaches in order to deny the relief Mr. Shetty seeks, the Court will not determine at this time whether the statements in question are statements by party-opponent within the meaning of Rule 801.

*   *   *

Accordingly, Mr. Shetty's motion (Dkt. No. 228) is DENIED.

Dated this 26th day of October, 2025.

Tana Lin
United States District Judge