The Honorable Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR23-084 TL |
|---|---|
| Plaintiff, | UNITED STATES' STATEMENT RE DEFENSE DISCOVERY CLAIM |
| v. | |
| NEVIN SHETTY, | |
| Defendant. | |

The government believes it has complied with its discovery obligations in relation to the dispute over Company A's arbitration with Chase.

As stated on the record today by counsel, the government does not possess deposition transcripts or other materials from the Chase arbitration that are not already in the defense's possession.

The only remaining question concerns knowledge of the existence of the arbitration. The Court should reject Shetty's request for an order directing government counsel to pour over their files to in the middle of trial to see if it is possible to determine when they first learned of the existence of the arbitration. This is so for at least three reasons.

First, *Brady* and *Giglio* are self-executing obligations entrusted to the prosecution, not the defense or the courts. *See United States v. Jennings*, 960 F.2d 1488, 1490–92 (9th Cir. 1992).

Statement re: Discovery Dispute - 1
*United States v. Nevin Shetty*, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Second, a defendant challenging the government on a disclosure matter has the burden of showing that material information was withheld. *United States v. Lucas*, 841 F.3d 796, 808 (9th Cir. 2016). Shetty has not met—and cannot meet—that standard here.

Third, and most importantly, this dispute is moot, and it should not continue to occupy the Court's and the parties' time during this already very busy trial. No matter when the government learned of the existence of the arbitration, Shetty has said he knew about it many months ago. He did not make any discovery request of the government, file any motion, or otherwise raise the issue at that time. Instead, he evidently obtained, via subpoena, materials from the arbitration such as the deposition transcripts he has used during this trial. He thus had a complete opportunity to make use of this information, and there is no possible prejudice. *See United States v. Houston*, 648 F.3d 806, 813 (9th Cir. 2011) ("there is no *Brady* violation so long as the exculpatory or impeaching evidence is disclosed at a time when it still has value").

DATED this 31st day of October, 2025.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

*s/ Philip Kopczynski*
PHILIP KOPCZYNSKI
GRACE W. ZOLLER
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-7970
Fax: (206) 553-0882
Email: Philip.Kopczynski@usdoj.gov
       Grace.Zoller@usdoj.gov

I, Philip Kopczynski, certify that this pleading contains 324 words, in compliance with the Local Criminal Rules.

Statement re: Discovery Dispute - 2
*United States v. Nevin Shetty*, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970