The Honorable Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEVIN SHETTY,<br><br>Defendant. | NO. CR23-084 TL<br><br>UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT'S REQUESTED FINAL JURY INSTRUCTIONS |

The defense's newly proposed final jury instructions are unfounded and an attempt to baselessly relitigate issues that have already been ruled upon by this Court. The Court should deny the defense's request and proceed with instructing the jury with the final jury instructions previously decided upon.

## ARGUMENT

"A defendant . . . is not entitled to an instruction with wording of his own choosing." *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010). "The district court has broad discretion in formulating the instructions" for both the elements and the theory of the defense, and it "need not give an instruction in the precise language proposed by the

United States' Memorandum Opposing Requested Instructions - 1
*United States v. Nevin* Shetty, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

defendant." *United States v. Anguiano-Morfin*, 713 F.3d 1208, 1209–10 (9th Cir. 2013) (citing *United States v. Hayes*, 794 F.2d 1348, 1351 (9th Cir.1986)).

### I. Proposed "Defense Theory" Instruction Is Unnecessary and Inaccurate

While in certain cases defense theory instructions can be appropriate, "it is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory." *United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir.1990) (reversed on other grounds); *see United States v. Romm*, 455 F.3d 990, 1002 (9th Cir. 2006). The court's final instructions as drafted—which include the Ninth Circuit's Model Jury Instructions on wire fraud and a supplemental instruction at the defense's request regarding undisclosed self-dealing, breach of fiduciary duty, and breaches of corporate policy—do just that. The defense has not established a "defense theory" instruction is needed and has not proffered one that accurately reflects the law or the facts of this case.

The Court previously granted the defense's request for a supplemental jury instruction to address seal-dealing, fiduciary duty breaches, and violations of corporate policies—arguments the defense has litigated for years in this case. This was effectively a "defense theory" instruction. The government vigorously opposed the special instruction, stating it was legally inaccurate and misleading. Dkt. 216. The Court granted the request in part, incorporating requested edits by the government, despite Shetty "point[ing] to no case law requiring or approving a jury instruction like the one he recommends," "[o]ut of an abundance of caution." Dkt. 220, at 4.

Now, the defense asserts a new defense theory instruction that is similarly inaccurate and misleading. Shetty again asks this Court to instruct the jury on evidence that *cannot* prove guilt—something jury instructions are rarely, if ever, intended to do. *See id.* at 5. As the Court previously held in limiting the defense's proposed jury instruction 17, "the Court finds that to give Mr. Shetty's instruction as requested would veer into the territory of

United States' Memorandum Opposing Requested Instructions - 2  
*United States v. Nevin* Shetty, CR23-084 TL

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

arguing on his behalf against the significance of the evidence the Government intends to present. This the Court will not do." Dkt. 220, at 8. The Court should remain true to this holding.

The four paragraphs of the defendant's proposed instruction are addressed in turn.

### A. *Investment Policy Is Not a "Complete Defense"*

Shetty is now attempting to simultaneously use the investment policy as a sword and a shield. In his defense theory instruction, Shetty proposes the Court instruct the jury that "it is a complete defense" if he acted within the confines of the investment policy. Then, in his reasserted instruction No. 17, Shetty claims that if he violated that same company policy, such violation is "insufficient to satisfy any of the elements of wire fraud." It is illogical how a policy could both be so powerful as to fully exculpate Shetty if it is obeyed and be so irrelevant that it cannot speak to a single element of wire fraud if it is violated.

Shetty's proposal is not a statement of law, it is a factual assertion dressed up as a legal conclusion. The Court previously explained at length the relevance of the investment policy as a piece of evidence to establishing Shetty's intent in its order denying Shetty's motion in limine to exclude reference to his violation of the policy. *See* Dkt. 218. The parties have presented evidence on this policy and will certainly argue about it in closing arguments. The Court will instruct the jury on the law and the jury will apply those facts to the law. The Court should not take Shetty's invitation to veer into the jury's role in applying the law to the facts of this case.

