The Honorable Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR23-084 TL |
|---|---|
| Plaintiff, | UNITED STATES' RESPONSE TO MOTION FOR LEAVE TO CONTACT AND INTERVIEW JURORS |
| v. | |
| NEVIN SHETTY, | |
| Defendant. | |

The Court should deny Defendant Nevin Shetty's motion for leave to contact and interview jurors. Shetty gives the Court no compelling reason to depart from its longstanding practice of prohibiting post-trial contact with jurors. The Court should protect the jurors' privacy, their deliberative process, and the finality of their verdict.

**LEGAL AUTHORITY**

Absent unusual circumstances, the parties to a criminal trial have no right to contact jurors after they deliver their verdict. *See Neron v. Tierney*, 841 F.2d 1197, 1202 (1st Cir. 1988).

This Court's local rules prohibit counsel from contacting or interviewing jurors after trial. CrR 24(d). Most other federal district courts have a similar rule. *Cuevas v. United States*, 317 F.3d 751, 753 (7th Cir. 2003) ("Out of the 94 federal district courts, most have

Response to Motion for Leave to Contact Jurors - 1
*United States v. Nevin Shetty*, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

rules regarding post-trial juror contact."). Many states do as well. *See, e.g.*, *McFadden v. State*, 553 S.W.3d 289, 300 (Mo. 2018).

Rules prohibiting post-trial contact with jurors protect jurors' privacy interests, prevent harassment, encourage finality, and serve many other important purposes. *See Mitchell v. United States*, 958 F.3d 775, 787 (9th Cir. 2020) ("Rules restricting lawyers' access to jurors: (1) encourage freedom of discussion in the jury room; (2) reduce the number of meritless post-trial motions; (3) increase the finality of verdicts; and (4) further Federal Rule of Evidence 606(b) by protecting jurors from harassment and the jury system from post-verdict scrutiny." (internal quotation marks and citation omitted)); *United States v. Kepreos*, 759 F.2d 961, 967 (1st Cir. 1985) ("Permitting the unbridled interviewing of jurors could easily lead to their harassment, to the exploitation of their thought processes, and to diminished confidence in jury verdicts, as well as to unbalanced trial results depending unduly on the relative resources of the parties."); *United States v. Militello*, 673 F. Supp. 141, 144 (D.N.J. 1987) ("A high threshold for [juror] interviews is maintained to avoid harassment of jurors, preserve the finality of judgments, discourage meritless applications for post-verdict hearings, reduce the likelihood of and temptation for jury tamperings, as well as other concerns.").

To overcome the important interests served by no-contact rules, a party must show good cause. District courts routinely deny requests for post-trial contact with jurors that are not based on juror misconduct or other extraordinary circumstances. *See, e.g.*, *Mitchell*, 958 F.3d at 791; *Bros. v. Johnson*, 105 F.4th 1279, 1285 (10th Cir. 2024); *United States v. Tran*, No. CR 23-10299, 2024 WL 4754455, at *1 (D. Mass. Nov. 12, 2024); *United States v. Foster*, No. CR 20-107, 2023 WL 3042142, at *1 (E.D. La. Apr. 21, 2023).

## ARGUMENT

This Court should deny Shetty's request for leave to contact and interview jurors. Shetty does not identify a single example of a judge in this district granting a similar request, and undersigned counsel are aware of none. In fact, in a handful of instances in

Response to Motion for Leave to Contact Jurors - 2
*United States v. Nevin Shetty*, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

which this issue has been raised, as it was here, after a guilty verdict on all counts, the Court has denied such requests. *See United States v. Mayers*, CR16-258-JCC (W.D. Wash. Jan. 9, 2017), at Dkt. 79 (minute order denying defendant's motion for leave to interview jurors); *United States v. Armstrong*, CR12-322-JCC (W.D. Wash. Aug. 1, 2016), at Dkt. 138 (order denying defendant's motion for leave to interview jurors); *United States v. Lin*, CR95-732-TSZ (W.D. Wash. Apr. 29, 1996) at Dkt. 366 (minute order denying defendant's motion to permit counsel to interview jurors).

The defense attaches a Reddit thread to its motion that purports to be written by a member of the jury, but which was deleted before the filing of the motion. *See* Dkt. 299-1. The defense suggests that because a "considerable amount of information about jury deliberations" was already made public in this post, there is no harm in defense counsel interviewing all twelve jurors. Dkt. 299 at 1. Public disclosure or lack thereof is not the standard for permitting post-trial juror contact, however. Even if it were, an anonymous, deleted post by one possible juror does not open the flood gates for interviews of all jurors.

