UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NEVIN SHETTY,<br><br>　　　　　　　Defendant. | CASE NO. 2:23-cr-00084-TL<br><br>ORDER ON DEFENDANT'S MOTION FOR LEAVE TO CONTACT AND INTERVIEW JURORS |

　　　This matter is before the Court on Defendant's Motion for Leave to Contact and Interview Jurors. Dkt. No. 299. Having reviewed the motion, the United States' response (Dkt. No. 300), and the relevant record, the Court DENIES the motion.

　　　This District's local rules prohibit counsel from contacting or interviewing jurors after trial. CrR 24(d). Rules prohibiting post-trial contact with jurors protect jurors' privacy interests, prevent harassment, encourage finality, and serve many other important purposes. *See Mitchell v. United States*, 958 F.3d 775, 787 (9th Cir. 2020) ("Rules restricting lawyers' access to jurors (1) encourage freedom of discussion in the jury room; (2) reduce the number of meritless

ORDER ON DEFENDANT'S MOTION FOR LEAVE TO CONTACT AND INTERVIEW JURORS – 1

post-trial motions; (3) increase the finality of verdicts; and (4) further Federal Rule of Evidence 606(b) by protecting jurors from harassment and the jury system from post-verdict scrutiny." (citation modified)). Therefore, absent unusual circumstances, the parties to a criminal trial have no right to contact jurors after they deliver their verdict. *See Neron v. Tierney*, 841 F.2d 1197, 1202 (1st Cir. 1988).

Defendant has not demonstrated any unusual circumstances warranting the relief he seeks. He asserts as his first reason for his request that "counsel is always trying to learn what works and does not work in a criminal trial, and jurors will be able to provide this valuable feedback." Dkt. No. 299 at 2. This would be true of every case and, as the Government points out, this reason would make the local rule a dead letter. Dkt. No. 300 at 3. Further, obtaining feedback has been deemed an insufficient reason to contact jurors by several courts. *See, e.g.*, *Haeberle v. Texas Int'l Airlines*, 739 F.2d 1019, 1022 (5th Cir. 1984) ("The first-amendment interests of both the disgruntled litigant and its counsel in interviewing jurors in order to satisfy their curiosity and improve their advocacy are . . . plainly outweighed by the jurors' interest in privacy and the public's interest in well-administered justice."); *United States v. Moi*, No. CR19-112, 2022 WL 1094116, at *1 (D. Alaska Apr. 12, 2022) (denying motion to send written questionnaire to jurors "to solicit feedback regarding trial and performance of counsel"); *Olsson v. A.O. Smith Harvestore Prods.*, 696 F. Supp. 411, 412 (S.D. Ind. 1986) ("[A]bsent a showing of evidence of juror impropriety, an attorney is not permitted to invade the province of the jury room for the purpose of improving his skills as a trial lawyer by ascertaining from the jurors which facets of the trial influenced their verdict.").

The second reason for the request is that "especially in this case where everyone agrees that Mr. Shetty was duped by Do Kwon and his stablecoin program, hearing (indirectly) about what jurors thought of his conduct and defenses will be instrumental for Mr. Shetty as he works

to come to grips with the conviction and the consequences for him and his family." Dkt. No. 299 at 2. But the Reddit thread attached to Defendant's motion already gives him a substantial window into the what the jury thought of Defendant's conduct. *See generally* Dkt. No. 299-1. Further, the Court specifically instructed the jury that if they were "not convinced beyond a reasonable doubt that the actions at issue in this case exceeded" "the authority granted to [Mr. Shetty] as Chief Financial Officer by the Board's Resolution adopting the Investment Policy," it was their "duty to find the defendant not guilty." Dkt. No. 279 at 22. As the jury had to find Mr. Shetty exceeded his authority as the Chief Financial Officer of his former company to find him guilty, it is clear that the fact that he was duped by Do Kwon was ultimately immaterial. Finally, as the Government points out, a jury's role is not to help defendants process their convictions. Dkt. No. 300 at 4.

    Accordingly, the Court DENIES Mr. Shetty's motion.

    Dated this 1st day of December, 2025.

Tana Lin
United States District Judge