1
2
3
4
5
6

The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>NEVIN SHETTY,<br><br>        Defendant. | No. 2:23-cr-00084-TL<br><br>**DEFENDANT'S RESPONSE IN PARTIAL OPPOSITION TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER**<br><br>**UNDER SEAL**[1] |

## INTRODUCTION

Approximately **three days after the fact**, the government disclosed to the defense that an FBI Special Agent, also listed on the government's witness list, repeatedly accused the lead case agent in this case (SA Krista Beckley) of **"ha[ving] to lie" in her testimony in this trial**. The Unnamed Agent made these statements in the early afternoon of Thursday, October 30, 2025. But the government took no steps to inform the defense about them until after Agent Beckley was off the stand,

---

[1] The Agent is referred to as "Unnamed Agent" in this pleading. Although the defense is filing this motion under seal, it is only doing so to provide the Court with the opportunity to rule on these issues. The defense does not mean to suggest that any of the matters referenced in this motion should be seal. On the contrary, as this response demonstrates, these issues should not be hidden from the public.

DEFENDANT'S RESPONSE IN PARTIAL OPPOSITION
TO GOVERNMENT'S MOTON FOR PROTECTIVE ORDER - 1
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  leaving defense counsel without an opportunity to confront Beckley with these
2  allegations of serious misconduct during cross-examination.

3  According to a separate report the government produced on Friday evening,
4  the Unnamed Agent met SA Beckley in a parking lot to transfer evidence related to
5  this case. In the course of the parking-lot transfer, SA Beckley apparently (according
6  to the Unnamed Agent) asked that agent to "change the time on the . . . form."[2] The
7  Unnamed Agent shortly thereafter told his supervisors about that request, criticizing
8  it and making multiple statements that suggested he disagreed with Agent Beckley's
9  handling of the evidence in this case in multiple ways.

10  The government believes that all aspects of these matters must be placed
11  under seal. The defense strongly disagrees. Accusations of government misconduct—
12  especially the alleged perjury of FBI agents leading a prosecution—are a
13  paradigmatic example of why court proceedings are open to the public.

14  At the same time, the defense is willing to agree to a protective order that
15  covers: (i) the name of the Unnamed Agent; and (ii) all aspects of the Unnamed
16  Agent's medical condition, including any medical records or descriptions of events
17  made by medical providers. This category of information falls squarely within the
18  Court's Local Rules on sealing, LCrR 49.1(d)(6). There is no similar rule that provides
19  for the sealing of information that is embarrassing to the government generally or
20  that discusses government misconduct.

21  **BACKGROUND**

22  On Friday evening, at approximately 5:15pm, supervisory AUSA Seth
23  Wilkinson sent undersigned counsel an FBI 302 report in which the Unnamed Agent,

---

[2] In response to a request for information about the specific location of this meeting, the government stated that the meeting occurred in the food court of the grocery store rather than its parking lot.

DEFENDANT'S RESPONSE IN PARTIAL OPPOSITION
TO GOVERNMENT'S MOTON FOR PROTECTIVE ORDER - 2
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

who was listed on the government's witness list, accused SA Beckley the day before of asking him to alter an FBI Chain of Custody form related to evidence in this case. (Dkt. 259-2.) The 302 also included descriptions of the Unnamed Agent's criticisms of SA Beckley's handling of evidence in this case. AUSA Wilkinson described the event as an "[] incident" and provided no additional detail. (Dkt. 259-4 at 9.)

This evening (Sunday), when the government filed its motion to seal, prosecutors disclosed that they had known about even more serious accusations of misconduct since at least Thursday night, while Agent Beckley was on the stand subject to cross-examination. But prosecutors said nothing of this to the defense team, instead misleading them with a general disclosure that suggested that the Unnamed Agent's mental health episode had nothing to do with this case.

