The Hon. Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>            Plaintiff, <br>            v. <br> NEVIN SHETTY, <br>            Defendant. | NO. CR23-084-TL <br><br> **MOTION FOR ORDER OF FORFEITURE** <br><br> NOTE ON MOTION CALENDAR: <br> February 3, 2026 |

## I.    MOTION

The United States, by and through its undersigned counsel, moves pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(b) for entry of an Order of Forfeiture, seeking to forfeit, to the United States, Defendant Nevin Shetty's interest in a sum of money in the amount of $35,000,100 (also known as a "forfeiture money judgment"), reflecting the proceeds Defendant Shetty obtained from the *Wire Fraud* scheme of which he was convicted.

The United States submits that entry of an Order of Forfeiture of a sum of money in the amount of $35,000,100 is appropriate because:

- Defendant Shetty has been convicted of *Wire Fraud*, in violation of 18 U.S.C. § 1343, as charged in Counts 1-4 (Dkt. Nos. 1, 287);

Motion for Order of Forfeiture - 1
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- Property that constitutes or is traceable to proceeds of a *Wire Fraud* scheme is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c)[1];
- The evidence presented at trial established that Defendant Shetty obtained proceeds of at least $35,000,100 from the *Wire Fraud* scheme; and
- The evidence presented at trial established the requisite nexus between the sum of money of $35,000,100 and the offense of conviction (*Wire Fraud*), pursuant to Fed. R. Crim. P. 32.2.(b)(1)(A)-(B).

## II. BACKGROUND

On May 17, 2023, the grand jury returned an Indictment charging Defendant Shetty with *Wire Fraud*, in violation of 18 U.S.C. § 1343 (Counts 1-4). Dkt. No. 1. The Indictment also provided notice that the United States would seek forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), of any property constituting, or derived from proceeds obtained as a result of the offenses, including but not limited to a sum of money reflecting the proceeds Defendant Shetty obtained from the offenses. *Id*.

On October 3, 2025, the United States filed a Trial Brief, which included a section addressing forfeiture. Dkt. No. 202. In the Trial Brief, the United States described the forfeiture process, informed the Court that the evidence presented at trial would establish Defendant Shetty obtained approximately $35 million in proceeds from the wire fraud scheme, and reiterated its intent to seek forfeiture of a sum of money in that amount, pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c). *Id.* at 23-27.

Trial in this matter began on October 24, 2025. Dkt. No. 234. The evidence presented at trial included more than 150 exhibits and the testimony of 21 witnesses. *See* Dkt. No. 281 (Admitted Trial Exhibit List). Among the testifying witnesses were

---

[1] Under 28 U.S.C. § 2461(c), criminal forfeiture is authorized whenever civil forfeiture is available. And civil forfeiture is available for the proceeds of wire fraud. *See* 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7), 1961(1).

Motion for Order of Forfeiture - 2
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Special Agents Krista Beckley and Samantha Wendt and one of Defendant Shetty's business partners at HighTower Treasury Corp. ("HighTower"), A.B.

Special Agents Beckley and Wendt testified about each of the wire transfers Defendant Shetty ordered, the flow of funds from Company A's corporate Chase account to a HighTower account controlled by Defendant Shetty, and the actions Defendant Shetty took after those wire transfers were complete to convert the funds to cryptocurrency, move them onto multiple blockchains, and transfer them into the Anchor protocol and various mirrored investments. *See* Trial Tr. Oct. 30, 2025, at 252:6–263:10, 295:7–296:10 (Krista Beckley); Trial Tr. Oct. 31, 2025, at 134:1–141:1, 147:6–148:5, 152:4–155:14, 156:2–159:20, 166:2–173:3 (Krista Beckley); Trial Tr. Oct. 31, 2025, at 175:7–196:22, 197:3–210:1, 211:14–24, 225:17–234:14, 235:8–238:18, 240:15–243:23, 247:22–251:5 (Samantha Wendt).

Defendant Shetty's business partner, A.B., testified that he and the third HighTower partner (R.D.) were responsible for software design and development at HighTower, as well as marketing and "user experience." *See* Trial Tr. Nov. 4, 2025, at 51:14-24 (A.B.). A.B. testified that Defendant Shetty was responsible for business development and financial matters, including opening financial accounts, conducting financial transactions, and conducting cryptocurrency transactions. *See* Trial Tr. Nov. 4, 2025, at 52:9-14, 53:1-18, 59:25–60:10, 66:15-24, 72:13–75:8, 117:13–118:4, 123:21–124:24, 133:16-24, 135:1-24, 136:13-22, 187:9-13, 194:4-6, 244:25–246:4, 264:11–267:1 (A.B.). A.B. explained that Defendant Shetty opened the HighTower account at Circle, arranged for the wire transfers from Company A to the HighTower Circle account, and then executed the steps to convert the funds credited to that Circle account into stablecoins and move them into various DeFi protocols such as Anchor and Mirror. *See* Trial Tr. Nov. 4, 2025, at 110:15–111:25, 117:13–118:4, 123:21–124:24, 133:16-24, 136:13-22, 180:18–182:22, 194:4-6, 205:17-23, 244:25–246:4, 264:11–267:1 (A.B.)

