The Hon. Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> NEVIN SHETTY, <br> Defendant. | NO. CR23-084-TL <br><br> [PROPOSED] <br><br> **ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for Order of Forfeiture ("Motion") seeking to forfeit, to the United States, Defendant Nevin Shetty's interest in a sum of money in the amount of approximately $35,000,100 (also known as a "forfeiture money judgment"), reflecting the proceeds Defendant Shetty obtained from *Wire Fraud*, in violation of 18 U.S.C. § 1343.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of an Order of Forfeiture is appropriate because:

//

//

Order of Forfeiture - 1
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- Property that constitutes or is traceable to proceeds of a *Wire Fraud* scheme is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c)[1];
- The evidence presented at trial established Defendant Shetty obtained proceeds of at least $35,000,100 from the *Wire Fraud* scheme;
- The evidence presented at trial established the requisite nexus between the sum of money of $35,000,100 and the offense of conviction (*Wire Fraud*), pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2.(b)(1)(A)-(B);
- The forfeiture of this sum of money is separate and distinct from any restitution the Court may order at Defendant's sentencing; and
- The forfeiture of this sum of money is personal to the Defendant and, pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party ancillary process is required before forfeiting it.

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), and the verdicts of the jury in this case, Defendant Shetty's interest in a sum of money in the amount of $35,000,100 is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) – (B), this Order will become final as to Defendant Shetty at the time he is sentenced; it will be made part of the sentence, and it will be included in the judgment;

3) No right, title, or interest in the identified sum of money exists in any party other than the United States;

---

[1] Under 28 U.S.C. § 2461(c), criminal forfeiture is authorized whenever civil forfeiture is available. And civil forfeiture is available for the proceeds of wire fraud. *See* 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7), 1961(1).

Order of Forfeiture - 2
*United States v. Shetty,* CR23-084-TL

4) Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy this Order forfeiting the sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed $35,000,100; and

5) The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

DATED this _____ day of _____, 2026.

_____
THE HON. TANA LIN
UNITED STATES DISTRICT JUDGE

Presented by:

*s/ Krista K. Bush*
KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-2242
Fax: (206) 553-6934
Krista.Bush@usdoj.gov

Order of Forfeiture - 3
*United States v. Shetty,* CR23-084-TL