The Hon. Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEVIN SHETTY,<br><br>Defendant. | NO. CR23-084-TL<br><br>**UNITED STATES' REPLY IN SUPPORT OF MOTION FOR ORDER OF FORFEITURE** |

Defendant Shetty seeks to dodge responsibility for defrauding more than $35 million from Company A by claiming that, through his own decision to funnel his criminal proceeds through a company he formed, co-owned, and both controlled and executed the financial operations of, he should not be required to disgorge the fruits of his crimes. In so doing, Defendant Shetty ignores the language of the forfeiture statute, controlling Ninth Circuit authority, and the very cases on which he relies. This Court should hold Defendant Shetty accountable for his actions—and the proceeds he obtained—and enter an Order of Forfeiture in the amount of $35,000,100.

//
//
//

Reply in Support of Motion for Order of Forfeiture - 1
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**A.    Shetty Obtained $35,000,100 of Criminal Proceeds from the Wire Fraud Scheme**

As set forth in the Motion for Order of Forfeiture, and illustrated in the graphic below, Shetty fraudulently transferred more than $35 million of Company A's funds to an account he opened and controlled, where he then converted the funds to cryptocurrency, transferred them across multiple blockchains, and purchased mirrored investments and other instruments. *See* Dkt. No. 310; Trial Ex. G-208.



Reply in Support of Motion for Order of Forfeiture - 2
*United States v. Shetty*, CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Through his control over that account, Shetty obtained, acquired, possessed, controlled,
2  managed, spent, and otherwise used the proceeds of his wire fraud scheme. Such control
3  establishes the necessary standard for forfeiture.

4  Neither *Honeycutt*, nor any of the out-of-circuit cases Shetty cites, provides
5  support for his overarching contention that "obtaining" or "acquiring" proceeds requires
6  that those proceeds be in a personal bank account in his own name. Nor does this Court
7  need to find that HighTower was Shetty's alter ego to conclude that he obtained or
8  acquired Company A's funds, which he fraudulently wired to an account that he
9  controlled and then affirmatively used those funds.

10  Shetty's argument that only HighTower received the criminal proceeds because he
11  did not wire the funds into an account in his own name is inconsistent with the applicable
12  forfeiture statute and established law. Indeed, the forfeiture statute makes clear that
13  proceeds include "property of any kind obtained directly *or indirectly*, as the result of the
14  commission of the offense giving rise to forfeiture." 18 U.S.C. § 981(a)(2)(A) (emphasis
15  added); *see also United States v. Grossman*, 501 F.3d 846, 849 (7th Cir. 2007) ("the
16  interests subject to forfeiture encompass all the fruits of a defendant's crimes, including
17  assets held in the name of third parties."). The Ninth Circuit and other courts have
18  recognized that a defendant "obtains" criminal proceeds for the purpose of forfeiture
19  when the defendant "received and had control" over the property, including where those
20  proceeds pass through a jointly held or corporate account over which that defendant has
21  control. *See, e.g., United States v. Prasad*, 18 F.4th 313, 318-19 (9th Cir. 2021)
22  (defendant possessed and obtained proceeds when he had control over funds in account);
23  *United States v. Fujinaga*, 2022 WL 671018, at *6 (9th Cir. 2022) (defendant acquired
24  funds in account he controlled); *United States v. Thompson*, 990 F.3d 680, 691 (9th Cir.
25  2021) (where criminal proceeds are deposited into a joint account, the joint holders would
26  "each have an unfettered right to enjoy the whole"); *United States v. Cadden*, 965 F.3d 1,
27  39 (1st Cir. 2020) (defendant with authority over jointly held account "actually acquired"

Reply in Support of Motion for Order of Forfeiture - 3
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the funds in the account); *United States v. Carpenter*, 941 F.3d 1, 8-10 (1st Cir. 2019) (defendant exerted control over funds deposited by clients into company, and thus he "acquired" that property for purposes of forfeiture statute). As the First Circuit noted in *Carpenter*, the Supreme Court has also rejected the notion that a defendant must "own" property to "acquire" it, in the context of firearm offenses. *Carpenter*, 941 F.3d at 9, citing *Huddleston v. United States*, 415 U.S. 814, 820 (1974) (the definition of "acquire" had "no intimation . . . that title or ownership would be necessary. . . ."). Indeed, if Shetty *could* shield the proceeds of his fraud scheme simply by transferring them into an account he controlled, but that was not in his name, such a result would be not only absurd but completely contrary to the central purpose of the forfeiture statutes—to separate a criminal from his ill-gotten gains.

