# Exhibit A



J. Alex Little
alex.little@burr.com
Direct Dial: (615) 724-3203

Burr & Forman LLP
222 Second Avenue South
Suite 2000
Nashville, TN  37201

Office  (615) 724-3200
Fax  (615) 724-3290

BURR.COM

February 2, 2024

**CONFIDENTIAL**

**VIA FEDEX, CERTIFIED MAIL, AND EMAIL**

Commerce Fabric, Inc.
113 Cherry Street, PMB 66768
Seattle, Washington 98104-2205
Attention: Chief Executive Officer

**Re:    Indemnification Request on behalf of Nevin Shetty**

Dear Chief Executive Officer:

Pursuant to Paragraph 6(a) of the Indemnification Agreement (the "Agreement"), executed by and between Nevin Shetty and Commerce Fabric, Inc. (the "Company"), dated November 18, 2021, Mr. Shetty hereby submits his written request for indemnification for all Expenses, judgments, penalties, fines, and any other amount which may be due and owing to him under Paragraphs 1, 2, 3, and 5 of the Agreement. I have attached a copy of the Agreement as **Exhibit A** to this letter.

This request for indemnification relates to a criminal proceeding brought against Mr. Shetty in the U.S. District Court for the Western District of Washington. The case is styled *United States v. Nevin Shetty*, Case No. 2:23-cr-00084-TL. A copy of the indictment is attached as **Exhibit B** to this letter. (Mr. Shetty disputes and denies the veracity of the allegations contained therein.) This matter qualifies as a "Proceeding" as that term is defined in Paragraph 13(f) of the Agreement because, *inter alia*, Mr. Shetty is involved as a party in the criminal matter "by reason of his [] Corporate Status," and "by reason of any action taken by him [], or of any inaction on his [] part, while acting in his [] Corporate Status" as Chief Financial Officer.

Indemnification is required in connection with this Proceeding because Mr. Shetty "acted in good faith and in a manner [he] reasonably believed to be in or not opposed to the best interests of the Company," and because "[he] had no reasonable cause to believe [his] conduct was unlawful." As you know, the Company "shall presume that [Mr. Shetty] is entitled to indemnification under this Agreement" and "has at all times acted in good faith and in a manner he [] reasonably believed to be in or not opposed to the best interests of the Company."

Commerce Fabric, Inc.
Attn: Corporate Secretary
February 2, 2024
Page 2

---

Mr. Shetty hereby requests full indemnification as contemplated under the Agreement, including but not limited to Expenses (as defined in Paragraph 13(d)), incurred by him in defending against this proceeding.

In particular, Mr. Shetty requests Advancement of Expenses under Paragraph 5 in the amount of $409,348.09, which includes attorneys' fees, retainers, and other costs defined as Expenses, incurred by him in connection with this proceeding to date, specifically:

- $186,295.23 paid to Allen, Hansen, Maybrown & Offenbecher P.S., as reflected in **Exhibit C**;

- $89,831.36 paid to Davis Wright Tremaine LLP, as reflected in **Exhibit D**;

- $120,000.00 paid to Burr & Forman LLC, as reflected in **Exhibit E**;

- $6,764 paid to McNaul Ebel Nawrot & Helgren, as reflected in **Exhibit F; and**

- $6,457.50 paid to Corr Cronin LLP, as reflected in **Exhibit G**.

In accordance with Paragraph 5, this request for an advance is accompanied by a written undertaking by Mr. Shetty to repay any Expenses advanced if it shall ultimately be determined that he is not entitled to be indemnified against such Expenses. *See* **Exhibit H**.

Mr. Shetty expressly reserves the right to make further requests for indemnification and advancement of additional fees as they may arise from time to time.

If the Company fails to comply with its obligations under the Agreement, including by failing to pay the Expenses listed above within 30 days, we are prepared to file suit to enforce Mr. Shetty's rights and remedies. If such judicial adjudication is necessary, I note that the Company must advance Mr. Shetty any and all Expenses, to include attorneys' fees, that would reasonably be incurred in connection with *that* adjudication, as well, whether or not he ultimately is determined to be entitled to the advance Expenses. We trust that will not be necessary.

I ask that you direct all correspondence in this matter to my attention. I can be reached at alex.little@burr.com or at the address in the header. I look forward to receiving your response.

Sincerely,

J. Alex Little