The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEVIN SHETTY,<br><br>Defendant. | No. 2:23-cr-00084-TL<br><br>**NOTICE OF AUTHORITY AND MOTION OPPOSING JUDICIAL IMPOSITION OF RESTITUTION** |

Defendant Nevin Shetty, through undersigned counsel, respectfully notices this Court of the Supreme Court's recent decision in *Ellingburg v. United States*, 607 U.S. ___ (2026).[1] For the reasons stated below, Mr. Shetty moves to prohibit the judicial imposition of restitution against him because, in light of *Ellingburg*, this imposition violates his Sixth Amendment rights. Indeed, as several jurists including Justice Gorsuch have already concluded, if restitution is a criminal punishment, then loss must be found by a jury. *Hester v. United States*, 586 U.S. 1104, 1107 (2019) (Gorsuch, J., dissenting from the denial of certiorari); *see also United States v. Leahy*, 438 F.3d 328, 339 (3rd Cir. 2006) (McKee, J., concurring). The jury never found facts

---

[1] A copy of the opinion is attached as Exhibit A.

NOTICE AND MOTION OPPOSING JUDICIAL
IMPOSITION OF RESTITUTION - 1
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

necessary to impose a restitution order against him. In support of his motion, Mr. Shetty states:

## I. *Ellingburg* and *Apprendi*.

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, governs restitution in this case. *See* 18 U.S.C. § 3663A(c)(1)(A)(ii); Revised PSR at ¶ 121. On January 20, 2026, the Supreme Court in *Ellingburg* held that "MVRA restitution is criminal punishment." 607 U.S. at ___. Before the Supreme Court, both the government and defendant "agree[d] . . . that MVRA restitution is criminal punishment." (*Id.*) Because the parties agreed, the Court appointed *amicus curiae* as the respondent.

The *amicus* respondent explained that if the Court found that restitution is a criminal penalty, the Sixth Amendment and "*Apprendi* line of cases" would apply to MVRA restitution. (*Amicus* Respondent Br. at 30-31.) The *amicus* respondent analogized the Court deciding that MVRA restitution is criminal punishment to the Court's application of the Sixth Amendment and *Apprendi* to criminal fines, holding that "juries must 'find beyond a reasonable doubt facts that determine [a] fine's maximum amount.'" *Id.* at 31 (quoting *S. Union Co. v. United States*, 567 U.S. 343, 346, 350 (2012)). The *amicus* respondent continued that "because the MVRA requires judges to find by a preponderance of the evidence facts that increase the maximum amount of restitution . . . MVRA restitution would violate the Sixth Amendment were it criminal punishment. . . ." (*Amicus* Respondent Br. at 31.)

NOTICE AND MOTION OPPOSING JUDICIAL
IMPOSITION OF RESTITUTION - 2
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

In oral argument, the *amicus* respondent again urged the Court to find that restitution is not a criminal penalty to avoid the application of the Sixth Amendment and *Apprendi* to restitution. Justice Gorsuch responded that the government's agreement that restitution is criminal punishment meant that the government was "choosing to take the risk with the Sixth [Amendment]" and that "[t]he government's made its bed. Why shouldn't we let them lie in it?" (Oral Arg. Tr. at 65.) Over the *amicus* respondent's repeated objections, the Supreme Court unanimously held that "MVRA restitution is criminal punishment." 607 U.S. at ____.

Justice Gorsuch, who authored the unanimous *Ellingburg* opinion, refused to limit its holding and allow MVRA restitution to escape the application of *Apprendi*. Seven years ago, Justice Gorsuch explained how the Sixth Amendment and *Apprendi* apply to restitution: "[T]he statutory maximum for restitution is usually *zero*, because a court can't award *any* restitution without finding additional facts about the victim's loss. And just as a jury must find any facts necessary to authorize a steeper prison sentence or fine, it would seem to follow that a jury must find any facts necessary to support a (nonzero) restitution order." *Hester*, 586 U.S. at 1107 (emphasis in original). This is because "statutory maximum" refers to "the harshest sentence the law allows a court to impose based on facts a jury has found or the defendant has admitted." *Id.* (citing *Blakely v. Washington*, 542 U.S. 296, 303 (2004)).

Just last year, Justice Gorsuch again explained his concerns with the constitutionality of MVRA restitution. He opined "it is difficult to see how a judge's

NOTICE AND MOTION OPPOSING JUDICIAL
IMPOSITION OF RESTITUTION - 3
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

factual findings might suffice to increase a criminal defendant's exposure to a restitution award." *Rimlawi v. United States*, 604 U.S. ___ (2025) (Gorsuch, J., dissenting from the denial of certiorari). Justice Gorsuch expounded that at the time of our nation's founding, which the "scope of the constitutional jury right must be informed by," "juries found the facts needed to justify criminal restitution awards." (*Id.* (citations omitted).) Justice Gorsuch ended by expressing "hope that federal and state courts will continue to consider carefully the Sixth Amendment's application to criminal restitution orders." *Id.* (citing *State v. Davison*, 973 N.W.2d 276, 279 (Iowa 2022) ("restitution must be based on jury findings")). Other jurists have expressed similar sentiments. *See, e.g., Leahy*, 438 F.3d at 339 (McKee, J., concurring) ("I do not agree that a judge can determine the amount of restitution under . . . the Mandatory Victims Restitution Act ('MVRA'), 18 U.S.C. § 3663A, . . . without violating the Sixth Amendment.").

