The Honorable Tana Lin

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>NEVIN SHETTY,<br><br>  Defendant. | NO. CR23-084 TL<br><br>UNITED STATES' RESPONSE TO MOTION OPPOSING JUDICIAL IMPOSITION OF RESTITUTION |

A jury convicted Defendant Nevin Shetty on four counts of wire fraud in November 2025 for stealing $35 million from his employer, Company A. Shetty's sentencing was originally scheduled for today. Alongside his sentencing memoranda, objections to the PSR, and letters of support, Shetty also filed a motion opposing restitution. In his motion, Shetty argues the Court cannot order him to pay restitution to Company A because doing so would violate his Sixth Amendment rights since the jury "never found facts necessary to impose a restitution order against him." Dkt. 321 at 2. Shetty points to a recent Supreme Court decision, *Ellingburg v. United States*, in which the Court held that restitution under the Mandatory Victims Restitution Act ("MVRA") is criminal punishment for purposes of the Ex Post Facto Clause, as justification for his argument. 607 U.S. ____ (2026).

Shetty's argument fails. The Ninth Circuit has squarely held that a jury does not need to find the facts supporting a grant of restitution. The Supreme Court's *Ellingburg*

United States' Response to Motion Opposing Restitution - 1
*United States v. Nevin Shetty*, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

decision did not address or overrule that precedent. It remains true after *Ellingburg* that, as both the Ninth Circuit and many other courts have long said, Sixth Amendment concerns about statutory maximum punishments do not apply to the indeterminate framework established by the MVRA. This Court should therefore deny Shetty's motion and exercise its authority under the MVRA to grant Company A restitution for the $35,000,100 loss Shetty caused.

## LEGAL ARGUMENT

The MVRA requires federal courts to order defendants to pay restitution to victims of certain federal crimes, including wire fraud. *See* 18 U.S.C. § 3663A(a)(1) ("[W]hen sentencing a defendant . . . the court *shall* order . . . that the defendant make restitution to the victim of the offense . . . .") (emphasis added); *id.* § 3663A(c)(1)(A)(ii). Specifically, the statute requires a defendant to pay "the full amount of each victim's losses" as restitution, and it does not set a minimum or maximum for those loss amounts. 18 U.S.C. § 3664(f)(1)(A). This is known as an "indeterminate framework" because the restitution order varies case-by-case according to the specific damage caused by each defendant. *United States v. Day*, 700 F.3d 713, 732 (4th Cir. 2012) ("[T]here is no prescribed statutory maximum in the restitution context; the amount of restitution that a court may order is instead indeterminate and varies based on the amount of damage and injury caused by the offense.") (emphasis omitted); *United States v. Reifler*, 446 F.3d 65, 118–20 (2d Cir. 2006) (the MVRA "is an indeterminate system") (citing cases); *United States v. Fruchter*, 411 F.3d 377, 383 (2d Cir. 2005), *cert. denied*, 546 U.S. 1076 (2005) ("[A] judge cannot exceed his constitutional authority by imposing a punishment beyond the statutory maximum if there is no statutory maximum.").

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The "'statutory maximum' for *Apprendi* purposes is the

United States' Response to Motion Opposing Restitution - 2
*United States v. Nevin Shetty*, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis omitted). Because *Apprendi* only applies to statutory maximums, and because restitution under the MVRA is indeterminate and has no maximums, *Apprendi* does not apply to restitution. The Ninth Circuit, along with every court of appeals to have addressed this issue, has held as such. *United States v. Green*, 722 F.3d 1146, 1150 (9th Cir. 2013) ("Restitution carries with it no statutory maximum; it's pegged to the amount of the victim's loss. A judge can't exceed the non-existent statutory maximum for restitution no matter what facts he finds, so *Apprendi*'s not implicated.").[1]

*Ellingburg* does nothing to change this state of the law. Shetty claims that because all of these opinions, including the Ninth Circuit's precedent, occurred before *Ellingburg*, none of them can survive now that restitution has been deemed criminal punishment. Shetty is wrong. MVRA restitution can both be a criminal punishment, pursuant to *Ellingburg*, and not violate *Apprendi* due to its indeterminate framework.

The Supreme Court has already recognized this very point. In *Southern Union*, the Supreme Court held that *Apprendi* applies to the imposition of criminal fines because they are criminal punishment and have applicable statutory maximums. *See S. Union Co. v. United States*, 567 U.S. 343, 353 (2012). *Southern Union* specifically dealt with the Resource Conservation and Recovery Act, an environmental statute that is punishable by

---

[1] *See also United States v. Milkiewicz*, 470 F.3d 390, 403–04 (1st Cir. 2006); *Reifler*, 446 F.3d at 114–20 (2d Cir.); *United States v. Leahy*, 438 F.3d 328, 337–38 (3d Cir.) (en banc), *cert. denied*, 549 U.S. 1071 (2006); *Day*, 700 F.3d at 732 (4th Cir.); *United States v. Rosbottom*, 763 F.3d 408, 420 (5th Cir. 2014), *cert. denied*, 574 U.S. 1078 (2015); *United States v. Churn*, 800 F.3d 768, 782 (6th Cir. 2015); *United States v. George*, 403 F.3d 470, 473 (7th Cir.), *cert. denied*, 546 U.S. 1008 (2005); *United States v. Carruth*, 418 F.3d 900, 902–04 (8th Cir. 2005); *United States v. Visinaiz*, 428 F.3d 1300, 1316 (10th Cir. 2005), *cert. denied*, 546 U.S. 1123 (2006); *United States v. Williams*, 445 F.3d 1302, 1310–11 (11th Cir. 2006), abrogated on other grounds by *United States v. Lewis*, 492 F.3d 1219 (11th Cir. 2007) (en banc).

