The Honorable Tana Lin

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NEVIN SHETTY, <br><br> Defendant. | No. 2:23-cr-00084-TL <br><br> **REPLY IN SUPPORT OF NOTICE OF AUTHORITY AND MOTION OPPOSING JUDICIAL IMPOSITION OF RESTITUTION** |

Defendant Nevin Shetty, through undersigned counsel, respectfully submits this reply in support of his motion opposing judicial imposition of restitution. In support of his reply, Mr. Shetty states the following:

## ARGUMENT

The government's response does not grapple with the issues raised in Mr. Shetty's motion. It ignores the Ninth Circuit's unease in deciding *United States v. Green*, where it opined that Circuit precedent may not be "well-harmonized" with the Supreme Court's ruling in *Southern Union*. The Ninth Circuit expressed this concern long before the Supreme Court's recent decision in *Ellingburg v. United States*. The government disregards the fact that *Ellingburg*'s holding that restitution

REPLY ISO NOTICE AND MOTION OPPOSING
JUDICIAL IMPOSITION OF RESTITUTION - 1
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

is criminal punishment now forecloses one of the two grounds the Ninth Circuit relied on in *Green*.

Beyond dismissing Justice Gorsuch's dissenting opinions and questions during oral argument of *Ellingburg*[1] as irrelevant, the government also does not respond to the fact that jurists across the country have opined that restitution should be decided by juries, not judges. As Justice Gorsuch, joined by Justice Sotomayor, explained: restitution's statutory maximum is "usually *zero*[] because a court can't award *any* restitution without finding additional facts about the victim's loss" and "it would seem to follow that a jury must find any facts necessary to support a (nonzero) restitution order." *Hester v. United States*, 586 U.S. 1104, 1107 (2019) (Gorsuch, J., dissenting from the denial of certiorari) (citing *Blakely v. Washington*, 542 U.S. 296, 303 (2004)). Others, including Judge McKee from the Third Circuit, Judge Bye from the Eighth Circuit, and the Iowa Supreme Court agree. *See United States v. Leahy*, 438 F.3d 328, 339 (3d Cir. 2006) (en banc) (McKee, J., concurring in part and dissenting in part) ("I do not agree that a judge can determine the *amount* of restitution under . . . the Mandatory Victims Restitution Act ('MVRA'), 18 U.S.C. § 3663A, . . . without violating the Sixth Amendment.") (emphasis added); *United States v. Carruth*, 418 F.3d 900,

---

[1] The sole mention of *Southern Union* during oral argument of *Ellingburg* was in reference to the *amicus* respondent's concern that the Supreme Court's finding that restitution is criminal punishment would subject restitution to *Apprendi*. *Ellingburg*, No. 24-482, Oral Arg. Tr. at 60:16-62:15. *Amicus* respondent's opposition brief also raises *Southern Union* as subjecting restitution to *Apprendi* if the Court found that restitution is criminal punishment. (Resp. Opp. Br. at 30-31.)

REPLY ISO NOTICE AND MOTION OPPOSING
JUDICIAL IMPOSITION OF RESTITUTION - 2
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

905 (8th Cir. 2005) (Bye, J., dissenting) (following *Blakely*, "precedent dictates a conclusion that any dispute over the *amount* of restitution due and owing a victim of crime must be submitted to a jury and proved beyond a reasonable doubt") (emphasis added); *State v. Davison*, 973 N.W.2d 276, 279 (Iowa 2022) ("[R]estitution must be based on jury findings.")

Beyond this, the government misunderstands the relief Mr. Shetty requests. The jury found Mr. Shetty's guilt—not that he owed restitution or in what amount. Juries frequently find whether a criminal defendant must forfeit specific property after he is found guilty. They could do the same in the context of restitution. But it did not here, therefore leaving the Court to find the facts necessary to impose restitution by a lower standard, a preponderance of the evidence. In light of *Ellingburg*, the Court's fact-finding necessary to impose restitution upon Mr. Shetty violates *Apprendi* and his Sixth Amendment right to fact-finding by a jury.