Further, the government is unaware of cases in which this fact specific "complete defense" type of jury instruction has been used. The only area in the Ninth Circuit Model Jury Instructions where such "complete defense" language appears is in the comment section of the "11.5 Withdrawal from Conspiracy" instruction. This type of broad sweeping jury instruction is simply not used in the Ninth Circuit and it is certainly unfounded when

United States' Memorandum Opposing Requested Instructions - 3
*United States v. Nevin* Shetty, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

directed to a specific piece of case evidence rather than a legal construct such as "withdrawal."

### B. *Reasonable Belief*

Shetty's requested instruction regarding his purportedly reasonable belief of his obeyance of the corporate resolution adopting the investment policy is flawed for the same reasons. As with the first paragraph, Shetty is attempting to instruct the jury on what evidence is *not* sufficient to find him guilty. Indeed, the phrasing of the instruction is more like an assertion that Shetty is innocent. Shetty already attempted this with his originally proposed instruction No. 17, which is reasserted once again and addressed below. The Court already addressed that this type of instruction only appears in a single place in the Ninth Circuit Model Jury Instructions. As the government previously stated, that is because instructions are intended to instruct on the law and allow the jury to weigh the evidence presented—such as the resolution—against the elements of the charged crime.

This instruction is particularly unnecessary because the elements of wire fraud include an intent standard. The jury is tasked with, and will be instructed on, deciding whether Shetty knowingly devised a scheme to defraud for purposes of obtaining money. For the same reason a defendant is not entitled to a "good faith" instruction as a complete defense to the intent element of wire fraud, Shetty is not entitled to a "reasonable belief" instruction. *See United States v. Steiner*, 152 F.3d 931 (9th Cir. 1998) (wire fraud case) ("Where a district court adequately instructs a jury as to specific intent, a defendant is not entitled to a separate good faith instruction.")

The defense asserted the reason this instruction is needed is because the testimony heard at trial was that the board members and the company did not want a cryptocurrency "investment." Shetty was permitted to cross-examine each of those witnesses with the resolution and assert his position, which he did. The jury should be allowed to weigh that evidence now against the elements of wire fraud.

### C. *Omissions Must Have Tendency to Influence the Board as a Whole*

United States' Memorandum Opposing Requested Instructions - 4
*United States v. Nevin* Shetty, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Ninth Circuit Model Jury Instruction sufficiently addresses omissions, the duty to disclose, misrepresentations, and materiality. An additional instruction is simply unnecessary. This particular instruction is improper because corporate principles should not be conflated with wire fraud law.

The misrepresentations' influence over the victim, or, in other words, the reliance on those misrepresentations, are irrelevant. "Proof of a scheme to defraud does not require showing that a victim relied on the defendant's falsehoods; it is sufficient that falsehoods were material." *United States v. Jesenik*, 152 F.4th 924, 942 (9th Cir. 2025). The Court's proposed instructions will inform the jury appropriately on this point.

Corporate law principles regarding boards and their powers have no role in the jury instructions of a wire fraud case. *See United States v. Rathburn*, 771 F. App'x 614, 626 (6th Cir. 2019) (holding the district court did not err in failing to provide jury instructions on contract interpretation because "[t]he government charged Rathburn with wire fraud—not breach of contract. The elements of wire fraud are separate and district from Michigan contract law."); *United States v. Perry*, 537 F. App'x 347, 349 (5th Cir. 2013) (recognizing that common law contract rules are inapplicable to the crime of wire fraud). The government has previously asserted as much. Dkt. 94 at 2-3 (discussing same).

This instruction is also factually untrue because Shetty mislead his supervisors, the CEO and COO, who operated the company and who he was in a trusting relationship with as an officer. Defense counsel asserted yesterday that omissions and misrepresentations stated to witnesses on the finance team cannot violate a fiduciary duty and thus this instruction is needed to avoid the jury thinking all misrepresentations are relevant to the charged crimes. First, they are relevant as to Shetty's state of mind. Second, Shetty's omissions and misrepresentations to the finance team were an inherent part of the scheme because they induced Company A to believe HighTower Treasury was a normal savings account and "relax the care and vigilance that it would ordinarily exercise" when finding $35 million removed from its bank account.