Beyond the Reddit threat, Shetty offers just two brief reasons to grant his request, and neither is compelling. First, Shetty says that interviews of jurors would "provide . . . valuable feedback" to "counsel" about "what works and does not work in a criminal trial." Dkt. 299 at 2. Granting Shetty's motion for this nonspecific reason would make the local rule prohibiting juror contact a dead letter. Furthermore, soliciting "feedback" for attorneys has routinely been identified as an insufficient justification to contact jurors. *See, e.g.*, *Haeberle v. Texas Int'l Airlines*, 739 F.2d 1019, 1022 (5th Cir. 1984) ("The first-amendment interests of both the disgruntled litigant and its counsel in interviewing jurors in order to satisfy their curiosity and improve their advocacy are . . . plainly outweighed by the jurors' interest in privacy and the public's interest in well-administered justice."); *United States v. Moi*, No. 19-CR-112, 2022 WL 1094116, at *1 (D. Alaska Apr. 12, 2022) (denying motion to send written questionnaire to jurors "to solicit feedback regarding trial and performance of counsel"); *Olsson v. A.O. Smith Harvestore Prods.*, 696 F. Supp. 411,

Response to Motion for Leave to Contact Jurors - 3
*United States v. Nevin Shetty*, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

412 (S.D. Ind. 1986) ("Absent a showing of evidence of juror impropriety, an attorney is not permitted to invade the province of the jury room for the purpose of improving his skills as a trial lawyer by ascertaining from the jurors which facets of the trial influenced their verdict.").

Second, Shetty says that knowing the jurors' views of "his conduct and defenses" will help him "come to grips with the conviction and the consequences for him and his family." Dkt. 299 at 2. But a jury's role is not to help defendants process defeat, and besides, what this jury thought of Shetty's conduct is already clear. They found him guilty of fraud, and they necessarily rejected his defenses to reach that verdict. Additionally, the jurors have no knowledge of or role in the "consequences" arising from Shetty's conviction, so it is unclear how speaking with jurors will assist Shetty in coming to grips with these realities. The jurors fulfilled their duty by serving on a nine-day trial, deliberating at length, and reaching a unanimous verdict. Further questioning or prodding of the jurors would only devalue that service. *See United States v. DiDomenico*, 78 F.3d 294, 302 (7th Cir. 1996) ("To embarrass or harass these jurors by protracted questioning about their deliberations would be a disservice to the jury system, which can hardly thrive if jurors are sullen and resentful as a result of being abused by judges and lawyers.").

The defense's argument that Shetty has a heightened need to hear what the jurors "thought of his conduct and defenses" because "everyone agrees that Mr. Shetty was duped by Do Kwon and his stablecoin program," Dkt. 299 at 2, highlights an important reason why post-verdict interviews are generally prohibited: it is not jurors' job to defend their verdict. *See Tanner v. United States*, 483 U.S. 107, 120–21 (1987) ("[F]ull and frank discussion in the jury room, jurors willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople would all be undermined by a barrage of postverdict scrutiny of juror conduct."). For the defense to confront jurors with this suggestion that the existence of Do Kwon's fraud makes their verdict surprising or unsound would be completely inappropriate.

Response to Motion for Leave to Contact Jurors - 4
*United States v. Nevin Shetty*, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CONCLUSION**

The Court should deny Shetty's motion to contact and interview jurors in keeping with the local rules, this Court's practice, and Ninth Circuit precedent.

DATED this 21st day of November, 2025.

                                                 Respectfully submitted,

                                                 CHARLES NEIL FLOYD
                                                 United States Attorney

                                                 *s/ Philip Kopczynski*
                                                 PHILIP KOPCZYNSKI
                                                 GRACE W. ZOLLER
                                                 Assistant United States Attorneys
                                                 700 Stewart Street, Suite 5220
                                                 Seattle, WA 98101-1271
                                                 Telephone: (206) 553-7970
                                                 Fax: (206) 553-0882
                                                 Email: Philip.Kopczynski@usdoj.gov
                                                                 Grace.Zoller@usdoj.gov

                                               I, Philip Kopczynski, certify that this pleading contains 1,253 words, in compliance with the Local Criminal Rules.

Response to Motion for Leave to Contact Jurors - 5
*United States v. Nevin Shetty*, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970