Specifically, on Friday morning at approximately 9am, while SA Beckley was still subject to cross-examination, AUSAs Kopcyznski and Zoller notified undersigned counsel orally in court that the Unnamed Agent had experienced a "mental health incident," but their disclosure suggested that the "incident" was purely personal and completely unrelated to this case. ***Eight hours later***, after SA Beckley's testimony had concluded, undersigned counsel learned that the "incident" the AUSAs mentioned involved allegations about SA Beckley's handling of evidence in this case. *See* Dkt. 259-2. And ***two days later***, the AUSAs' supervisor provided documents demonstrating that the Unnamed Agent's accusations were much more serious; he alleged repeatedly that Beckley "had to lie" in her testimony that was then occurring.

Early Saturday afternoon, after attempting to understand the vague descriptions and information provided in the two-page FBI 302, *see* Dkt. 259-2, undersigned counsel requested a call with AUSAs Wilkinson, Kopcyznski, and Zoller and an FBI Supervisory Special Agent to understand more about the limited

DEFENDANT'S RESPONSE IN PARTIAL OPPOSITION
TO GOVERNMENT'S MOTON FOR PROTECTIVE ORDER - 3
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1  disclosure. AUSA Wilkinson refused undersigned counsel's request for a phone call
2  and asked that undersigned counsel send any questions they may have in an email,
3  which the government would respond to on Sunday. *See* Dkt. 259-4 at 8. Undersigned
4  counsel reiterated their request for a phone call, emphasizing that because this
5  disclosure occurred mid-trial, a call would be more efficient and thorough. AUSA
6  Wilkinson did not respond to this second request for a phone call. *Id.* at 7.

7  Given the government's refusal to speak on the phone, undersigned counsel
8  sent AUSA Wilkinson a list of approximately 180 questions late Saturday evening
9  related to, and seeking to understand, the government's disclosure. *See* Dkt. 259-3.
10 The questions were intended to clarify the vague descriptions—and missing
11 information—in the 302.

12 This morning, at approximately 10:30am, AUSA Wilkinson stated that the
13 government was "working on an additional disclosure" but claimed that the
14 information "need[ed]" to be "provide[d] . . . pursuant to a protective order," attaching
15 a draft. (Dkt. 259-4 at 5.) The defense provided a redline of this Order, which is
16 generally consistent with the proposed order the defense offers here. *See* Exhibit 1:
17 Redline of Defense Proposed Order. The defense proposal prevents the "disclos[ure of]
18 medical records or descriptions of medical conditions made by a medical provider
19 related to the incident" absent a court order. In a subsequent email and phone
20 conversation, the defense made clear that it would agree to the conditions described
21 above and sought only to ensure that it could file on the public docket "all statements
22 about this case, including statements that question SA Beckley's credibility and the
23 possibility she committed misconduct." (Dkt. 259-4 at 1.)

24 Only later, at 3:44pm, did AUSA Wilkinson provide the most damaging
25 information: That, on the afternoon of October 30, 2025, at approximately 4:00pm,

DEFENDANT'S RESPONSE IN PARTIAL OPPOSITION
TO GOVERNMENT'S MOTON FOR PROTECTIVE ORDER - 4
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

the Unnamed Agent had said: "I lied in a 302 . . . I must be corrupt" and (repeatedly) that "Krista" – referring to SA Beckley – "had to lie today" and that he had told his supervisor previously that Beckley "had to lie" about this case. (Dkt. 259-5.) He repeated this sentiment more than a few times, telling his supervisors that he thought "Krista has to lie in her trial." (Dkt. 259-5.)

The accusation of lying by a fellow FBI agent is uniquely powerful impeachment material of Agent Beckley. Such statements must not be sealed.

## ARGUMENT

There is no basis for the Court to place information about an FBI agent's alleged perjury—which was reported by another FBI agent—under seal.