Motion for Order of Forfeiture - 3
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

A.B. testified that he transferred funds to HighTower from his own company, Bilberrry, and that Defendant Shetty transferred funds to HighTower from a hedge fund he operated. *See* Trial Tr. Nov. 4, 2025, at 121:15–123:20 (A.B.). A.B. further testified that he understood that Defendant Shetty obtained authorization from Company A to transfer funds to HighTower and that A.B. was unaware of a fraud scheme to steal money from Company A. *See* Trial Tr. Nov. 4, 2025, at 89:7–90:11, 94:11-21, 95:5–96:24, 268:18-21 (A.B.).

On November 7, 2025, based upon the evidence and testimony presented at trial, the jury found Defendant Shetty guilty of four counts of *Wire Fraud*. Dkt. No. 287. Specifically, the jury found that each of the following wire transfers from Company A's Chase account ending -9944 to HighTower Treasury Corp.'s Circle account at Silvergate Bank ending -7427 constituted a separate count of wire fraud:

| Count | Date | Amount |
|---|---|---|
| 1 | April 1, 2022 | $100 |
| 2 | April 4, 2022 | $14,500,000 |
| 3 | April 5, 2022 | $5,400,000 |
| 4 | April 12, 2022 | $15,100,000 |
| | Total: | $35,000,100 |

*Id.*

While all proceeds of a wire fraud scheme are subject to forfeiture—not only those transactions specifically identified as counts in the Indictment—these four wire transfers alone generated $35,000,100 of criminal proceeds, all of which was obtained by Defendant Shetty and all of which is forfeitable. *See United States v. Lo*, 839 F.3d 777, 793-94 (9th Cir. 2016) (citing *United States v. Capoccia*, 503 F.3d 103, 117-18 (2d Cir. 2007) ("[w]here the conviction itself is for executing a scheme, engaging in a conspiracy, or conducting a racketeering enterprise," the proceeds for purposes of forfeiture include the proceeds of "that scheme, conspiracy, or enterprise")); *United States v. Venturella*, 585 F.3d 1013, 1015-17 (7th Cir. 2009) (forfeiture in a fraud case "extends to the entire

Motion for Order of Forfeiture - 4
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

scheme"); *see also* 18 U.S.C. § 981(a)(1)(C) (providing forfeiture authority for specified unlawful activities, including mail and wire fraud).

Defendant Shetty had Company A's funds wired to a financial account he opened and controlled. Not only did he exert control over the funds in that gaining account, he comingled them with his own personal funds, converted them to cryptocurrency, and transferred them across multiple blockchains and into various protocols. At first, these criminal proceeds yielded positive revenue, at least some of which Defendant Shetty intended to keep for himself and his HighTower business partners. Then, the market plummeted, and the value of the cryptocurrency collapsed. This collapse in no way alters the fact that Defendant Shetty obtained $35,000,100 in criminal proceeds from the *Wire Fraud* scheme, which he should forfeit.

### III. EVIDENCE PRESENTED AT TRIAL

The evidence presented at trial, including testimony, exhibits, stipulations of the parties, and facts judicially noticed, established the following non-exclusive list of facts:

**A.  Defendant Shetty's Position at Company A**

1. In early 2022, Defendant Shetty was the Chief Financial Officer at Company A. *See e.g.*, Trial Tr. Oct. 27, 2025, at 52:7 (S.S.); Trial Tr. Oct. 27, 2025, at 176:2-3 (E.C.); Trial Tr. Oct. 28, 2025, at 169:21-25 (D.B.); Trial. Tr. Oct. 28, 2025, at 203:3-7 (F.M.); Trial Tr. Oct. 30, 2025, at 248:22–249:3 (Krista Beckley); Trial Tr. Nov. 4, 2025, at 40:13 (A.B.).

2. Members of Company A's Board of Directors expressed concerns about Defendant Shetty's performance as Chief Financial Officer, including raising concerns to Company A's CEO. *See, e.g.*, Trial Tr. Oct. 27, 2025, at 55:11-12, 55:22–56:2 (S.S.); Trial Tr. Oct. 28, 2025, at 88:14–89:5 (R.K.); Trial Tr. Oct. 28, 2025, at 193:23–194:5 (R.S.); Trial Tr. Oct. 28, 2025, at 205:22–206:16 (F.M.); Trial Tr. Oct. 29, 2025, at 18:8-13 (R.B.).