*Honeycutt* turned on the Court's consideration of what it meant for a defendant to "obtain" proceeds; the Court found that "the verb 'obtain' [meant] 'to come into possession of' or to 'get or acquire.'" *Honeycutt v. United States*, 581 U.S. 443, 450 (2017). The Court found that Honeycutt did not obtain tainted property as a result of the crime, so no forfeiture was warranted. *Id.* at 454. There, however, Honeycutt had no ownership of, or control over the financial accounts of, the business into which the criminal proceeds were deposited. When the Ninth Circuit later considered this question, it noted that in *Honeycutt*, the proceeds "came to rest" with Honeycutt's brother, who owned the store, not Honeycutt. *Thompson*, 990 F.3d at 690. The *Thompson* court also noted that where criminal proceeds are deposited into a joint account, the joint holders would "each have an unfettered right to enjoy the whole." *Id.* at 691.

Because of this clear precedent, the factual points disputed by Shetty concerning the Circle account make no difference to the outcome here. But in any event, Shetty is mistaken in those disputes. He claims, for example, that he and A.B. "shared equal access to HighTower's Circle account." Dkt. No. 314 at 14. He provides no support for this assertion, and it is contrary to the record. Account records from Circle identify Shetty,

Reply in Support of Motion for Order of Forfeiture - 4
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

not A.B., as the person affiliated with the account. Trial Ex. G-8. Correspondence with Circle similarly showed that Shetty, not A.B., opened and managed everything happening in the account. *See* Trial Exs. G-74, G-77. When A.B. eventually sent some of his own money to the Circle account, Shetty even had a say over that. *See* Trial Ex. G-197B. In short, it was Shetty, not A.B., who controlled the Circle account.

**B.    The *Contorinis* Cases**

Shetty's reliance on *Contorinis* and its progeny is misplaced. Dkt. No. 314 at 4-12. First, as the Second Circuit noted in subsequent decisions, *Contorinis* dealt with a different forfeiture statute—one which did not define "proceeds" as including property a defendant obtained "indirectly." *See, e.g.*, *United States v. Torres*, 703 F.3d 194, 201 (2d Cir. 2012) ("Unlike the definition of 'proceeds' applicable here, the definition at issue in *Contorinis* does not contain the 'obtained . . . indirectly,' 'traceable thereto,' or 'not limited to . . . net gain or profit' language that we find decisive here.") (comparing 18 U.S.C. § 981(a)(2)(A) with § 981(a)(2)(B)). The *Torres* Court further explained that, even setting aside the statutory differences, its decision in *Contorinis* rested on the fact that the defendant "did not control disbursement" of the funds at issue. *Id.* Yet, the *Torres* Court reiterated its reasoning in *Cantorinis* that, to be subject to forfeiture, "the property must have, at some point, been under the defendant's control . . ." *Id.* (quoting *Contorinis*, 692 F.3d at 147 (2d Cir. 2012). The Second Circuit similarly distinguished *Contorinis* in *Rajaratnam v. United States*, 736 Fed. Appx. 279, 283–84 (2d Cir. 2018) (unreported), in which the Court affirmed a District Court decision denying reversal of a forfeiture order where the District Court found the defendant had exercised control over funds in a corporate account. In that case, the defendant "exercised 'control' over both that firm and the proceeds it acquired, including the proceeds acquired as a result of his insider trading," because he was a founder and managing general partner who "had authority over disbursements." *Id.*

Reply in Support of Motion for Order of Forfeiture - 5
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In the cases Shetty cites, the defendants committed fraud within, and on behalf of, the companies they worked for, thus generating the criminal proceeds. The Second and Eleventh Circuits declined to forfeit the profits gained by the companies as a result of the defendants' fraudulent conduct, in the absence of evidence that the defendants obtained or possessed the proceeds, but did not address circumstances analogous to this case. Here, the fraud that generated the criminal proceeds was not engaged in by, or on behalf of HighTower, and the United States does not seek to forfeit HighTower's earnings, only the proceeds Shetty defrauded from Company A and transferred to HighTower's account. Shetty's decision to use HighTower as a landing pad to stash the proceeds of his fraud, without relinquishing actual control over those proceeds, was no more than a sleight of hand.

The jury saw this point plainly. At trial, Shetty made the same argument that he now tries again here—namely, that he never "obtained" money from Company A because the money went to an account that belonged to HighTower. Trial Tr. Nov. 5, 2025, at 116:25–117:22. The jury rejected this argument by finding him guilty, and this Court should reject it too.