In *Apprendi v. New Jersey,* the Supreme Court held that other than the existence of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). The Supreme Court has explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S. at 303 (emphasis in original) (citations omitted).

NOTICE AND MOTION OPPOSING JUDICIAL
IMPOSITION OF RESTITUTION - 4
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

The Ninth Circuit has ruled that *Apprendi* does not apply to restitution. *See, e.g., United States v. Green*, 722 F.3d 1146, 1150 (9th Cir. 2013). But Circuit precedent all pre-dates *Ellingburg*. This is apparent because one of the two grounds the Ninth Circuit has relied on is that "it's not even clear that restitution's a form of punishment." (*Id.*) In *Green*, the Ninth Circuit continued: "Even if *Apprendi* covers all forms of punishment, restitution's not 'clearly' punishment, so we can't rely on *Southern Union* to overrule our restitution precedents." (*Id.*) In *Green*, the sole other ground the Circuit relied on in ruling that *Apprendi* does not apply to restitution is its reasoning that "[r]estitution carries with it no statutory maximum; it's pegged to the amount of the victim's loss." (*Id.*) But the Circuit recognized "difficulty with applying *Southern Union*," stating that Circuit precedent may not be "well-harmonized with *Southern Union*," and suggested that an *en banc* Circuit may rule otherwise. (*Id.* at 1151.)

The Ninth Circuit's precedent on the MVRA and *Apprendi*'s applicability to the Act all predate the Supreme Court's opinion in *Ellingburg*, where the Justices considered the *Apprendi* attacks that would follow their decision. While deciding that restitution under the MVRA is itself "criminal punishment," the Supreme Court refused to save restitution from *Apprendi* attacks, after being repeatedly urged to do so. For the reasons below, this Court's imposition of restitution on Mr. Shetty, without any relevant fact-finding by the jury, violates *Apprendi* and Mr. Shetty's Sixth Amendment rights.

NOTICE AND MOTION OPPOSING JUDICIAL
IMPOSITION OF RESTITUTION - 5
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

### II. Judicial Imposition of Restitution Violates *Apprendi* and Mr. Shetty's Sixth Amendment Rights.

The Revised PSR does not calculate Mr. Shetty's restitution amount, which is listed as "To Be Determined." (Revised PSR at ¶ 121.)

The jury did not determine Fabric's loss—it only decided Mr. Shetty's guilt, *beyond a reasonable doubt*. (Doc. 287, Jury Verdict Form (finding Mr. Shetty's guilt as to the charges in the indictment but not determining the victim's loss).) Thus, the Court must find facts and determine Mr. Shetty's restitution amount only by preponderance of the evidence, not beyond a reasonable doubt. 18 U.S.C. § 3664(e).

This Court's imposition of restitution upon Mr. Shetty would violate *Apprendi* and Mr. Shetty's Sixth Amendment rights. Based on the jury's findings of fact and verdict, the statutory maximum for restitution in this case is zero. *See Blakely*, 542 U.S. at 303 ("[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*.") To impose any amount of restitution on Mr. Shetty, this Court must find additional facts that the jury did not find. *Apprendi* mandates that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Because the statutory restitution is itself a criminal penalty and this Court would have to find facts to order a restitution amount greater than the

NOTICE AND MOTION OPPOSING JUDICIAL
IMPOSITION OF RESTITUTION - 6
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

statutory maximum amount of zero, this Court's imposition of restitution would violate *Apprendi* and Mr. Shetty's Sixth Amendment rights.

This Court's necessary fact-finding to impose any criminal restitution violates *Apprendi* and Mr. Shetty's Sixth Amendment right to have criminal penalties beyond the statutory maximum imposed based only on facts found by a jury or admitted by him. The jury never found such facts necessary to impose any restitution amount against Mr. Shetty. For these reasons, Mr. Shetty objects to any judicial imposition of restitution on him as violative of his constitutional rights.

Date: February 4, 2026

Respectfully submitted,

CORR CRONIN LLP

*/s/ J. Alex Little*
Jeffrey B. Coopersmith, WSBA No. 30954
Kristin E. Bateman, WSBA No. 54681
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Ph: (206) 625-8600 | Fax: (206) 625-0900
jcoopersmith@corrcronin.com
kbateman@corrcronin.com

LITSON PLLC

J. Alex Little, *admitted pro hac*
Zachary C. Lawson, *admitted pro hac*
54 Music Square East, Suite 300
Nashville, TN 37203
alex@litson.co
zack@litson.co

*Attorneys for Defendant*

NOTICE AND MOTION OPPOSING JUDICIAL
IMPOSITION OF RESTITUTION - 7
(No. 2:23-cr-00084-TL)

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900