United States' Response to Motion Opposing Restitution - 3
*United States v. Nevin Shetty*, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

"a fine of not more than $50,000 for each day of violation." *Id.* at 347 (quoting 42 U.S.C. § 6928(d)). Although *Southern Union* is silent as to restitution, the Supreme Court stated that there could be no "*Apprendi* violation *where no maximum is prescribed*." *Id.* at 353 (emphasis added). This is why the Ninth Circuit later held *Southern Union* was not irreconcilable with its precedent that *Apprendi* does not apply to restitution. *See Green*, 722 F.3d at 1150–51. *Ellingburg* does not disrupt this analysis because while restitution may be a criminal punishment along with criminal fines, unlike criminal fines, no maximum is prescribed in the MVRA.

Shetty incorrectly claims that "Justice Gorsuch, who authored the unanimous *Ellingburg* opinion, refused to limit its holding and allow MVRA restitution to escape the application of *Apprendi*." Dkt. 321 at 3. First, Justice Kavanaugh authored the unanimous *Ellingburg* opinion, not Justice Gorsuch. Second, and more importantly, *Ellingburg* was limited to identifying MVRA restitution as criminal punishment. The Supreme Court did not mention *Apprendi* a single time in its *Ellingburg* opinion. As was abundantly clear at oral argument and in the parties' filings, *Apprendi*'s application to MVRA restitution was a nonissue in the case.[2] Thus, even if *Ellingburg* contravenes one reason lower courts have given for why *Apprendi* does not apply to restitution (i.e., that restitution is not criminal punishment), it remains true that the MVRA is an indeterminate framework.

The defense creates a nonexistent conflict in the law by treating dissenting opinions from cert denials written by Justice Gorsuch and isolated comments he made at the *Ellingburg* oral argument as if they were binding precedent. While Justice Gorsuch raises

---

[2] *See Ellingburg v. United States*, No. 24-482, Oral Arg. Tr. at 34:2–35:2 (government and Justice Kavanaugh discussing why there is no need to address Sixth Amendment or *Apprendi* in Court's decision); *Id.*, U.S. Br. at 26 n.3 ("The Eighth Circuit, like every other court of appeals to address the issue, has held that restitution under the MVRA does not implicate *Apprendi*, primarily because, under that statute, there is no specific or set upper limit for the amount of restitution, and therefore findings underlying a restitution order cannot increase a defendant's maximum punishment.") (internal quotation marks and citation omitted); *Id.*, Pet. Br. (omitting any *Apprendi* attack on restitution).

United States' Response to Motion Opposing Restitution - 4
*United States v. Nevin Shetty*, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

concerns about whether restitution violates the Sixth Amendment, the rest of the Supreme Court is seemingly unconvinced, and has routinely denied cert on the issue, including one week before issuing its *Ellingburg* opinion.[3] In any case, unless and until a majority of the Supreme Court says otherwise, the Ninth Circuit's decision in *Green* controls.

Shetty also relies on one of Justice Gorsuch's dissents to claim that the statutory maximum for restitution is zero. *Hester v. United States*, 586 U.S. 1104 (2019) (Gorsuch, J., dissenting); Dkt. 321 at 3. Shetty says this Court "must find additional facts that the jury did not find" to impose a restitution amount above zero.[4] Dkt. 321 at 6. And since doing so would violate *Apprendi*, Shetty claims the Court must order no restitution in his case.[5] *Id.* at 7. However, neither the Supreme Court nor any of the courts of appeals have reached such a holding. Indeed, *Green* held the opposite: "Restitution carries with it no statutory maximum." *Green*, 722 F.3d at 1150. Because Shetty's argument is contrary to controlling precedent, this Court must reject it.

//

---

[3] *See, e.g.*, *Stroud v. United States*, 607 U.S. ____ (2026) (No. 24-7486) (denying cert in case where question presented concerned whether Sixth Amendment requires that facts affecting the amount of restitution ordered under the MVRA be charged in the indictment, submitted to the jury, and proved beyond a reasonable doubt); *Rimlawi v. United States*, 145 S. Ct. 518 (2025) (Nos. 24-23, 24-25, 24-5032) (same); *Gendreau v. United States*, 144 S. Ct. 2693 (2024) (No. 23-6966) (same); *Finnell v. United States*, 144 S. Ct. 2529 (2024) (No. 23-5835) (same); *Arnett v. Kansas*, 142 S. Ct. 2868 (2022) (No. 21-1126) (same).

[4] Shetty does not say which "facts" relating to restitution the jury did not find here. There are three apparent possibilities—the existence of a victim, the existence of a pecuniary loss, and the amount of the pecuniary loss, *see Green*, 722 F.3d at 1148—but all three are inherent in the jury's verdict. In any case, it makes no difference, because *Apprendi* does not apply to restitution at all.

[5] Shetty does not explain why the only solution is a constitutional bar to restitution. If anything, the remedy here would be a second phase of trial limited to restitution.

United States' Response to Motion Opposing Restitution - 5
*United States v. Nevin Shetty*, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

Company A lost $35,000,100 due to Shetty's fraud. The Court should order Shetty to repay the victim for that loss as the MVRA mandates. Shetty's argument to the contrary has no basis in law and his motion should fail.

DATED this 11th day of February, 2026.

Respectfully submitted,

s/Grace W. Zoller
PHILIP KOPCZYNSKI
GRACE W. ZOLLER
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: (206) 553-7970
Email: philip.kopczynski@usdoj.gov
        grace.zoller@usdoj.gov

United States' Response to Motion Opposing Restitution - 6
United States v. Nevin Shetty, CR23-084 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970