## I. The Ninth Circuit Struggles with *United States v. Green.*

In *Green*, the Ninth Circuit ruled that restitution was not subject to *Apprendi* on two grounds. First, the Circuit stated, "it's not even clear that restitution's a form of punishment." *United States v. Green*, 722 F.3d 1146, 1150 (9th Cir. 2013). It continued: "restitution's not 'clearly' punishment, so we can't rely on *Southern Union* to overrule our restitution precedents." (*Id.*) *Ellingburg* squarely rejects this reasoning, with the Supreme Court holding that "MVRA restitution is criminal punishment." 607 U.S. at ___ (2026).

REPLY ISO NOTICE AND MOTION OPPOSING
JUDICIAL IMPOSITION OF RESTITUTION - 3
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Even before *Ellingburg*, the Ninth Circuit struggled to reconcile *Southern Union* with its precedent that *Apprendi* did not apply to restitution and practically invited an *en banc* panel to help it correct course. The government's response does not wrestle with this tension at all. Instead, it incorrectly characterizes *Southern Union* as foreclosing Mr. Shetty's argument. (Doc. 326 at 3-4.) But the government omits several critical quotes from the *Green* opinion. There, the Ninth Circuit started by stating: "*Southern Union* provides reason to believe *Apprendi* might apply to restitution." *Green*, 722 F.3d at 1150. The Court continued to say that *Southern Union* "chips away at the theory" that *Apprendi* does not apply to restitution. (*Id.*) The Circuit concludes its opinion by stating:

> Our precedents are clear that *Apprendi* doesn't apply to restitution, but that doesn't mean our caselaw's well-harmonized with *Southern Union*. Had *Southern Union* come down before our cases, those cases might have come out differently. Nonetheless, our panel can't base its decision on what the law might have been. Such rewriting of doctrine is the sole province of the court sitting en banc. Faced with the question whether *Southern Union* has "undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable," we can answer only: No.

(*Id.* at 1151.) *Southern Union* does not help the government's argument—it hurts it. With *Ellingburg* foreclosing the *Green* Court's reasoning that "restitution's not 'clearly' punishment, so we can't rely on *Southern Union* to overrule our restitution precedents," the Ninth Circuit's precedent is on even shakier footing than it previously recognized. Yet other than several cursory cites to (and one quote from)

REPLY ISO NOTICE AND MOTION OPPOSING
JUDICIAL IMPOSITION OF RESTITUTION - 4
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Green*, the government's response does not once raise or consider this tension. *See* Doc. 326 at 3, 4, 5.

## II. The Jury Found Mr. Shetty's Guilt but Did Not Make the Necessary Findings for Restitution.

The jury only determined Mr. Shetty's guilt, which it found beyond a reasonable doubt. (Doc. 287, Jury Verdict Form.) The jury did not determine Fabric's loss attributable to Mr. Shetty. *See id.* The Court (rather than a jury of Mr. Shetty's peers) is therefore left to find facts and determine Mr. Shetty's restitution amount, and to do so only by a preponderance of the evidence, not beyond a reasonable doubt. 18 U.S.C. § 3664(e).

The government responds that "the existence of a victim, the existence of a pecuniary loss, and the amount of the pecuniary loss . . . are inherent in the jury's verdict." (Doc. 326 at 5 n.4.) Its sole authority for this claim is a citation to *Green*. (*Id.*) Again, reading *Green* in its entirety—rather than relying on the government's selective citations and quotations—is illustrative:

> To impose restitution under the Mandatory Victims Restitution Act (MVRA), there must be a showing that "an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(B). The district judge found there was a victim and that "[t]echnically . . . there [was] a loss in terms of the bribery figure amount." So did the Presentence Investigation Report. But the jury never had a chance to make these findings, as there was no special verdict. Nor do the convictions necessarily imply a victim or a loss. For example, the FCPA jury instructions allowed for a conviction if the jury found the Greens had acted "corruptly" in making a payment to a foreign official "for the purpose of ... securing any improper advantage." As the Greens argue, the FCPA convictions would be "consistent with findings

REPLY ISO NOTICE AND MOTION OPPOSING
JUDICIAL IMPOSITION OF RESTITUTION - 5
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

that the payments were investments" or "bribes drawn from the Greens' own profits." Nor do the Greens' other convictions require finding a victim or a pecuniary loss. Because the findings triggering restitution weren't made by the jury, we must decide whether *Apprendi* applies.