United States' Memorandum Opposing Requested Instructions - 5
*United States v. Nevin* Shetty, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

D. *"Lawful Custodian" Paragraph*

"Lawful custodians" can still cheat a company out of their money. "A defendant acts with the intent to cheat when he engages in 'a scheme or artifice to defraud or obtain money or property' and 'deprive[s] a victim of money or property' thereby 'cheat[ing] someone out of something valuable.'" *Miller*, 953 F.3d at 1101. Shetty schemed to obtain and did obtain Company A's $35 million, plus the interest he planned to generate (and for a brief time, did generate) off those ill-gotten gains. This is the very definition of cheating.

Furthermore, the fact that Shetty had access to Company A's funds does not shift the elements of wire fraud. The Ninth Circuit has squarely held that "individuals who retain or misappropriate the money or property of others, regardless of how they acquired it, fall within the purview of . . . wire fraud." *United States v. Jones*, 472 F.3d 1136, 1139 (9th Cir. 2007). Relatedly, "the concept of 'fraud' includes the act of embezzlement, which is the fraudulent appropriation to one's own use of the money or goods entrusted to one's care by another." *Id.* at 1140 (internal quotation marks and citations omitted).

A custodian of money is not the equivalent of owner of the money. Shetty may well have believed UST was a benefit to Company A, but that does not negate the fact that he knew the company did not agree with him and expressly instructed him to do otherwise. Furthermore, as stated above, good faith instructions are not needed in fraud cases. *United States v. Larsen*, 810 F. App'x 508, 511 (9th Cir. 2020) ("Here, the district court correctly instructed the jury that bank fraud requires 'intent to defraud,' and that '[a]n intent to defraud is an intent to deceive or cheat.' Therefore, [the defendant's] proposed good faith instruction was unnecessary.")

Further, whether Shetty believed there would be a benefit to Company A is irrelevant. *United States v. Leahy*, 464 F.3d 773, 787 (7th Cir. 2006) ("[A] defendant's honest belief that his actions will ultimately result in a profit and not a loss is irrelevant for determining whether a violation [of the wire fraud statute] has occurred."); *United States v. Hamilton*, 499 F.3d 734, 735-737 (7th Cir. 2007) ("If you embezzle from your employer

United States' Memorandum Opposing Requested Instructions - 6
*United States v. Nevin* Shetty, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

you are not excused just because you had an honest intention of replacing the money, maybe with interest—you embezzled the money to gamble and were honestly convinced that you were on a lucky streak and would win enough to cover the defalcation comfortably").

This is similar to the irrelevancy of a defendant's "good faith belief" that he will repay the money he has taken or, in other words, cause no loss to the victim. *See United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir. 1986) ("While an honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all."). As this Court has previously recognized, "harm" or "loss" is not an element of wire fraud. *See* Dkt. 220 at 7 (citing *Kousisis v. United States*, 145 S. Ct. 1382, (2025)). The inverse is also true. A benefit to the victim is likewise not an element of wire fraud or a negation of any element.

Finally, as this Court has previously held, the jury does not need instruction on commonly defined terms. A convoluted instruction on what it means to "cheat" is not needed because a juror will understand what that word means, which is presumably why the Ninth Circuit Model Jury Instructions does not further define it.

## II. The Court Should Not Reconsider Its Prior Ruling on Instruction No. 17

The defense next reasserts, verbatim, a proposed jury instruction that has already been ruled upon by this Court in a nine-page order outlining its reasoning. The holdings in the Court's order on this instruction need not be reconsidered. Nothing has substantively or legally changed since the Court's order to render it moot or misguided. The Court should deny the request to relitigate this issue.

DATED this 5th day of November, 2025.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

United States' Memorandum Opposing Requested Instructions - 7
*United States v. Nevin* Shetty, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

|  |  |
|---|---|
| 1 | |
| 2 | *s/ Grace W. Zoller* |
| 3 | PHILIP KOPCZYNSKI |
|   | GRACE W. ZOLLER |
| 4 | Assistant United States Attorney |
| 5 | 700 Stewart Street, Suite 5220 |
|   | Seattle, WA 98101-1271 |
| 6 | Telephone: (206) 553-7970 |
|   | Fax: (206) 553-0882 |
| 7 | E-mail: Philip.Kopczynski@usdoj.gov |
| 8 |         Grace.Zoller@usdoj.gov |

United States' Memorandum Opposing Requested Instructions - 8
*United States v. Nevin* Shetty, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970