Under the First Amendment, "the press and the public have a presumed right of access to court proceedings and documents." *Oregonian Pub. Co. v. U.S. Dist. Ct. for Dist. of Oregon*, 920 F.2d 1462, 1465 (9th Cir. 1990) (citation omitted). This constitutional right "can be overcome only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 510 (1985)). The government's request is extraordinarily broad. Under its proposal, any information that Unnamed Agent said about this case or SA Beckley's alleged misconduct is hidden from the public. Even assuming there is some information the government wants to disclose that is rightly subject to a protective order, its proposal is hardly the narrowly tailored approach required by the Supreme Court, Ninth Circuit, or this Court's Local Rules.

Public access is particularly important here where the Unnamed Agent made statements criticizing another agent's conduct and potential perjury *in this case*. The very purpose of the presumption of public access "is justified by the interest of citizens

DEFENDANT'S RESPONSE IN PARTIAL OPPOSITION
TO GOVERNMENT'S MOTON FOR PROTECTIVE ORDER - 5
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th. Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). This is particularly important to the public's interest in understanding "the criminal justice system and may operate as a curb on prosecutorial or judicial misconduct." *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1194 (9th Cir. 2011) (citations omitted).

This Court's local rules expressly codify the common law's strong presumption of public access to court proceedings. Under this Court's rules, to seal even a single document, the party must specify the applicable legal standard and the reasons for keeping a document under seal. *See* Local Criminal Rule 49.1. The government's motion does not meet this standard.

To the contrary, the government does not present a single case, statute, or Rule to support its extraordinarily broad gag order. Unlike the government's blanket proposal, the defendant has provided a reasonable tailoring that both protects any information even arguably subject to confidential measures while allowing public access to information to which it is entitled. The Court should adopt the defendant's proposed Protective Order.

DEFENDANT'S RESPONSE IN PARTIAL OPPOSITION
TO GOVERNMENT'S MOTON FOR PROTECTIVE ORDER - 6
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Dated this 2nd day of November, 2025. I certify that this response contains 1,501 words, in compliance with the Local Criminal Rules.

CORR CRONIN LLP

*s/ Jeffrey B. Coopersmith*
Jeffrey B. Coopersmith, WSBA No. 30954
Kristin E. Bateman, WSBA No. 54681
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Ph: (206) 625-8600 | Fax: (206) 625-0900
jcoopersmith@corrcronin.com
kbateman@corrcronin.com

LITSON PLLC

*/s/ J. Alex Little*
J. Alex Little, *admitted pro hac*
Zachary C. Lawson, *admitted pro hac*
54 Music Square East, Suite 300
Nashville, TN 37203
alex@litson.co
zack@litson.co

*Attorneys for Defendant*

DEFENDANT'S RESPONSE IN PARTIAL OPPOSITION
TO GOVERNMENT'S MOTON FOR PROTECTIVE ORDER - 7
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

# EXHIBIT 1

The Honorable Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEVIN SHETTY,<br><br>Defendant. | NO. CR23-084 TL<br><br>[PROPOSED]<br>**PROTECTIVE ORDER**<br>**RE: MEDICAL INCIDENT** |

The government has disclosed documents, and expects to disclose additional documents, relating to a medical incident experienced by ~~government employee~~ an FBI agent who has worked on this trial. Because aspects of the incident are ~~is~~ highly sensitive and personal in nature, the Court ORDERS that defense counsel shall not further disclose medical records or descriptions of medical conditions made by a medical provider related to the incident ~~information relating to the incident~~ except to Mr. Shetty or as further authorized by the Court. Mr. Shetty is ORDERED not to further disclose this information. If defense counsel files any pleading or other document containing or discussing the medical records or descriptions of medical conditions made by a medical provider related to the incident ~~incident~~, it shall do so under seal. References to a "medical incident" generally or to the facts of any alleged government misconduct need not be filed under seal, so long as the FBI agent whose condition is at issue is identified by initials only.

[Proposed] Protective Order - 1
*U.S. v. Shetty* / CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970