Motion for Order of Forfeiture - 5
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3. In March of 2022, Company A's Chief Executive Officer and Chief Operating Officer (who was Defendant Shetty's immediate supervisor) met with Defendant Shetty to inform him that he could not continue as Company A's CFO. *See, e.g.*, Trial Tr. Oct. 27, 2025, at 63:4–64:13 (S.S.); Trial Tr. Oct. 28, 2025, at 206:17–207:22 (F.M.).

4. Company A held corporate financial accounts at Chase, including one with an account number ending -9944. *See, e.g.*, Trial Ex. G-2; Trial Tr. Oct. 28, 2025, at 170:14–172:19 (D.B.); Trial Tr. Oct. 30, 2025, at 254:12–255:9 (Krista Beckley); Trial Tr. Oct. 31, 2025, at 180:6-16 (Samantha Wendt).

5. Defendant Shetty held signatory authority over Company A's corporate Chase account ending -9944. *See, e.g.*, Trial Ex. G-2 at 3; Trial Tr. Oct. 28, 2025, at 170:14–172:19 (D.B.); Trial Tr. Oct. 31, 2025, at 181:24–182:6 (Samantha Wendt).

**B.      Defendant Shetty's Wires from Company A to HighTower**

6. On April 1, 2022, Defendant Shetty began wiring money from Company A's corporate account at Chase to a HighTower Circle account he controlled. *See, e.g.*, Trial Ex. G-4 at 2; G-49, G-186, D-108 at 2; Trial Tr. Oct. 30, 2025, at 254:12–255:9 (Krista Beckley); Trial Tr. Oct. 31, 2025, at 185:22–187:10 (Samantha Wendt). Circle accepted incoming customer wires through an account at Silvergate Bank ending -7427. Trial Ex. G-186 at 17; Trial Tr. Oct. 31, 2025, at 182:7–183:21 (Samantha Wendt).

7. On April 1, 2022, Defendant Shetty ordered a wire transfer in the amount of $100 from Company A's corporate Chase account ending -9944 to the HighTower Circle account. Trial Ex. G-4 at 2, G-49, D-108 at 2; Trial Tr. Oct. 30, 2025, at 254:25–255:6 (Krista Beckley); Trial Tr. Oct. 31, 2025, at 185:22–186:22 (Samantha Wendt).

Motion for Order of Forfeiture - 6
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8. Defendant Shetty ordered the April 1, 2022 wire transfer of $100 using the internet. Trial Ex. G-4 at 2, D-108 at 2; Trial Tr. Oct. 31, 2025, at 186:17-22 (Samantha Wendt).

9. On April 1, 2022, Circle informed Defendant Shetty that the $100 wire transfer had been received. Trial Ex. G-49.

10. Defendant Shetty informed his HighTower business partner, A.B., that the $100 "test wire" had been received and that he would wire another $15 million the following Monday. Trial Ex. G-49; Trial Tr. Nov. 4, 2025, at 110:15–111:25 (A.B.).

11. Defendant Shetty went in person to a physical Chase branch to order the next three wire transfers. Trial Ex. G-4 at 2, G-207; Trial Tr. Oct. 30, 2025, at 255:7–257:9, 286:21–287:6 (Krista Beckley).

12. On April 4, 2022, Defendant Shetty ordered a wire transfer in the amount of $14,500,000 from Company A's corporate Chase account ending -9944 to the HighTower Circle account. Trial Ex. G-4 at 2, G-186 at 2-6, D-108 at 2; Trial Tr. Oct. 31, 2025, at 186:23–187:5 (Samantha Wendt); Trial Tr. Oct. 30, 2025, at 260:2–261:6 (Krista Beckley).

13. On April 5, 2022, Defendant Shetty ordered a wire transfer in the amount of $5,400,000 from Company A's corporate Chase account ending -9944 to the HighTower Circle account. Trial Ex. G-4 at 2, G-186 at 12-16, D-108 at 2; Trial Tr. Oct. 31, 2025, at 187:6-8 (Samantha Wendt); Trial Tr. Oct. 30, 2025, 261:19-25 (Krista Beckley).

14. On April 12, 2022, Defendant Shetty ordered a wire transfer in the amount of $15,100,000 from Company A's corporate Chase account ending -9944 to the HighTower Circle account. Trial Ex. G-4 at 2, G-186 at 7-11, G-207, D-108 at 2; Trial Tr. Oct. 31, 2025, at 187:9-10 (Samantha Wendt); Trial Tr. Oct. 30, 2025, at 261:7-18 (Krista Beckley).

Motion for Order of Forfeiture - 7
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

C. ***Defendant's Shetty's Role and Actions at HighTower***

15. HighTower was incorporated in the state of Delaware on February 9, 2022. Trial Ex. G-174; Trial Tr. Nov. 4, 2025, at 53:19-54:14 (A.B.).