*Contorinis* and its progeny do not resemble Shetty's case. In *Contorinis*, the Second Circuit vacated a $12.65 million criminal forfeiture order against a portfolio manager at a hedge fund who engaged in insider trading. *United States v. Contorinis*, 692 F.3d 136 (2d Cir. 2015). The hedge fund made $12.65 million from the portfolio manager's unlawful trades. *Id.* at 145. The court found that the portfolio manager made investment decisions but did not control disbursement of profits, so only his employer (the hedge fund) stood to gain from the insider trading. *Id.* at 139. The court held that the defendant was not required to forfeit earnings of the hedge fund that were never possessed or controlled by him and remanded to determine the proper forfeiture amount. *Id.* at 148.

Reply in Support of Motion for Order of Forfeiture - 6
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Similarly, in *McLaughlin*, the defendant's employer received income as a result of forged loan applications submitted by the defendant to his employer's bank. *United States v. McLaughlin*, 565 Fed.Appx. 470 (2d Cir. 2014) (unreported). The *McLaughlin* court, in declining to order the defendant to forfeit the total earnings of the company, noted that "[i]t is well-established that a defendant 'cannot be ordered to forfeit profits that he never received or possessed.'" *Id.* at 475, quoting *Contorinis*, 692 F.3d at 145.

In another case cited by Shetty, *Rouhani*, the defendant owned and operated a company that benefited financially from fraudulent certifications of compliance he submitted to receive payment on government contracts. *United States v. Rouhani*, 598 Fed.Appx. 626 (11th Cir. 2015) (unreported). The Eleventh Circuit vacated the forfeiture of all earnings of the company and remanded because the District Court had not made an independent factual analysis of the relationship between Rouhani and the corporation to determine whether Rouhani received or possessed the proceeds of the wire fraud scheme. *Id.* at 633.[1] Here, the facts detailing not only the relationship between Shetty and HighTower, but also Shetty's direct control over funds deposited to the HighTower account were established at trial. *See* Dkt. No. 310; Trial Ex. G-208. The Court need not find that HighTower was Shetty's "alter ego," only that his control over the proceeds was sufficient to establish that he obtained them.

The Second Circuit recently revisited *Contorinis* in a case involving forfeiture of a pro-rata share of money the defendant and his co-conspirators stole from a stash house for drugs. *United States v. Elias*, 154 F.4th 56 (2d. 2025). In a decision discussing *Honeycutt*, the court held that a criminal defendant's forfeiture is limited to property tainted by the offense and actually acquired or used by the defendant. *Id.* at 72-73. The *Elias* decision supports the requested order of forfeiture against Shetty.

---

[1] On remand, the district court found Rouhani did not have "complete domination" over the company sufficient to find it was Rouhani's alter ego and declined to enter an order of forfeiture. *United States v. Rouhani*, 8:13-cr-162-T-24EAJ, Dkt. No. 95 (M.D.FL. Apr. 30, 2025).

Reply in Support of Motion for Order of Forfeiture - 7
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**C.   Shetty Obtained Funds from Company A and Must Forfeit Funds**

Shetty claims in his Response that Company A "retained" the stablecoins into which he converted the funds he defrauded from it. Dkt. No. 314 at 4. This is false. What actually happened is that, after the fraud came to light, Shetty's lawyers and Company A's lawyers agreed to a transfer of the then-worthless coins back to Company A. Dkt. No. 252 at 6-9. Shetty's argument ignores the fact that what Company A lost—and Shetty obtained—was *the $35,000,100 of fiat currency (not cryptocurrency) taken by Shetty*. To the extent Shetty is arguing that Company A's possession of the worthless stablecoins should reduce either his restitution or forfeiture obligations, the Court should reject such arguments, which have no basis in law.

Because the evidence at trial established beyond a reasonable doubt, let alone by a preponderance of the evidence, that Shetty defrauded $35,000,100 from Company A, transferred those funds to a financial account he opened and controlled, then took affirmative action to engage in multiple financial transactions with those funds, the Court should find that he obtained the full proceeds of the wire fraud scheme and enter an Order forfeiting his interest in a sum of money in the amount of $35,000,100.

DATED this 3rd day of February, 2026.

Respectfully submitted,

  s/ *Krista K. Bush*  
KRISTA K. BUSH  
Assistant United States Attorney  
United States Attorney's Office  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101  
Phone: (206) 553-2242  
Fax: (206) 553-6934  
Krista.Bush@usdoj.gov

Reply in Support of Motion for Order of Forfeiture - 8  
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2026, I electronically filed the foregoing Reply with the Clerk of the Court using the CM/ECF system, which sends notice of the filing to all ECF participants of record.

*s/ Donna r. Taylor*
DONNA R. TAYLOR
FSA Paralegal IV, Contractor
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-4132
Fax: (206) 553-6934
Donna.R.Taylor@usdoj.gov

Reply in Support of Motion for Order of Forfeiture - 9
*United States v. Shetty,* CR23-084-TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970