722 F.3d at 1148.

In Mr. Shetty's case, like in *Green*, there was no special verdict.[2] As in *Green*, the verdict against Mr. Shetty did not make a finding of what the victim's loss was. While the government is adamant that Fabric's loss for the purposes of restitution is $35,000,100, Doc. 326 at 6, it fails to contemplate relevant portions of the MVRA. The Act requires that a defendant return property to its owner. 18 U.S.C. § 3663A(b)(1)(A). Fabric received all of its UST that was invested by HighTower (though it had lost most of its value) years ago. (Gov't Tr. Exh. 208; Def. Tr. Exh. 122.). The Act also lays out two options of how restitution should be calculated if the return of property is "impossible, impracticable, or inadequate." 18 U.S.C. § 3663A(b)(1)(B). But the jury never found whether Fabric's receipt of its UST was "impossible, impracticable, or inadequate" for the purposes of Mr. Shetty's restitution, due to the market crash caused by Mr. Kwon. Nor did the jury find the value of the property on the date of the loss, whether it be the value of the wire

---

[2] Special verdict forms are frequently used for juries to find whether specific property is subject to criminal forfeiture, following the finding of a defendant's guilt. *See* Fed. R. Crim. P. 32.2(b). The government responds: "If anything, the remedy here would be a second phase of trial limited to restitution." (Doc. 326 at 5 n.5.) But this would not cure the Sixth Amendment issue, as Mr. Shetty was entitled to pick a jury, and he did so once already. With that jury dismissed, the Government cannot try to find a second jury to do the task it did not ask of the first. The failure to bear its Sixth Amendment burden rests squarely on the government, and it does not get a second bite at the apple with a new jury.

REPLY ISO NOTICE AND MOTION OPPOSING
JUDICIAL IMPOSITION OF RESTITUTION - 6
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

transfers or the value of the UST before, during, or following the market crash. The MVRA requires that these findings be made for the purpose of restitution, but the jury did not (and cannot now) make them. Once again, the government disregards relevant authority and draws a summary conclusion.

## CONCLUSION

The jury never found facts necessary to impose any amount of restitution against Mr. Shetty. This Court's fact-finding to impose any criminal restitution violates *Apprendi* and Mr. Shetty's Sixth Amendment right to have criminal penalties beyond the statutory maximum—zero—imposed based only on the facts found by a jury and proved beyond a reasonable doubt. For the reasons above, Mr. Shetty objects to any judicial imposition of restitution on him as violative of his constitutional rights.

Date: February 16, 2026

Respectfully submitted,

CORR CRONIN LLP

*/s/ J. Alex Little*
Jeffrey B. Coopersmith, WSBA No. 30954
Kristin E. Bateman, WSBA No. 54681
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Ph: (206) 625-8600 | Fax: (206) 625-0900
jcoopersmith@corrcronin.com
kbateman@corrcronin.com

LITSON PLLC

J. Alex Little, *admitted pro hac*
Zachary C. Lawson, *admitted pro hac*
54 Music Square East, Suite 300

REPLY ISO NOTICE AND MOTION OPPOSING
JUDICIAL IMPOSITION OF RESTITUTION - 7
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Nashville, TN 37203
alex@litson.co
zack@litson.co

*Attorneys for Defendant*

REPLY ISO NOTICE AND MOTION OPPOSING
JUDICIAL IMPOSITION OF RESTITUTION - 8
(No. 2:23-cr-00084-TL)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900