16. Defendant Shetty signed the incorporation documents for HighTower. Trial Ex. G-174 at 2; Trial Tr. Nov. 4, 2025, at 53:19–54:14 (A.B.).

17. Defendant Shetty was a one-third owner of HighTower. Trial Ex. G-39, G-161 at 2; Trial Tr. Nov. 4, 2025, 55:13-56:7 (A.B.).

18. The other two owners of HighTower were A.B. and R.D. Trial Ex. G-39, G-161 at 2; Trial Tr. Nov. 4, 2025, 55:13-57:22 (A.B.).

19. A.B. and R.D. were responsible for software design and development at HighTower, as well as marketing and "user experience." Trial Tr. Nov. 4, 2025, at 51:14-24 (A.B.).

20. Defendant Shetty was responsible for business development and financial matters, including opening financial accounts, conducting financial transactions, and conducting cryptocurrency transactions. *See* Trial Tr. Nov. 4, 2025, at 52:9-14, 53:1-18, 59:25–60:10, 66:15-24, 72:13–75:8, 117:13–118:4, 123:21–124:24, 133:16-24, 135:1-24, 136:13-22, 187:9-13, 194:4-6, 244:25–246:4, 264:11–267:1 (A.B.).

21. Defendant Shetty was identified on HighTower documents as President and Treasurer. Trial Ex. G-161 at 1; Trial Tr. Nov. 4, 2025, at 54:18-21, 55:6-12 (A.B.).

22. Defendant Shetty opened financial accounts for HighTower, including the Circle account. Trial Ex. G-69; Trial Tr. Nov. 4, 2025, at 59:25–60:1, 66:20-24, 72:13-15, 72:24–75:8, 117:13-18, 187:9-13, 205:17-23 (A.B.); Trial Tr. Oct. 31, 2025, at 183:2-9 (Samantha Wendt).

Motion for Order of Forfeiture - 8
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

23. Defendant Shetty opened the HighTower account at Circle on or about February 11, 2022. Trial Tr. Oct. 31, 2025, at 182:7–183:9 (Samantha Wendt); Trial Ex. G-8.

24. Defendant Shetty held authority over, and personally conducted financial transactions in, the HighTower Circle account. Trial Ex. G-8, G-74, G-77; Trial Tr. Oct. 31, 2025, at 182:7–185:4 (Samantha Wendt); Trial Tr. Nov. 4, 2025, at 117:13–118:4, 123:21–124:15 (A.B.).

25. A.B. did not access the HighTower Circle account, other than to conduct initial test transactions and to make personal transfers into the account. Trial Tr. Nov. 4, 2025, at 117:13–118:4 (A.B.).

26. The "know your customer" information Circle maintained for HighTower included Defendant Shetty's name, telephone number, and email address. Trial Ex. G-8; Trial Tr. Oct. 31, 2025, at 184:7-14 (Samantha Wendt).

27. The four wire transfers Defendant Shetty ordered sent from Company A's corporate Chase account ending -9944 in April 2022 to the Silvergate Bank account ending -7427 were credited to the HighTower Circle account. Trial Tr. Oct. 31, 2025, at 182:7–183:1, 183:14-21 (Samantha Wendt); Trial Tr. Oct. 28, 2025 at 164:24–166:23 (S.O.).

28. On April 13, 2022, Defendant Shetty requested Bank of America transfer $2,500,000 from a Chrono Fund One LP account ending -2569 to the HighTower Circle account, via the Silvergate Bank account ending -7427, where it was combined with the funds Defendant Shetty misappropriated from Company A. Trial Ex. G-186 at 87, G-208; Trial Tr. Oct. 30, 2025, at 262:1-20 (Krista Beckley); Trial Tr. Oct. 31, 2025, at 134:1–135:8 (Krista Beckley); Trial Tr. Oct. 31, 2025, at 188:6–189:17 (Samantha Wendt).

Motion for Order of Forfeiture - 9
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

29. Chrono Fund One LP was a small hedge fund operated by Defendant Shetty, which he used to invest money for himself, friends, and family. Trial. Tr. Oct. 28, 2025, at 218:13–219:12, 220:12–221:7 (F.M.); Trial Tr. Oct. 31, 2025, at 134:1–135:8 (Krista Beckley); Trial Tr. Nov. 4, 2025, at 122:23–123:18, 223:16–224:11 (A.B.).

30. The Chrono Fund One LP funds Defendant Shetty transferred into the HighTower Circle account included Defendant Shetty's personal funds. Trial Tr. Oct. 31, 2025, at 134:1–135:8, 138:20-25 (Krista Beckley); Trial Tr. Nov. 4, 2025, at 122:23–123:18, 264:4-10 (A.B.).

31. The Chrono Fund One LP funds Defendant Shetty transferred into the HighTower Circle account were included in the funds Defendant Shetty transferred into cryptocurrency, then moved into the Anchor Protocol and various mirrored investments. Trial Tr. Oct. 31, 2025, at 134:1–135:6, 140:1–141:1 (Krista Beckley).

32. After the funds Defendant Shetty ordered wired from Company A's corporate Chase account ending -9944 were credited to the HighTower Circle account, Defendant Shetty used those funds to purchase cryptocurrency. Trial Tr. Oct. 31, 2025, at 182:7–194:24 (Samantha Wendt); Trial Ex. G-199A, G-208, G-211; Trial Tr. Nov. 4, 2025, at 123:21–124:15, 180:18–182:22, 244:24–245:19, 264:13–266:9 (A.B.).

33. After funds were credited to HighTower's Circle account, Defendant Shetty converted them to USDC, a stablecoin. Trial Tr. Oct. 31, 2025, at 190:2-9 (Samantha Wendt); Trial Ex. G-208; Trial Tr. Nov. 4, 2025, at 123:21–124:24, 180:18–182:22, 194:3-6, 244:25–246:1, 264:11–266:9 (A.B.).

34. After Defendant Shetty converted the funds to USDC, he conducted a series of transactions to convert the USD into UST. Trial Tr. Oct. 31, 2025, at

Motion for Order of Forfeiture - 10
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

190:2–191:21, 192:2-12 (Samantha Wendt); Trial Ex. G-208; Trial Tr. Nov. 4, 2025, at 262:10-16, 264:20–265:13 (A.B.).

35. Once the funds were in UST on the Terra blockchain, Defendant Shetty moved approximately 28.7 million UST into the Anchor Protocol and approximately 8.5 million UST into mirrored investments. Trial Ex. G-208, G-211; Trial Tr. Oct. 31, 2025, at 192:13-20 (Samantha Wendt); Trial Tr. Nov. 4, 2025, at 265:14-22 (A.B.).

36. Defendant Shetty purchased approximately 19 mirrored assets with funds misappropriated from Company A. Trial Tr. Oct. 31, 2025, at 193:12–195:4 (Samantha Wendt); Trial Ex. G-208, G-211.

37. The funds Defendant Shetty wired from Company A's Chase account and used to purchase cryptocurrency earned hundreds of thousands of dollars of returns during the first few weeks. Trial Tr. Nov. 4, 2025, at 132:12–137:3 (A.B.); Trial Ex. G-199A, G-197H, G-197I, G-200C.

38. The funds Defendant Shetty wired from Company A's corporate Chase account ending -9944 and subsequently moved into the Anchor Protocol earned approximately $303,000 of returns by May 5, 2022. Trial Tr. Nov. 4, 2025, at 134:22–135:24, 267:2-22 (A.B.); Trial Ex. G-200C at 2.

39. Defendant Shetty intended to retain at least some of the interest on the funds he misappropriated from Company A within HighTower. Trial Tr. Nov. 4, 2025, at 45:2-10, 124:25–125:6, 173:1-17 (A.B.).

40. On May 13, 2022, Defendant Shetty informed Company A's CEO and COO that he had wired the funds from Company A's corporate accounts, purchased cryptocurrency with it, and it was all gone. Trial Tr. Oct. 27, 2025, at 67:11–68:17 (S.S.); Trial Ex. G-22; Trial Tr. Oct. 28, 2025, at 214:1–216:8 (F.M.).

Motion for Order of Forfeiture - 11
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. LAW AND ARGUMENT

### A. Legal Standard for Forfeiture

Criminal forfeiture is a form of punishment that is imposed as part of a criminal sentence. *Libretti v. United States*, 516 U.S. 29, 39–40 (1995). For the government to criminally forfeit property, there must be a predicate criminal conviction, a statute authorizing forfeiture for the crime of conviction, and evidence to support the statutorily required nexus between the property and the crime of conviction. *See, e.g.*, *United States v. Garcia-Guizar*, 160 F.3d 511, 518–20 (9th Cir. 1998) (reviewing these requirements). With respect to the required nexus, the government must establish the forfeitability of the relevant property by a preponderance of the evidence. *United States v. Martin,* 662 F.3d 301, 307 (4th Cir. 2011); *see also United States v. Rutgard*, 116 F.3d 1270, 1293 (9th Cir. 1997); *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576–77 (9th Cir. 1989). Here, the United States must present evidence that establishes the relevant property is, "more likely than not," forfeitable as proceeds of the crime of *Wire Fraud*. This lower standard of proof "is constitutional because the criminal forfeiture provision does not itself describe a separate offense but is merely an 'additional penalty' for an offense that must be proved beyond a reasonable doubt." *Garcia-Guizar*, 160 F.3d at 518 (quoting *Hernandez-Escarsega*, 886 F.2d at 1577).

Property that constitutes or is traceable to proceeds of *Wire Fraud* is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c). Under 28 U.S.C. § 2461(c), criminal forfeiture is authorized whenever civil forfeiture is available; civil forfeiture is available for the proceeds of wire and mail fraud, or a conspiracy to commit the same. *See* 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c). Forfeiture upon a conviction is mandatory. *See* 28 U.S.C. § 2461(c) (providing the court "shall order" forfeiture when sentencing a defendant on these charges).

Upon conviction of a scheme to defraud, proceeds are subject to forfeiture if they are derived from or traceable to the scheme. It is not necessary for the United States to

Motion for Order of Forfeiture - 12
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

trace the proceeds to a particular execution of the scheme, such as a particular wire or mailing in a charged count. *See Lo*, 839 F.3d at 793-94 (citing *Capoccia*, 503 F.3d at 117-18 ("[w]here the conviction itself is for executing a scheme, engaging in a conspiracy, or conducting a racketeering enterprise," the proceeds for purposes of forfeiture include the proceeds of "that scheme, conspiracy, or enterprise")); *Venturella*, 585 F.3d at 1015-17 (forfeiture in a fraud case "extends to the entire scheme"); *see also* 18 U.S.C. § 981(a)(1)(C) (providing forfeiture authority for specified unlawful activities, including mail and wire fraud, and for conspiracy to commit same).

The United States seeks to forfeit these proceeds in the form of a "forfeiture money judgment" in the amount of $35,000,100 entered against Defendant Shetty. *See* Fed. R. Crim. P. 32.2(b)(1)(A). The Ninth Circuit has held that forfeiture money judgments corresponding to the proceeds of fraud offenses are permissible. *United States v. Nejad*, 933 F.3d 1162 (9th Cir. 2019) (affirming a district court's authority to enter forfeiture money judgments and reciting circuit precedent). The government typically seeks a money judgment when the defendant has spent or otherwise disposed of the criminal proceeds, so they are no longer available to forfeit directly. *See id.* at 1165 (recognizing the necessity of forfeiture money judgments in this circumstance and holding "a contrary rule . . . would allow an insolvent defendant to escape the mandatory forfeiture penalty Congress has imposed simply by spending or otherwise disposing of his criminal proceeds before sentencing"). A forfeiture money judgment is personal to the defendant and no third-party ancillary process is required before entering it. *See* Fed. R. Crim. P. 32.2(b)(2)(B) & (b)(4)(A)-(B).

**B. Forfeiture Process**

Federal Rule of Criminal Procedure 32.2 sets out the procedures for determining forfeitability of property in a criminal case. Forfeitures are decided after a guilty verdict is returned on a count that supports the forfeiture. Fed. R. Crim. P. 32.2(b)(1)(A). At that juncture, the specific question for the fact finder is "whether the government [has

Motion for Order of Forfeiture - 13
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

established the] requisite nexus between the property and the offense." *Id*. The forfeiture of a sum of money is determined by the court, not the jury. A defendant has no right to have a jury determine the forfeiture of a money judgment. *See id.* ("If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay."); *see also United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) ("Rule 32.2 does not entitle the accused to a jury's decision on the amount of the forfeiture"); *United States v. Phillips*, 704 F.3d 754, 771 (9th Cir. 2012) ("Given that the only issue here was a monetary forfeiture, no jury determination was necessary.").

Because forfeiture is determined post-conviction, and is considered part of sentencing, the rules of evidence do not strictly apply to forfeiture proceedings. *See, e.g., United States v. Hatfield*, 795 F. Supp.2d 219, 229-30 (E.D.N.Y. 2011) (holding neither the Federal Rules of Evidence nor *Daubert* apply to forfeiture hearings); *United States v. Franklin*, 18 F.4th 1105, 1114 (9th Cir. 2021) ("Hearsay is generally admissible in sentencing hearings, as neither the Confrontation Clause nor the Federal Rules of evidence apply to such hearings." (internal citations omitted)). The Court may consider any evidence that is "relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). This includes any evidence presented by the parties during trial on the substantive criminal offenses. *See id.* ("The court's [or jury's forfeiture] determination may be based on evidence already in the record . . . ."); *see also United States v. Newman*, 659 F.3d 1235, 1244–45 (9th Cir. 2011) (same), abrogated on other grounds by *Honeycutt v. United States*, 581 U.S. 443 (2017).

C.    ***Determining the Amount of the Forfeiture Money Judgment***

The calculation of a forfeiture amount "does not demand mathematical exactitude. . ." *United States v. Ford*, 296 F. Supp.3d 1251, 1260 (D. Or. 2017) (citing *United States v. Treacy*, 639 F.3d 32, 48 (2d Cir. 2011)). "[T]he court 'need not establish the loss with precision but rather need only make a reasonable estimate of the loss, given

Motion for Order of Forfeiture - 14
*United States v. Shetty*, CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the available information.'" *Treacy*, 639 F.3d at 48 (quoting *United States v. Uddin*, 551 F.3d 176, 180 (2d Cir. 2009) (internal quotations omitted)). Courts are "permitted to use general points of reference as a starting point . . . and may make reasonable extrapolations from the evidence established by a preponderance of the evidence at the sentencing proceeding." *Treacy*, 639 F.3d at 48.

In calculating a forfeiture money judgment, courts determine—by a preponderance of the evidence—the amount of proceeds an individual defendant obtained from the offense. *See Honeycutt v. United States*, 581 U.S. 443, 454 (2017); *United States v. Thompson*, 990 F.3d 680, 691 (9th Cir. 2021); *United States v. Prasad*, 18 F.4th 313, 318–19 (9th Cir. 2021). Where there are multiple co-conspirators, the Ninth Circuit instructs trial courts to "make findings denoting approximately how much of the proceeds of the crime came to rest with each of the . . . conspirators." *Thompson*, 990 F.3d at 691-92. In *Prasad*, however, a case involving a single defendant, the Ninth Circuit concluded that a defendant obtains proceeds where the defendant "received and had control over the money" at "some point." *Prasad*, 18 F.4th at 318–19. The *Prasad* Court explained that engaging in transactions with funds in an account further establishes defendant's control over, and possession of, those funds. *See Prasad*, 18 F.4th at 319, fn. 8 (noting that the act of making payment of funds from an account establishes the defendant "did control, and thus possess, the money."). The amount of the forfeiture is measured by the amount of the proceeds received by the defendant, not the amount of assets he retains at the time of sentencing. *See United States v. Casey*, 444 F.3d 1071, 1076-77 (9th Cir. 2006).

Here, the record established that, as a direct result of Defendant Shetty's actions, $35,000,100 of Company A's funds were fraudulently transferred to a HighTower Circle account that he opened and controlled. Defendant Shetty personally ordered each of the four charged wire transfers. Defendant Shetty was an officer and owner of HighTower. Defendant Shetty conducted the financial transactions within the HighTower Circle account. Defendant Shetty initiated each of the financial transactions involving the

Motion for Order of Forfeiture - 15
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  $35,000,1000 of stolen funds that occurred after they were transferred to the HighTower
2  Circle account. Defendant Shetty conducted each conversion of the funds to
3  cryptocurrency, as well as the subsequent transactions on the blockchain.
4        Not only did Defendant Shetty misappropriate the $35,000,100 from Company A,
5  he exercised command and control over those funds, comingled them with his own
6  personal funds, converted them to cryptocurrency, and transferred them across multiple
7  blockchains and into various protocols. At first, these criminal proceeds yielded positive
8  revenue, at least some of which Defendant Shetty intended to keep for himself and his
9  HighTower business partners. Then, the market plummeted and the value of the
10 cryptocurrency collapsed.
11       This collapse in no way alters the fact that Defendant Shetty obtained $35,000,100
12 in criminal proceeds from the *Wire Fraud* scheme. That he squandered those proceeds
13 through unsuccessful poor investments is no different than had he lost them at the roulette
14 wheel or squandered them on "wine, women, and song." *See Prasad*, 18 F.4th at 321-22
15 (citing *Newman*, 659 F.3d at 1243 (stating property is forfeitable regardless of whether
16 the defendant "saves his stolen loot," "spends [it] on wine, women, and song," or even
17 reinvests it "as part of the criminal enterprise")). As the Ninth Circuit has recognized,
18 "[r]equiring imposition of a money judgment on a defendant who currently possesses no
19 assets furthers the remedial purposes of the forfeiture statute by ensuring that all eligible
20 criminal defendants receive the mandatory forfeiture sanction Congress intended and
21 disgorge their ill-gotten gains, even those already spent." *Casey*, 444 F.3d at 1074.

22 **D.    *Neither Honeycutt nor Thompson Preclude the Forfeiture***
23       ***Money Judgment***

24       Defendant Shetty personally obtained, and must forfeit, the entirety of the more
25 than $35 million he single-handedly stole from Company A.
26       This is not a case in which Defendant Shetty was one of several co-conspirators
27 who conducted the fraud or a case in which Defendant Shetty was merely a conduit of the

Motion for Order of Forfeiture - 16
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

fraud proceeds to another co-conspirator who actually masterminded the conspiracy, as described in *Honeycutt* and *Thompson*. Defendant Shetty was the mastermind of a very successful one-man fraud show. While there were two other HighTower officers who handled software development, Defendant Shetty was the one with control over financial accounts and transactions. He perpetrated the fraud alone and he, alone, obtained the proceeds of this fraud scheme. Those proceeds "came to rest" with him, until he—again single-handedly—managed to lose them through his own reckless investment choices.

*Honeycutt* forbade joint and several liability—which this case does not involve—"for property that [a] co-conspirator derived from the crime *but that the defendant himself did not acquire*." *Honeycutt*, 581 U.S. at 445 (emphasis added). In *Thompson*, the Ninth Circuit held that co-conspirators were not liable for the entire proceeds of the fraud scheme because "the trust accounts and escrows were stops on the way to splitting up the money, not jointly controlled deposits where the money came to rest after the swindlers split it up." *Thompson*, 990 F.3d 680, 691 (9th Cir. 2021). Accordingly, the *Thompson* Court found that in a case with multiple co-conspirators, separate forfeiture orders should issue only "for approximate separate amounts that *came to rest* with each party." *Id.* at 692 (emphasis added). The Ninth Circuit subsequently clarified that *Honeycutt* and *Thompson* only apply to property the "defendant himself did not [personally] acquire" and where a defendant had full and exclusive authority over the accounts receiving the proceeds, a forfeiture money judgment in the full amount was not contrary to those cases. *United States v. Fujinaga*, 2022 WL 671018, at *6 (9th Cir. Mar. 7, 2022) (unpublished). Because Defendant Shetty conducted the fraud scheme on his own and actually acquired the entirety of the proceeds of the fraud scheme, a forfeiture money judgment in the full amount of $35,000,100 is warranted.

//

Motion for Order of Forfeiture - 17
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### E. Forfeiture is Separate and Distinct from Restitution

Forfeiture is separate and distinct from any order of restitution in this case. Forfeiture and restitution are both mandatory. *See United States v. Feldman*, 853 F.2d 648, 663-64 (9th Cir. 1988); *see also United States v. Carter*, 742 F.3d 440 (9th Cir. 2014). Restitution and forfeiture serve distinct goals and are calculated differently. *See id.*; *United States v. Davis*, 706 F.3d 1081 (9th Cir. 2013); *United States v. Bright*, 353 F.3d 1114, 1120 (9th Cir. 2004). Defendants may be required to pay restitution and to forfeit the same amounts and that result is not an impermissible "double recovery." *Newman*, 659 F.3d at 1241-42 ("While we recognize to the untrained eye, this might appear to be a 'double dip,' restitution and forfeiture serve different goals, and we have approved of [ordering both restitution and forfeiture] in the past") (quoting *United States v. Leahy*, 464 F.3d 773, 793 n. 8 (7th Cir. 2006)).

### V. FORFEITURE NEXUS FOR THE MONEY JUDGMENT

The evidence in the record established the requisite nexus between the sum of money of approximately $35,000,100 and the offenses of conviction (*Wire Fraud*), pursuant to Fed. R. Crim. P. 32.2.(b)(1)(A)-(B). The jury found, beyond a reasonable doubt, that Defendant Shetty was guilty of four counts of *Wire Fraud*. Dkt. No. 287. Each count involved a wire transfer of funds from Company A's corporate Chase account ending -9944 to an account at Silvergate Bank ending -7427. *Id.* The sum of the four wire transfers was $35,000,100. *Id.* The evidence at trial established beyond a reasonable doubt, let alone by a preponderance of the evidence, that Defendant Shetty opened and controlled the Circle account that received those transfers. The actions Defendant Shetty took with those funds after the wire transfers were completed further demonstrate his control and dominion over those funds.

//

//

Motion for Order of Forfeiture - 18
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## VI. CONCLUSION

Accordingly, to comply with the timing requirements of Fed. R. Crim. P. 32.2(b)(2)(B) and (b)(4)(A)-(B), the United States now moves for entry of an Order forfeiting the Defendant's interest in a sum of money in the amount of $35,000,100. The forfeiture money judgment is personal to Defendant Shetty and pursuant to Fed. R. Crim. P. 32.2(c)(1), no third-party ancillary process is required before forfeiting it. The forfeiture money judgment will become final upon sentencing. A proposed order is submitted with this motion.

DATED this 22nd day of January, 2026.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

  s/ Krista K. Bush
KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-2242
Fax: (206) 553-6934
Krista.Bush@usdoj.gov

Motion for Order of Forfeiture - 19
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2026, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which sends notice of the filing to all ECF participants of record.

    *s/ Donna R. Taylor*
DONNA R. TAYLOR
FSA Paralegal IV, Contractor
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-4132
Fax: (206) 553-6934
Donna.R.Taylor@usdoj.gov

Motion for Order of Forfeiture - 20
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970